Hearing Date and Time: June 3, 2009 at 11:00 a.m., E.T.
Objection Deadline: May 29, 2009 at 4:00 p.m., E.T.

**PARTIES RECEIVING THIS SECOND OMNIBUS MOTION SHOULD LOCATE THEIR NAMES AND THEIR CONTRACTS IN THE ATTACHED EXHIBIT A**

JONES DAY
222 East 41st Street
New York, New York  10017
Telephone:  (212) 326-3939
Facsimile:  (212) 755-7306
Corinne Ball
Veerle Roovers

JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
David G. Heiman

JONES DAY
1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia  30309
Telephone:  (404) 521-3939
Facsimile:  (404) 581-8330
Jeffrey B. Ellman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                          :
In re                                     :  Chapter 11
                                          :
Chrysler LLC, *et al.,*                   :  Case No. 09-50002 (AJG)
                                          :
              Debtors.                    :  (Jointly Administered)
                                          :
---------------------------------------------------------------x

### SECOND OMNIBUS MOTION OF DEBTORS AND DEBTORS IN POSSESSION, PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 6006, FOR AN ORDER <u>AUTHORIZING THE REJECTION OF CERTAIN EXECUTORY CONTRACTS</u>

NYI-4183681v4

TO THE HONORABLE ARTHUR J. GONZALEZ,
UNITED STATES BANKRUPTCY JUDGE:

Chrysler LLC ("Chrysler") and affiliated debtors and debtors in possession (collectively with Chrysler, the "Debtors"), respectfully represent as follows:

### Background

1. On April 30, 2009 (the "Petition Date"), Chrysler and 24 of its affiliated Debtors (collectively, the "Original Debtors") commenced their reorganization cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). By an order of the Court (Docket No. 97), the Original Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being administered jointly. One May 19, 2009, Debtor Alpha Holding LP ("Alpha") commenced its reorganization case by filing a voluntary petition under chapter 11 of the Bankruptcy Code. Alpha anticipates requesting that its chapter 11 case be jointly administered with those of the Original Debtors.

2. The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Debtors and their nondebtor direct and indirect subsidiaries (collectively, the "Chrysler Companies") comprise one of the world's largest manufacturers and distributors of automobiles and other vehicles, together with related parts and accessories. On the Petition Date, the Chrysler Companies employed approximately 55,000 hourly and salaried employees worldwide, 70% of whom were based in the United States. In addition, as of the Petition Date, the Debtors made payments for health care and related benefits to more than 105,000 retirees.

4. For the 12 months ended December 31, 2008, the Chrysler Companies recorded revenue of more than $48.4 billion and had assets of approximately $39.3 billion and liabilities totaling $55.2 billion.

5. Chrysler and its Debtor subsidiaries, Fiat S.p.A. ("Fiat") and New Chrysler (as defined below) have entered into a Master Transaction Agreement dated as of April 30, 2009 (collectively with other ancillary and supporting documents, the "Purchase Agreement"). Pursuant to the Purchase Agreement, among other things: (a) Chrysler will transfer the majority of its operating assets to New CarCo Acquisition LLC ("New Chrysler"), a newly established Delaware limited liability company formed by Fiat; and (b) in exchange for those assets, New Chrysler will assume certain liabilities of Chrysler and pay to Chrysler $2 billion in cash (collectively with the other transactions contemplated by the Purchase Agreement, the "Fiat Transaction").

6. With the support of the U.S. and Canadian governments, Fiat, the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, dealers, suppliers and other stakeholders, the Debtors commenced these cases to implement an expeditious sale process to implement the Fiat Transaction, or a similar transaction with a competing bidder, designed to maximize the value of the Debtors' operations and businesses for the benefit of their stakeholders. Pending the proposed sale, the Debtors idled most operations as they conserve their resources, while at the same time ensuring that (a) the facilities are prepared to resume normal production schedules quickly upon the completion of a sale and (b) consumers are not impacted by the filing.

**Jurisdiction**

7.  This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Relief Requested**

8.  Pursuant to section 365 of the Bankruptcy Code and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Debtors hereby seek the entry of an order authorizing them to reject the executory contracts (collectively, the "Contracts")[1] identified on Exhibit A attached hereto and incorporated herein by reference with the parties identified on Exhibit A (collectively, the "Contract Parties"), effective as of the date hereof.[2]

**Facts Relevant to This Motion**

9.  The Debtors have engaged in a review of their unexpired executory contracts and unexpired leases. As a result of their review, the Debtors have determined that the Contracts identified on Exhibit A are neither necessary nor valuable to their estates and will not be assumed and assigned in the Fiat Transaction.

