BRESSLER, AMERY & ROSS, P.C.  
17 State Street  
New York, NY 10004  
Phone: (212) 425-9300  
Fax: (212) 425-9337  
Eric L. Chase, Esq.  
Michael J. Connolly, Esq.  
echase@bressler.com  
mconnolly@bressler.com  
Attorneys for

Hearing Date and Time: June 3, 2009, 10:00 a.m.  
Objections Due: May 26, 2009, 4:00 p.m. EDT

IN THE UNITED STATES BANKRUPTCY COURT  
FOR THE SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 11 |
| CHRYSLER, LLC., et al., | Case No. 09-50002 (AJG) |
| Debtors. | (Jointly Administered) |

-----------------------------------------------------------X

**JOINDER OF JIM CLARK MOTORS, INC. AND LORIS G. BRUBECK  
TO OBJECTION OF THE COMMITTEE OF CHRYSLER AFFECTED  
DEALERS TO MOTION OF DEBTORS AND DEBTORS IN POSSESSION FOR  
AN ORDER AUTHORIZING THE REJECTION OF EXECUTORY CONTRACTS AND  
UNEXPIRED LEASES, AND FOR OTHER RELIEF**

TO: THE HONORABLE ARTHUR J. GONZALEZ  
UNITED STATES BANKRUPTCY JUDGE

Jim Clark Motors, Inc. and Loris G. Brubeck, by and through their attorneys, Bressler, Amery & Ross, P.C., for their Joinder in the Objection of the Committee of Chrysler Affected Dealers to Motion of Debtors and Debtors-In-Possession for an Order Authorizing the Rejection of Executory Contracts and Unexpired Leases and for Other Relief states as follows:

1. Jim Clark Motors, Inc. and Loris G. Brubeck operate a Chrysler dealership in Lawrence, Kansas pursuant to a continuing franchise agreement through which they sell and

service Chrysler, Jeep and Dodge branded automobiles, trucks and other products.. The Jim Clark Motors, Inc. franchise agreement is targeted for rejection by the Debtors. Loris G. Brubeck is the majority owner, principal owner and contracting dealer along with Jim Clark Motors, Inc.

2. Jim Clark Motors, Inc. opposes rejection of its dealership agreement, and reserves its right to assert all of its applicable claims should such rejection occur. Loris G. Brubeck joins in said opposition.

3. Jim Clark Motors, Inc. and Loris G. Brubeck respectfully join in, and incorporate herein by reference, the facts and arguments against the Debtors' motion to reject that are set forth in the Objection Of The Committee Of Chrysler Affected Dealers To Motion Of Debtors And Debtors In Possession For An Order Authorizing The Sale Of Substantially All Of The Debtors' Operating Assets And For Other Relief (docket 1045); the Supplemental Objection Of The Committee Of Chrysler Affected Dealers To Motion Of Debtors And Debtors In Possession For An Order Authorizing The Sale Of Substantially All Of The Debtors' Operating Assets And For Other Relief (1488); and such other objections that are or may be filed.

4. Jim Clark Motors, Inc. further states that it has operated a Chrysler, Dodge dealership for over 53 years, adding a Jeep dealership in the 1990s. The franchise provides value to the Debtors, Jim Clark Motors, Inc.'s employees and the general community in Lawrence, Kansas. Jim Clark Motors, inc. has not committed any act, or failed to honor any obligation, that would enable the Debtors to terminate its Chrysler, Dodge, Jeep franchise agreement under applicable state law. Indeed, the Debtors do not specify any problems, burdens or other concerns with Jim Clark Motors, Inc. Thus, the Debtors have made no showing that rejection of the franchise agreement with Jim Clark Motors, Inc. is in the best interests of the Debtors or the estates.

5. The rejection of Jim Clark Motors, Inc.'s franchise agreement will cause significant harm to Jim Clark Motors, Inc., its employees and the community. Many of the harms and losses caused by such a rejection are difficult to fully calculate, some harms will be irreparable, and some of the conduct associated with the rejection of the agreement may be actionable post-petition. Rejection would otherwise be inequitable. There is no Chrysler, etc. dealership within approximately 25 miles of Jim Clark Motors, Inc. measuring east, west and south, and none to the Nebraska border, approximately 80 miles. The Debtors should not be empowered to terminate Jim Clark Motors, Inc. and thereafter install a new Chrysler dealership in the same region. Doing so would result in a forfeiture of the good will generated by Jim Clark Motors, Inc. for over 50 years and otherwise adversely impact the rights and interests of this valued dealer, as well as detrimentally impact the Lawrence, Kansas community and region, particularly with the loss of employment, tax revenue and vehicle warranty and other service, as well as diminish competition in the area.

