TOGUT, SEGAL & SEGAL LLP    Hearing Date and Time:  June 18, 2009 at 10:00 a.m.
One Penn Plaza                Objection Deadline:     June 15, 2009 at 4:00 p.m.
New York, New York 10119
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Albert Togut
Frank A. Oswald
Conflicts Counsel for Debtors
and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
                                            :
In re:                                      :      Chapter 11
                                            :
CHRYSLER LLC, *et al.*,                     :      Case No. 09-50002 (AJG)
                                            :
            Debtors.                        :      (Jointly Administered)
                                            :
---------------------------------------------------------------x

**NOTICE OF HEARING OF FOURTH OMNIBUS MOTION OF DEBTORS
AND DEBTORS IN POSSESSION, PURSUANT TO SECTION 365
OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 6006,
FOR AN ORDER AUTHORIZING THE REJECTION OF CERTAIN
<u>EXECUTORY CONTRACTS AND UNEXPIRED LEASES</u>**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

    1.    A hearing to consider the Fourth Omnibus Motion of Debtors and Debtors In Possession, Pursuant to Section 365 of the Bankruptcy Code and Bankruptcy Rule 6006, for an Order Authorizing the Rejection of Certain Executory Contracts and Unexpired Leases (the "Motion"), filed by the above-captioned debtors and debtors in possession (the "Debtors"), shall be held before the Honorable Arthur J. Gonzalez, United States Bankruptcy Judge, in Room 523 of the United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004, on **June 18, 2009, at 10:00 a.m. (New York time).**

    2.    Objections, if any, to the relief sought in the Motion must be made in writing, with a hard copy to Judge Gonzalez's Chambers, conform to the Federal Rules

of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court for the Southern District of New York and be filed with the Bankruptcy Court and must be served in accordance with the Administrative Order, Pursuant to Bankruptcy Rule 1015(c), Establishing Case Management and Scheduling Procedures (Docket No. 661) (the "Case Management Order"), so as to be actually received by the parties on the Special Service List (as defined in the Case Management Order) not later than **4:00 p.m. (New York time) on June 15, 2009** (the "Objection Deadline").

3. If no objections are timely filed and served with respect to the Motion, the Debtors may, on or after the Objection Deadline, submit to the Court an order substantially in the form attached to the Motion as Exhibit "B", which order shall be submitted and may be entered with no further notice or opportunity to be heard offered to any party.

4. Copies of the Motion, the Case Management Order and the Special Service List may be obtained from the Court's website at http://ecf.nysb-mega.uscourts.gov or, free of charge, at [www.chryslerrestructuring.com](www.chryslerrestructuring.com).

DATED: New York, New York
          June 4, 2009

                            CHRYSLER LLC, *ET AL*
                            *Debtors and Debtors in Possession*
                            By its Conflicts Counsel,
                            TOGUT, SEGAL & SEGAL LLP
                            By:

                            /s/Frank A. Oswald
                            ALBERT TOGUT
                            FRANK A. OSWALD
                            Members of the Firm
                            One Penn Plaza, Suite 3335
                            New York, New York 10019
                            Telephone: (212) 594-5000
                            Facsimile: (212) 967-4258

| TOGUT, SEGAL & SEGAL LLP | Hearing Date and Time: June 18, 2009 at 10:00 a.m., E.T. |
| --- | --- |
| One Penn Plaza | Objection Deadline: June 15, 2009 at 4:00 p.m., E.T. |
| New York, New York 10119 | |
| Telephone: (212) 594-5000 | |
| Facsimile: (212) 967-4258 | |
| Albert Togut | |
| Frank A. Oswald | |
| Conflicts Counsel for Debtors | |
| and Debtors in Possession | |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                   :

In re:                                           :         Chapter 11

CHRYSLER LLC, *et al.*,               :         Case No. 09-50002 (AJG)

                      Debtors.        :         (Jointly Administered)

-----------------------------------------------------------------x

**FOURTH OMNIBUS MOTION OF DEBTORS AND DEBTORS
IN POSSESSION, PURSUANT TO SECTION 365 OF THE BANKRUPTCY
CODE AND BANKRUPTCY RULE 6006, FOR AN ORDER AUTHORIZING THE
REJECTION OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