10. Each of the Contracts is an "executory contract" or "unexpired lease" within the meaning of section 365 of the Bankruptcy Code, capable of being rejected by the

---

[1]  Each Contract includes any modifications, amendments, addenda or supplements thereto or restatements thereof.

[2]  For each Contract, Exhibit A includes: (a) a description of the Contract; (b) the names and addresses of the Contract Parties; (c) the contractual payments or monthly rent, if any; and (d) the term of the Contract. Copies of the Contracts are not attached hereto, but are available from the Debtors' counsel upon request. The terms of the Contracts included in Exhibit A are provided for convenience only and are not intended to modify, or to represent the Debtors' interpretation of, the terms of any Contract.

Debtors. To the extent that any Contract already has expired or been terminated, it is included herein out of an abundance of caution.

**Argument**

11. Section 365(a) of the Bankruptcy Code provides that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease." 11 U.S.C. § 365(a). Courts routinely approve motions to assume, assume and assign or reject executory contracts or unexpired leases upon a showing that the debtor's decision to take such action will benefit the debtor's estate and is an exercise of sound business judgment. See Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.), 4 F.3d 1095, 1099 (2d Cir. 1993) (stating that section 365 of the Bankruptcy Code "permits the trustee or debtor-in-possession, subject to the approval of the bankruptcy court, to go through the inventory of executory contracts of the debtor and decide which ones it would be beneficial to adhere to and which ones it would be beneficial to reject."); see also NLRB v. Bildisco & Bildisco, 465 U.S. 513, 523 (1984) (stating that the traditional standard applied by courts to authorize the rejection of an executory contract is that of "business judgment"); In re Gucci, 193 B.R. 411, 415 (S.D.N.Y. 1996) ("A bankruptcy court reviewing a trustee's decision to assume or reject an executory contract should apply its 'business judgment' to determine if it would be beneficial or burdensome to the estate to assume it.").

12. Courts generally will not second-guess a debtor's business judgment concerning the assumption or rejection of an executory contract. See In re Riodizio, Inc., 204 B.R. 417, 424 (Bankr. S.D.N.Y. 1997) ("[A] court will ordinarily defer to the business judgment of the debtor's management"); accord Phar-Mor, Inc. v. Strouss Bldg. Assocs., 204 B.R. 948, 951-52 (Bankr. N.D. Ohio 1997) ("Whether an executory contract is 'favorable' or 'unfavorable' is left to the sound business judgment of the debtor . . . . Courts should generally

defer to a debtor's decision whether to reject an executory contract."). The "business judgment" test is not a strict standard; it merely requires a showing that either assumption or rejection of the executory contract will benefit a debtor's estate. See, e.g., Bregman v. Meehan (In re Meehan), 59 B.R. 380, 385 (E.D.N.Y. 1986) ("The business judgment test is a flexible one . . . . The primary issue under the business judgment test is whether rejection of the contract would benefit general unsecured creditors."); In re Helm, 335 B.R. 528, 538 (Bankr. S.D.N.Y. 2006) ("To meet the business judgment test, the debtor in possession must establish that rejection will benefit the estate."); Westbury Real Estate Ventures, Inc. v. Bradlees, Inc. (In re Bradlees Stores, Inc.), 194 B.R. 555, 558 n.1 (Bankr. S.D.N.Y. 1996) ("In reviewing a debtor's decision to assume or reject an executory contract, the court must examine the contract and circumstances and apply its best 'business judgment' to determine if the assumption or rejection would be beneficial or burdensome to the estate.").

13. The Contracts are not necessary or valuable to the Debtors' business activities or the sale process. The Debtors believe that maintaining the Contracts under these circumstances would unnecessarily deplete the assets of the Debtors' estates to the direct detriment of their creditors. Moreover, the Debtors have determined that the Contracts do not have any realizable value in the marketplace.

14. Courts that have permitted retroactive rejection generally have permitted rejection of an executory contract to be effective as of the date on which the nondebtor party to the executory contract was given definitive notice of the debtor's intent to reject. See, e.g., In re Loewen Group Int'l, Inc., No. 99 1244 (PJW) (Bankr. D. Del. Aug. 18, 2000) (authorizing rejection effective as of the date of the filing of the rejection motion). Generally, the nondebtor

Contract Parties received notice of the Debtors' intent to reject the Contracts upon the filing and service of this Motion.[3]

15. Accordingly, in the sound exercise of their business judgment, the Debtors have determined that the rejection of the Contracts, pursuant to section 365 of the Bankruptcy Code, effective as of the date of this Motion, is in the best interests of their estates and stakeholders.