6. Additionally, and to the extent not otherwise mentioned in the Objection filed by the Committee of Chrysler Affected Dealers, this creditor points out that the rejection motion goes far beyond rejection of the contracts, but also seeks to retain contractual benefits for "New Chrysler" to be imposed upon rejected dealers by old Chrysler which includes an attempt to obtain a competitive advantage by impeding and/or preventing the rejected dealers from effectively selling their existing inventory, both parts and new cars. For instance, paragraph 68(a) of the rejection motion seeks to restrain and enjoin the rejected dealers from, among other things:

> (a) ... undertaking any advertising, sales, trades, repair or service of any Chrysler branded products under the terms of the rejected dealer agreements ....
>
> . . .

        (c) display, distribute or otherwise use any signage, promotional or other materials bearing or containing the debtor's trademarks and service marks, including without limitation company and vehicle make and model names and logos ...

7.     The language of the rejection motion, which actually seeks to preserve elements of the dealer contracts in favor of old Chrysler and "New Chrysler" while rejecting those elements favorable to the rejected dealers can ostensibly be interpreted as prohibiting the dealers from advertising new car inventory in the newspaper or other media because it says that they may not use promotional materials mentioning the names of the vehicles. Thus, a newspaper ad suggesting that a 2009 Dodge Ram pickup was for sale would violate this injunction. Such an injunction is an impermissible restraint on free speech, and a prior restraint. To place an onus on a rejected dealer to find a way to sell the vehicles without mentioning their names in any promotional material is unreasonable, and unconstitutional. To hold the specter of the proverbial axe over the head of each dealer by imposing an automatic finding of contempt if they cannot appear in a court in the State of New York upon the slightest whim of the debtor accusing them of having advertised for sale the inventory they have been left with is simply unfathomable. The only potential benefit to old Chrysler in this case (who is the debtor) would be to enhance the ability of "New Chrysler" to force new vehicles on the lots of rejected dealers to be sold to the remaining unaffected dealers at substantially discounted prices as rejected dealers would be effectively unable to advertise the vehicles for sale.

8.     Further, this creditor asserts that the actions of the debtor in this case, which are in fact directed by the United States Treasury Department, particularly when coupled with the debtor's efforts to interfere with the continuing sale of inventory and parts which are now the sole property of the creditors in this case, is a taking without due process of law and without compensation contrary to the Fifth Amendment of the United States Constitution. The

Constitution does not contemplate that a debtor in a case such as the one at bar can, at the direction of the government, prohibit the rejected dealers from effectively selling their inventory by prohibiting them by prior restraint from mentioning what they have for sale. [See, *Louisville Joint Stock Land Bank v. Radford*, 295 US 555, 589, 594 (1935).] There is no doubt that the governmental action in this circumstance is sufficient to raise the issue that there is a taking without just compensation as provided by the United States Constitution.

9. Because the legal points and authorities relied upon are incorporated herein, Jim Clark Motors, Inc. respectfully requests that the requirements of service and filing of a separated Memorandum of Law be deemed satisfied by this Motion.

**WHEREFORE,** Jim Clark Motors, Inc. and Loris G. Brubeck respectfully request that the Court provide the relief as requested in the Objection of the Committee of Chrysler Affected Dealers.

        Respectfully submitted,

        BRESSLER, AMERY & ROSS, P.C.

        /s/ Michael J. Connolly
        Michael J. Connolly
        Eric L. Chase
        17 State Street
        New York, NY 10004
        Phone: (212) 425-9300
        Fax: (212) 425-9337
        E-Mail: mconnolly@bressler.com
        E-Mail: echase@bressler.com

**AFFIDAVIT IN SUPPORT OF OBJECTION OF JIM CLARK MOTORS, INC. TO MOTION OF DEBTORS AND DEBTORS-IN-POSSESSION FOR AN ORDER AUTHORIZING THE REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND FOR OTHER RELIEF**

**EXHIBIT A**