TO THE HONORABLE ARTHUR J. GONZALEZ,
UNITED STATES BANKRUPTCY JUDGE:

        Chrysler LLC ("Chrysler") and affiliated debtors and debtors in possession (collectively with Chrysler, the "Debtors"), respectfully represent as follows:

**Background**

        1.    On April 30, 2009 (the "Petition Date"), Chrysler and 24 of its affiliated Debtors (collectively, the "Original Debtors") commenced their reorganization cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). By an order of the Court (Docket No. 97), the Original Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being administered jointly. On May 19, 2009, Debtor Alpha Holding LP

("Alpha") commenced its reorganization case by filing a voluntary petition under chapter 11 of the Bankruptcy Code. By an order of the Court (Docket No. 2188), Alpha's chapter 11 case has been jointly administered with those of the Original Debtors.

2. The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. On May 5, 2009, the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed an official committee of unsecured creditors, pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

4. The Debtors and their nondebtor direct and indirect subsidiaries (collectively, the "Chrysler Companies") comprise one of the world's largest manufacturers and distributors of automobiles and other vehicles, together with related parts and accessories. On the Petition Date, the Chrysler Companies employed approximately 55,000 hourly and salaried employees worldwide, 70% of whom were based in the United States. In addition, as of the Petition Date, the Debtors made payments for health care and related benefits to more than 105,000 retirees.

5. For the 12 months ended December 31, 2008, the Chrysler Companies recorded revenue of more than $48.4 billion and had assets of approximately $39.3 billion and liabilities totaling $55.2 billion.

6. Chrysler and its Debtor subsidiaries, Fiat S.p.A. ("Fiat") and New Chrysler (as defined below) have entered into a Master Transaction Agreement dated as of April 30, 2009 (collectively with other ancillary and supporting documents, the "Purchase Agreement"). Pursuant to the Purchase Agreement, among other things: (a) Chrysler will transfer the majority of its operating assets to New CarCo Acquisition

2

LLC ("New Chrysler"), a newly established Delaware limited liability company formed by Fiat; and (b) in exchange for those assets, New Chrysler will assume certain liabilities of Chrysler and pay to Chrysler $2 billion in cash (collectively with the other transactions contemplated by the Purchase Agreement, the "Fiat Transaction").

7. With the support of the U.S. and Canadian governments, Fiat, the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, dealers, suppliers and other stakeholders, the Debtors commenced these cases to implement an expeditious sale process to implement the Fiat Transaction, or a similar transaction with a competing bidder, designed to maximize the value of the Debtors' operations and businesses for the benefit of their stakeholders. Pending the proposed sale, the Debtors idled most operations as they conserve their resources, while at the same time ensuring that (a) the facilities are prepared to resume normal production schedules quickly upon the completion of a sale and (b) consumers are not impacted by the filing.

8. On May 31, 2009, this Court issued: (a) an Opinion (Docket No. 3073) (the "Sale Opinion") granting the Debtors Motion to authorize the Fiat Transaction pursuant to Section 363 of the Bankruptcy Code; and (b) an Opinion and Order Regarding Emergency Economic Stabilization Act of 2008 and Troubled Asset Relief Program (Docket Nos. 3074 and 3229) (together with the Sale Opinion, the "Opinions"). On June 1, 2009, this Court entered the Order authorizing the Fiat Transaction (Docket No. 3232) (the "Sale Order"). An appeal against the Opinions and the Sale Order is currently pending before the Court of Appeals for the Second Circuit.

## Jurisdiction

9. This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

10. Pursuant to section 365 of the Bankruptcy Code and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Debtors hereby seek the entry of an order authorizing them to reject the executory contracts and unexpired leases of real property (collectively, the "Contracts and Leases"),[1] identified on Exhibit A attached hereto and incorporated herein by reference, with the parties identified on Exhibit A (collectively, the "Parties") effective as of the date hereof.[2]

## Facts Relevant to This Motion

11. The Debtors have engaged in a review of their unexpired executory contracts and unexpired leases. As a result of their review, the Debtors have determined that the Contracts and Leases identified on Exhibit A are neither necessary nor valuable to their estates and will not be assumed and assigned in the Fiat Transaction.