**Notice**

16. No trustee or examiner has been appointed in these chapter 11 cases. In accordance with the Administrative Order, Pursuant to Bankruptcy Rule 1015(c), Establishing Case Management and Scheduling Procedures (Docket No. 661) (the "Case Management Order"), entered on May 12, 2009, notice of this Motion has been given to the parties identified on the General Service List and the Special Service List (as such terms are identified in the Case Management Order), and to the nondebtor counterparties to the Contracts identified in Exhibit A. The Debtors submit that no other or further notice need be provided.

**No Prior Request**

17. No prior request for the relief sought in this Motion has been made to this or any other Court.

---

[3] In addition, prior to the filing of this Motion, the Debtors have made an effort to notify the Contract Parties of their intention not to proceed with the Contracts.

WHEREFORE, the Debtors respectfully request that the Court (a) enter an order substantially in the form attached hereto as <u>Exhibit B</u>, granting the relief requested herein; and (b) grant such other and further relief to the Debtors as the Court may deem proper.

Dated: May 20, 2009
      New York, New York

Respectfully submitted,

 /s/ Corinne Ball
Corinne Ball
Veerle Roovers
JONES DAY
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

David G. Heiman
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212

Jeffrey B. Ellman
JONES DAY
1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309
Telephone: (404) 521-3939
Facsimile: (404) 581-8330

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

**EXHIBIT A**

NYI-4183681v4

## Schedule of Contracts to Be Rejected

| Description of the Contract | Contracting Parties Name and Address | Debtor Party to Contract | Periodic Payments (if applicable) | Expiration of Contract |
|---|---|---|---|---|
| Negotiated Meeting and Convention Agreement, dated 1/27/09 | Mohegan Tribal Gaming Authority 1 Mohegan Sun Boulevard Uncasville, CT 06382 | Chrysler LLC | Deposit of $30,000.00 due June 1, 2009 | June 24, 2009 |
| Agreement with Respect to Event at the Sheraton Overland Park Hotel | Sheraton Overland Park Hotel 6100 College Boulevard Overland Park, KS 66221 | Chrysler LLC | N/A | October 4, 2009 |

# **EXHIBIT B**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                                               :
In re                                                          :   Chapter 11
                                                               :
Chrysler LLC, *et al.*,                                        :   Case No. 09-50002 (AJG)
                                                               :
                         Debtors.                              :   (Jointly Administered)
                                                               :
---------------------------------------------------------------x


# SECOND ORDER AUTHORIZING
# THE REJECTION OF CERTAIN EXECUTORY CONTRACTS

This matter coming before the Court on the Second Omnibus Motion of Debtors and Debtors in Possession, Pursuant to Section 365 of the Bankruptcy Code and Bankruptcy Rule 6006, for an Order Authorizing the Rejection of Certain Executory Contracts (the "Motion"),[1] filed by the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"); the Court having reviewed the Motion and having considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"); the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (c) notice of the Motion and the Hearing was sufficient under the circumstances, and (d) a sound business purpose exists for the relief granted herein; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein;

    IT IS HEREBY ORDERED THAT:

    1.    The Motion is GRANTED as set forth herein.

---
[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

NYI-4183681v4

2. The Debtors are authorized to reject the Contracts[2] identified on the attached Schedule 1, which is incorporated herein by reference, and the Contracts are deemed rejected, pursuant to section 365 of the Bankruptcy Code, effective as of the date of the Motion.

3. This Court shall retain jurisdiction to resolve all matters relating to the implementation of this Order.

Dated: New York, New York
_____, 2009

_____
UNITED STATES BANKRUPTCY JUDGE

---

[2] Each Contract includes any modifications, amendments, addenda or supplements thereto or restatements thereof. The terms of the Contracts included in Schedule 1 are provided for convenience only and are not intended to modify, or to represent the Debtors' interpretation of or a Court determination regarding, the terms of any Contract.

# SCHEDULE 1

NYI-4183681v4

## Schedule of Contracts to Be Rejected

| Description of the Contract | Contracting Parties Name and Address | Debtor Party to Contract | Periodic Payments (if applicable) | Expiration of Contract | Rejection Effective Date |
|---|---|---|---|---|---|
| Negotiated Meeting and Convention Agreement dated 1/27/09 | Mohegan Tribal Gaming Authority 1 Mohegan Sun Boulevard Uncasville, CT 06382 | Chrysler LLC | Deposit of $30,000.00 due June 1, 2009 | June 24, 2009 | May 20, 2009 |
| Agreement with Respect to Event at the Sheraton Overland Park Hotel | Sheraton Overland Park Hotel 6100 College Boulevard Overland Park, KS 66221 | Chrysler LLC | N/A | October 4, 2009 | May 20, 2009 |

NYI-4183681v4