12. Each of the Contracts and Leases is an "executory contract" or "unexpired lease" within the meaning of section 365 of the Bankruptcy Code, capable of

---

[1] Each of the Contracts and Leases includes any modifications, amendments, addenda or supplements thereto or restatements thereof.

[2] For each Contract, Exhibit A includes, *inter alia*: (a) a description of the Contract or Lease; (b) the names and (c) addresses of the Parties and the term of the Contract or Lease. Copies of the Contracts are not attached hereto, but are available from the Debtors' counsel upon request. The terms of the Contracts and Leases included in Exhibit A are provided for convenience only and are not intended to modify, or to represent the Debtors' interpretation of, the terms of any Contract or Lease.

4

being rejected by the Debtors. To the extent that any Contract or Lease already has expired or been terminated, it is included herein out of an abundance of caution.

## Argument

13. Section 365(a) of the Bankruptcy Code provides that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease." 11 U.S.C. § 365(a). Courts routinely approve motions to assume, assume and assign or reject executory contracts or unexpired leases upon a showing that the debtor's decision to take such action will benefit the debtor's estate and is an exercise of sound business judgment. See Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.), 4 F.3d 1095, 1099 (2d Cir. 1993) (stating that section 365 of the Bankruptcy Code "permits the trustee or debtor-in-possession, subject to the approval of the bankruptcy court, to go through the inventory of executory contracts of the debtor and decide which ones it would be beneficial to adhere to and which ones it would be beneficial to reject."); see also NLRB v. Bildisco & Bildisco, 465 U.S. 513, 523 (1984) (stating that the traditional standard applied by courts to authorize the rejection of an executory contract or unexpired lease is that of "business judgment"); In re Gucci, 193 B.R. 411, 415 (S.D.N.Y. 1996) ("A bankruptcy court reviewing a trustee's decision to assume or reject an executory contract or unexpired lease should apply its 'business judgment' to determine if it would be beneficial or burdensome to the estate to assume it.").

14. Courts generally will not second-guess a debtor's business judgment concerning the assumption or rejection of an executory contract or unexpired lease. See In re Riodizio, Inc., 204 B.R. 417, 424 (Bankr. S.D.N.Y. 1997) ("[A] court will ordinarily defer to the business judgment of the debtor's management"); accord Phar-Mor, Inc. v. Strouss Bldg. Assocs., 204 B.R. 948, 951-52

5

(Bankr. N.D. Ohio 1997) ("Whether an executory contract is 'favorable' or 'unfavorable' is left to the sound business judgment of the debtor . . . . Courts should generally defer to a debtor's decision whether to reject an executory contract."). The "business judgment" test is not a strict standard; it merely requires a showing that either assumption or rejection of the executory contract or unexpired lease will benefit a debtor's estate. See, e.g., Bregman v. Meehan (In re Meehan), 59 B.R. 380, 385 (E.D.N.Y. 1986) ("The business judgment test is a flexible one . . . . The primary issue under the business judgment test is whether rejection of the contract would benefit general unsecured creditors."); In re Helm, 335 B.R. 528, 538 (Bankr. S.D.N.Y. 2006) ("To meet the business judgment test, the debtor in possession must establish that rejection will benefit the estate."); Westbury Real Estate Ventures, Inc. v. Bradlees, Inc. (In re Bradlees Stores, Inc.), 194 B.R. 555, 558 n.1 (Bankr. S.D.N.Y. 1996) ("In reviewing a debtor's decision to assume or reject an executory contract, the court must examine the contract and circumstances and apply its best 'business judgment' to determine if the assumption or rejection would be beneficial or burdensome to the estate.").

15. The Contracts and Leases are not necessary or valuable to the Debtors' business activities or the sale process. The Debtors submit that maintaining the Contracts and Leases under these circumstances would unnecessarily deplete the assets of the Debtors' estates to the direct detriment of their creditors.

16. Courts that have permitted retroactive rejection generally have permitted rejection of an executory contract to be effective as of the date on which the nondebtor party to the executory contract was given definitive notice of the debtor's intent to reject. See, e.g., In re Loewen Group Int'l, Inc., No. 99 1244 (PJW) (Bankr. D. Del. Aug. 18, 2000) (authorizing rejection effective as of the date of the filing of the rejection motion). Generally, the nondebtor Parties received notice of the Debtors'

6

intent to reject the Contracts upon the filing and service of this Motion.[3] The Debtors have already vacated the premises covered by the Leases.

17. Accordingly, in the sound exercise of their business judgment, the Debtors have determined that the rejection of the Contracts and Leases, pursuant to section 365 of the Bankruptcy Code, effective as of the date of this Motion, is in the best interests of their estates and stakeholders.

### Notice

18. No trustee or examiner has been appointed in these chapter 11 cases. In accordance with the Administrative Order, Pursuant to Bankruptcy Rule 1015(c), Establishing Case Management and Scheduling Procedures (Docket No. 661) (the "Case Management Order"), entered on May 12, 2009, notice of this Motion has been given to the parties identified on the General Service List and the Special Service List (as such terms are identified in the Case Management Order), and to the nondebtor counterparties to the Contracts and Leases identified in Exhibit A. The Debtors submit that no other or further notice need be provided.

### No Prior Request

19. No prior request for the relief sought in this Motion has been made to this or any other Court.

---

[3] In addition, prior to the filing of this Motion, the Debtors have made an effort to notify the Parties of their intention not to proceed with the Contracts.

7

**WHEREFORE**, the Debtors respectfully request that the Court (a) enter an order substantially in the form attached hereto as Exhibit B, granting the relief requested herein; and (b) grant such other and further relief to the Debtors as the Court may deem proper.

Dated: June 4, 2009
      New York, New York

Respectfully submitted,

CHRYSLER LLC, *ET AL.*,
Debtors and Debtors in Possession
By its Conflicts Counsel,
TOGUT, SEGAL & SEGAL LLP
By:

/s/ Frank A. Oswald
ALBERT TOGUT
FRANK A. OSWALD
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone: (212) 594-5000
Facsimile: (212) 967-4258

**EXHIBIT A**

## Schedule of Rejected Contracts and Leases

| Description<br>of the Contract or Lease | Nondebtor Parties | Debtor Party | Expiration<br>of Contract<br>or Lease |
|---|---|---|---|
| Troy Technology Park Office Lease by and between TTP South, LLC and DaimlerChrysler Corporation,[4] dated August 15, 2005 | TTP South, L.L.C.<br>(Landlord)<br>74 E. Long Lake Road<br>Bloomfield Hills, MI 48304 | Daimler Chrysler Corporation<br>(Tenant) | December 31, 2005 |
| Notice Letter from DaimlerChrysler Corporation to TTP South LLC, exercising option, dated August 30, 2005 | TTP South, L.L.C.<br>(Landlord)<br>74 E. Long Lake Road<br>Bloomfield Hills, MI 48304 | Daimler Chrysler Corporation<br>(Tenant) | December 31, 2010 |
| First Amendment to Office Lease between LaSalle Bank National Association, Trustee for the Registered Certificate holders of Morgan Stanley Capital I, Inc., Commercial Mortgage Pass-Through Certificates, Series 2003 - TOP11 and DaimlerChrysler Corporation, dated December 20, 2005 | LaSalle Bank National Association, Trustee for the Registered Certificate holders of Morgan Stanley Capital I, Inc., Commercial Mortgage Pass-Through Certificates, Series 2003 - TOP11<br>(Landlord) | Daimler Chrysler Corporation<br>(Tenant) | December 31, 2010 (Option to extend for one period of five years) |
| Second Amendment to Office Lease between LaSalle Bank National Association, Trustee for the Registered Certificate holders of Morgan Stanley Capital I, Inc., Commercial Mortgage Pass-Through Certificates, Series 2003 - TOP11 and DaimlerChrysler Corporation, dated July 1, 2006 | LaSalle Bank National Association, Trustee for the Registered Certificate holders of Morgan Stanley Capital I, Inc., Commercial Mortgage Pass-Through Certificates, Series 2003 - TOP11<br>(Landlord) | Daimler Chrysler Corporation<br>(Tenant) | December 31, 2010 (Option to extend for one period of five years) |

---

[4] DaimlerChrysler Corporation is a predecessor in interest of Chrysler.

| Description<br>of the Contract or Lease | Nondebtor Parties | Debtor Party | Expiration<br>of Contract<br>or Lease |
|---|---|---|---|
| Sublease Agreement between DaimlerChrysler Corporation and BMW Hybrid Technology Corporation, dated July 1, 2006 | South Troy Tech, LLC (Landlord)<br>Drawer #1782<br>P.O. Box 79001<br>Detroit, MI 48279-1782<br><br>BMW Hybrid Technology Corporation (Subtenant)<br>1960 Technology Drive<br>Troy, MI 48083 | Daimler Chrysler Corporation (Sublandlord)<br>Daimler Chrysler Company LLC (Sublandlord) | December 31, 2010 |
| Notice Letter - Change of Owner (from LaSalle to South Troy Tech, LLC), dated April 23, 2007 | LaSalle Bank National Association, Trustee for the Registered Certificate holders of Morgan Stanley Capital I, Inc., Commercial Mortgage Pass-Through Certificates, Series 2003 - TOP11 (Purchaser)<br><br>South Troy Tech, LLC (Purchaser)<br>Drawer #1782<br>P.O. Box 79001<br>Detroit, MI 48279-1782 | N/A | N/A |
| Third Amendment to Office Lease between South Troy Tech, LLC and Chrysler, LLC, dated August 22, 2007 | South Troy Tech, LLC (Landlord)<br>Drawer #1782<br>P.O. Box 79001<br>Detroit, MI 48279-1782 | Chrysler LLC (Tenant) | December 31, 2010 |

| Description<br>of the Contract or Lease | Nondebtor Parties | Debtor Party | Expiration<br>of Contract<br>or Lease |
|---|---|---|---|
| Co-Occupancy Agreement between Chrysler, LLC and Mercedes-Benz Hybrid, LLC (includes Landlord Consent to Co-Occupancy Agreement), dated August 3, 2007 | Mercedes-Benz Hybrid LLC<br>CIMS 526-00-00<br>Troy Technology Park South<br>1870 Technology Drive<br>Troy, MI 48083<br><br>South Troy Tech, LLC<br>Drawer #1782<br>P.O. Box 79001<br>Detroit, MI 48279-1782 | Chrysler LLC<br>(Tenant) | December 30, 2010 |
| Interim Co-Location Agreement between General Motors Corporation and DaimlerChrysler Corporation, dated June 2, 2005 | General Motors Corporation<br>(Licensor)<br>200 Renaissance Center<br>MC 482-B38-LCN<br>Detroit, MI 48265 | Daimler Chrysler Corporation<br>(Licensee) | August 31, 2005 |
| Co-Occupancy and Sublease Agreement between General Motors Corporation, DaimlerChrysler Corporation, and Mercedes-Benz Hybrid, LLC, dated August 22, 2005 | General Motors Corporation<br>(Sublessor)<br>200 Renaissance Center<br>MC 482-B38-LCN<br>Detroit, MI 48265<br><br>Mercedes-Benz Hybrid, LLC<br>(Co-Sublessee)<br>CIMS 526-00-00<br>Troy Technology Park South<br>1870 Technology Drive<br>Troy, MI 48083 | Daimler Chrysler Corporation<br>(Co-Sublessee) | December 31, 2005 |

| Description<br>of the Contract or Lease | Nondebtor Parties | Debtor Party | Expiration<br>of Contract<br>or Lease |
|---|---|---|---|
| Co-Location Agreement (Strong Hybrid Propulsion Systems Cooperation) between General Motors Corporation, DaimlerChrysler Corporation, and Mercedes-Benz Hybrid, LLC, dated August 22, 2005 | General Motors Corporation (Sublessor)<br>200 Renaissance Center<br>MC 482-B38-LCN<br>Detroit, MI 48265<br><br>Mercedes-Benz Hybrid, LLC (Co-Sublessee)<br>CIMS 526-00-00<br>Troy Technology Park South<br>1870 Technology Drive<br>Troy, MI 48083 | Daimler Chrysler Corporation (Co-Sublessee) | Upon termination of General Cooperation Agreement or written agreement by the parties |
| Amendment to Co-Location Agreement (Strong Hybrid Propulsion Systems Cooperation) between General Motors Corporation, DaimlerChrysler Corporation, Mercedes-Benz Hybrid, LLC and BMW Hybrid Technology Corporation, dated December 21, 2005 | General Motors Corporation (Sublessor)<br>200 Renaissance Center<br>MC 482-B38-LCN<br>Detroit, MI 48265<br><br>Mercedes-Benz Hybrid, LLC (Co-Sublessee)<br>CIMS 526-00-00<br>Troy Technology Park South<br>1870 Technology Drive<br>Troy, MI 48083<br><br>BMW Hybrid Technology Corporation (Co-Sublessee)<br>1960 Technology Drive<br>Troy, MI 48083 | Daimler Chrysler Corporation (Co-Sublessee) | Upon termination of General Cooperation Agreement or written agreement by the parties |

| Description<br>of the Contract or Lease | Nondebtor Parties | Debtor Party | Expiration<br>of Contract<br>or Lease |
|---|---|---|---|
| Third Modification of Lease between LaSalle Bank National Association, as Trustee for the Registered Certificate holders of Morgan Stanley Capital I, Inc., Commercial Mortgage Pass-Through Certificates, Series 2003 - TOP11 and General Motors Corporation, dated December 7, 2005 | General Motors Corporation<br>(Lessee)<br>200 Renaissance Center<br>MC 482-B38-LCN<br>Detroit, MI 48265<br><br>LaSalle Bank National Association, as Trustee for the Registered Certificate holders of Morgan Stanley Capital I, Inc., Commercial Mortgage Pass-Through Certificates, Series 2003 - TOP11<br>(Lessor)<br><br>Mercedes-Benz Hybrid LLC<br>(Co-Sublessee)<br>CIMS 526-00-00<br>Troy Technology Park South<br>1870 Technology Drive<br>Troy, MI 48083 | Daimler Chrysler Corporation<br>(Co-Sublessee) | December 31, 2010 |

**EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
: 
In re : Chapter 11
: 
Chrysler LLC, *et al.*, : Case No. 09-50002 (AJG)
: 
                Debtors. : (Jointly Administered)
: 
---------------------------------------------------------------x

## FOURTH ORDER AUTHORIZING THE REJECTION OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES

This matter coming before the Court on the Fourth Omnibus Motion of Debtors and Debtors in Possession, Pursuant to Section 365 of the Bankruptcy Code and Bankruptcy Rule 6006, for an Order Authorizing the Rejection of Certain Executory Contracts and Unexpired Leases (the "Motion"),[5] filed by the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"); the Court having reviewed the Motion and having considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"); the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (c) notice of the Motion and the Hearing was sufficient under the circumstances, and (d) a sound business purpose exists for the relief granted herein; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein;

        IT IS HEREBY ORDERED THAT:

        1.      The Motion is GRANTED as set forth herein.

---

[5]    Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

2. The Debtors are authorized to reject the Contracts and Leases[6] identified on the attached <u>Exhibit A</u>, which is incorporated herein by reference, and the Contracts and Leases are deemed rejected, pursuant to section 365 of the Bankruptcy Code, effective as of the date of the Motion.

3. This Court shall retain jurisdiction to resolve all matters relating to the implementation of this Order.

Dated: New York, New York
       _____, 2009

                                      _____
                                      UNITED STATES BANKRUPTCY JUDGE

---

[6] Each of the Contracts and Leases includes any modifications, amendments, addenda or supplements thereto or restatements thereof. The terms of the Contracts and Leases included in <u>Exhibit A</u> are provided for convenience only and are not intended to modify, or to represent, the Debtors' interpretation of or a Court determination regarding the terms of any Contract or Lease.