JONES DAY
222 East 41st Street
New York, New York  10017
Telephone:  (212) 326-3939
Facsimile:  (212) 755-7306
Corinne Ball
Veerle Roovers

JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
David G. Heiman

JONES DAY
1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia  30309
Telephone:  (404) 521-3939
Facsimile:  (404) 581-8330
Jeffrey B. Ellman

Attorneys for Debtors
and Debtors in Possession

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                :

| | |
|---|---|
| In re | :   Chapter 11 |
| | : |
| Old Carco LLC | :   Case No. 09-50002 (AJG) |
| (f/k/a Chrysler LLC), *et al.*,[1] | : |
| | :   (Jointly Administered) |
|         Debtors. | : |
| | x |

------------------------------------------------------------

## NOTICE OF HEARING ON
## EIGHTH OMNIBUS MOTION OF DEBTORS AND
## DEBTORS IN POSSESSION, PURSUANT TO SECTION 365 OF THE
## BANKRUPTCY CODE AND BANKRUPTCY RULE 6006, FOR AN ORDER
## <u>AUTHORIZING THE REJECTION OF CERTAIN EXECUTORY CONTRACTS</u>

### PLEASE TAKE NOTICE OF THE FOLLOWING:

---

[1]    A second amended list of the Debtors, their addresses and tax identification numbers is located on the docket for Case No. 09-50002 (AJG) (Docket No. 3945) and can also be found at www.chryslerrestructuring.com.

1.      A hearing to consider the Eighth Omnibus Motion of Debtors and Debtors in Possession, Pursuant to Section 365 of the Bankruptcy Code and Bankruptcy Rule 6006, for an Order Authorizing the Rejection of Certain Executory Contracts (the "<u>Motion</u>"), filed by the above-captioned debtors and debtors in possession (the "<u>Debtors</u>"), shall be held before the Honorable Arthur J. Gonzalez, United States Bankruptcy Judge, in Room 523 of the United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004, on **July 16, 2009, at 10:00 a.m. (New York time).**

2.      Objections, if any, to the relief sought in the Motion must be made in writing, with a hard copy to Chambers, conform to the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court for the Southern District of New York and be filed with the Bankruptcy Court and must be served in accordance with the Administrative Order, Pursuant to Bankruptcy Rule 1015(c), Establishing Case Management and Scheduling Procedures (Docket No. 661) (the "<u>Case Management Order</u>"), so as to be actually received by the parties on the Special Service List (as defined in the Case Management Order) and the parties to the executory contracts sought to be affected not later than **4:00 p.m. (New York time) on June 29, 2009** (the "<u>Objection Deadline</u>").

3.      If no objections are timely filed and served with respect to the Motion, the Debtors may, on or after the Objection Deadline, submit to the Court an order substantially in the form attached to the Motion, which order shall be submitted and may be entered with no further notice or opportunity to be heard offered to any party.

4.      Copies of the Motion, the Case Management Order and the Special

Service List may be obtained from the Court's website at http://ecf.nysb-mega.uscourts.gov or,

free of charge, at www.chryslerrestructuring.com.


Dated:  June 17, 2009                          Respectfully submitted,
        New York, New York


                                                /s/ Corinne Ball
                                               Corinne Ball
                                               Veerle Roovers
                                               JONES DAY
                                               222 East 41st Street
                                               New York, New York  10017
                                               Telephone:  (212) 326-3939
                                               Facsimile:  (212) 755-7306

                                               David G. Heiman
                                               JONES DAY
                                               North Point
                                               901 Lakeside Avenue
                                               Cleveland, Ohio  44114
                                               Telephone:  (216) 586-3939
                                               Facsimile:  (216) 579-0212

                                               Jeffrey B. Ellman
                                               JONES DAY
                                               1420 Peachtree Street, N.E.
                                               Suite 800
                                               Atlanta, Georgia  30309
                                               Telephone:  (404) 521-3939
                                               Facsimile:  (404) 581-8330

                                               ATTORNEYS FOR DEBTORS AND
                                               DEBTORS IN POSSESSION

**PARTIES RECEIVING THIS EIGHTH OMNIBUS MOTION SHOULD LOCATE THEIR NAMES AND THEIR CONTRACTS IN THE ATTACHED EXHIBIT A**

JONES DAY
222 East 41st Street
New York, New York  10017
Telephone:  (212) 326-3939
Facsimile:  (212) 755-7306
Corinne Ball
Veerle Roovers

JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
David G. Heiman

JONES DAY
1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia  30309
Telephone:  (404) 521-3939
Facsimile:  (404) 581-8330
Jeffrey B. Ellman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| Old Carco LLC | : | Case No. 09-50002 (AJG) |
| (f/k/a Chrysler LLC), *et al.*,[1] | : | |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | : | |

----------------------------------------------------------------x

----

[1]     A second amended list of the Debtors, their addresses and tax identification numbers is located on the docket for Case No. 09-50002 (AJG) (Docket No. 3945) and can also be found at www.chryslerrestructuring.com.

**EIGHTH OMNIBUS MOTION OF DEBTORS AND
DEBTORS IN POSSESSION, PURSUANT TO SECTION 365 OF THE
BANKRUPTCY CODE AND BANKRUPTCY RULE 6006, FOR AN ORDER
AUTHORIZING THE REJECTION OF CERTAIN EXECUTORY CONTRACTS**

TO THE HONORABLE ARTHUR J. GONZALEZ,
UNITED STATES BANKRUPTCY JUDGE:

Old Carco LLC f/k/a Chrysler LLC ("Old Carco") and its affiliated debtors and

debtors in possession (collectively with Old Carco, the "Debtors") respectfully represent as follows:

**Background**

1.      On April 30, 2009 (the "Petition Date"), Old Carco and 24 of its affiliated

Debtors (collectively, the "Original Debtors") commenced their reorganization cases by filing

voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy

Code").  On May 19, 2009, Debtor Alpha Holding LP ("Alpha") commenced its reorganization case

by filing a voluntary petition under chapter 11 of the Bankruptcy Code.  By orders of the Court

(Docket Nos. 97 and 2188), the Debtors' chapter 11 cases have been consolidated for procedural

purposes only and are being administered jointly.

2.      The Debtors are authorized to continue to operate their businesses and

manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the

Bankruptcy Code.

3.      On May 5, 2009, the Office of the United States Trustee for the Southern

District of New York appointed an official committee of unsecured creditors, pursuant to section

1102 of the Bankruptcy Code.

4.      As of the Petition Date, the Debtors and their nondebtor direct and indirect

subsidiaries (collectively, the "Old Carco Companies") comprised one of the world's largest

manufacturers and distributors of automobiles and other vehicles, together with related parts and

accessories. On the Petition Date, the Old Carco Companies employed approximately 55,000 hourly and salaried employees worldwide, 70% of whom were based in the United States.

5. For the 12 months ended December 31, 2008, the Old Carco Companies recorded revenue of more than $48.4 billion and had assets of approximately $39.3 billion and liabilities totaling $55.2 billion.

6. In connection with the commencement of these cases, Old Carco and its Debtor subsidiaries, Fiat S.p.A. ("Fiat") and New Chrysler (as defined below) entered into a Master Transaction Agreement dated as of April 30, 2009 (as amended and collectively with other ancillary and supporting documents, the "Purchase Agreement"). The Purchase Agreement provided, among other things, that: (a) Old Carco would transfer the majority of its operating assets to New CarCo Acquisition LLC n/k/a Chrysler Group LLC ("New Chrysler"), a newly established Delaware limited liability company formed by Fiat; and (b) in exchange for those assets, New Chrysler would assume certain liabilities of Old Carco and pay to Old Carco $2 billion in cash (collectively with the other transactions contemplated by the Purchase Agreement, the "Fiat Transaction"). On May 3, 2009, the Original Debtors filed a motion to approve the Fiat Transaction or a similar transaction with a competing bidder (Docket No. 190).

7. On May 31, 2009, this Court issued: (a) an Opinion Granting the Debtors' Motion Seeking Authority to Sell, Pursuant to § 363, Substantially All of the Debtors' Assets (Docket No. 3073) (the "Sale Opinion"); and (b) an Opinion and Order Regarding Emergency Economic Stabilization Act of 2008 and Troubled Asset Relief Program (Docket Nos. 3074 and 3229) (together with the Sale Opinion, the "Opinions"). On June 1, 2009 and consistent with the Sale Opinion, this Court entered an Order authorizing the Fiat Transaction (Docket No. 3232) (the

"Sale Order").[2]  On June 5, 2009, the United States Court of Appeals for the Second Circuit affirmed the Opinions and the Sale Order.  Consistent with the Sale Order, the Fiat Transaction was consummated on June 10, 2009.

## Jurisdiction

8.      This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

9.      Pursuant to section 365 of the Bankruptcy Code and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Debtors hereby seek the entry of an order authorizing them to reject the executory contracts (collectively, the "Contracts"),[3] identified on Exhibit A attached hereto and incorporated herein by reference, with the parties identified on Exhibit A (collectively, the "Non-Debtor Counterparties") effective as of the date hereof.[4]

## Facts Relevant to This Motion

10.      The Debtors have engaged in a review of certain of their executory supplier contracts.  As a result of their review, the Debtors have determined that the Contracts identified on Exhibit A are neither necessary nor valuable to their estates and will not be assumed and assigned as part of the Fiat Transaction.

---

[2]    Capitalized terms not otherwise defined herein have the meanings giving to them in the Sale Order or the Bidding Procedures Order (as defined in the Sale Order).

[3]    Each Contract includes any modifications, amendments, addenda or supplements thereto or restatements thereof.

[4]    For each Contract, Exhibit A includes:  (a) the names and addresses of the Non-Debtor Counterparties to the Contracts; (b) the specific supplier codes associated with each of the Non-Debtor Counterparties; and (c) the specific purchase order numbers associated with each of the Contracts.

11.     Each of the Contracts is an "executory contract" within the meaning of section 365 of the Bankruptcy Code, capable of being rejected by the Debtors.  To the extent that any Contract already has expired or been terminated, it is included herein out of an abundance of caution.

## Argument

12.     Section 365(a) of the Bankruptcy Code provides that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease."  11 U.S.C. § 365(a).  Courts routinely approve motions to assume, assume and assign or reject executory contracts upon a showing that the debtor's decision to take such action will benefit the debtor's estate and is an exercise of sound business judgment.  See Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.), 4 F.3d 1095, 1099 (2d Cir. 1993) (stating that section 365 of the Bankruptcy Code "permits the trustee or debtor-in-possession, subject to the approval of the bankruptcy court, to go through the inventory of executory contracts of the debtor and decide which ones it would be beneficial to adhere to and which ones it would be beneficial to reject."); see also NLRB v. Bildisco & Bildisco, 465 U.S. 513, 523 (1984) (stating that the traditional standard applied by courts to authorize the rejection of an executory contract is that of "business judgment"); In re Gucci, 193 B.R. 411, 415 (S.D.N.Y. 1996) ("A bankruptcy court reviewing a trustee's decision to assume or reject an executory contract should apply its 'business judgment' to determine if it would be beneficial or burdensome to the estate to assume it.").

13.     Courts generally will not second-guess a debtor's business judgment concerning the assumption or rejection of an executory contract.  See In re Riodizio, Inc., 204 B.R. 417, 424 (Bankr. S.D.N.Y. 1997) ("[A] court will ordinarily defer to the business judgment of the debtor's management"); accord Phar-Mor, Inc. v. Strouss Bldg. Assocs., 204 B.R. 948, 951-52 (Bankr. N.D. Ohio 1997) ("Whether an executory contract is 'favorable' or

'unfavorable' is left to the sound business judgment of the debtor . . . . Courts should generally defer to a debtor's decision whether to reject an executory contract."). The "business judgment" test is not a strict standard; it merely requires a showing that either assumption or rejection of the executory contract will benefit a debtor's estate. See, e.g., Bregman v. Meehan (In re Meehan), 59 B.R. 380, 385 (E.D.N.Y. 1986) ("The business judgment test is a flexible one . . . . The primary issue under the business judgment test is whether rejection of the contract would benefit general unsecured creditors."); In re Helm, 335 B.R. 528, 538 (Bankr. S.D.N.Y. 2006) ("To meet the business judgment test, the debtor in possession must establish that rejection will benefit the estate."); Westbury Real Estate Ventures, Inc. v. Bradlees, Inc. (In re Bradlees Stores, Inc.), 194 B.R. 555, 558 n.1 (Bankr. S.D.N.Y. 1996) ("In reviewing a debtor's decision to assume or reject an executory contract, the court must examine the contract and circumstances and apply its best 'business judgment' to determine if the assumption or rejection would be beneficial or burdensome to the estate.").

14.     As noted above, New Chrysler has determined not to accept an assignment of the Contracts in connection with the Fiat Transaction. In accordance with the Contract Procedures established by the Court, the Contracts have been listed as "Excluded Agreements" under the Purchase Agreement in an Assignment Notice, a Confirmation Notice or both. In addition, following the consummation of the Fiat Transaction, the Debtors are in the process of winding down their business affairs and have no further need for the goods or services that otherwise would be provided pursuant to the Contracts. As such, the Debtors have determined that the Contracts provide no ongoing benefits to their estates. Moreover, the Debtors have determined that the Contracts do not have any realizable value in the marketplace.

15.     Courts that have permitted retroactive rejection generally have permitted rejection of an executory contract to be effective as of the date on which the nondebtor party to the

executory contract was given definitive notice of the debtor's intent to reject. See, e.g., In re Loewen Group Int'l, Inc., No. 99 1244 (PJW) (Bankr. D. Del. Aug. 18, 2000) (authorizing rejection effective as of the date of the filing of the rejection motion). Generally, the Non-Debtor Counterparties received notice of the Debtors' intent to reject the Contracts upon the filing and service of this Motion. In addition, on or about the date of the filing of this Motion by separate letter, a form of which is attached hereto as Exhibit B, New Chrysler notified the Non-Debtor Counterparties of the filing of this Motion and the Debtors' intent to reject the Contracts.

16.     Accordingly, in the sound exercise of their business judgment, the Debtors have determined that the rejection of the Contracts, pursuant to section 365 of the Bankruptcy Code, effective as of the date of this Motion, is in the best interests of their estates and stakeholders.

## Notice

17.     No trustee or examiner has been appointed in these chapter 11 cases. In accordance with the Administrative Order, Pursuant to Bankruptcy Rule 1015(c), Establishing Case Management and Scheduling Procedures (Docket No. 661) (the "Case Management Order"), entered on May 12, 2009, notice of this Motion has been given to the parties identified on the General Service List and the Special Service List (as such terms are identified in the Case Management Order), and to the Non-Debtor Counterparties to the Contracts identified in Exhibit A. The Debtors submit that no other or further notice need be provided.

## No Prior Request

18.     No prior request for the relief sought in this Motion has been made to this or any other Court.

WHEREFORE, the Debtors respectfully request that the Court (a) enter an order substantially in the form attached hereto as <u>Exhibit C</u>, granting the relief requested herein; and (b) grant such other and further relief to the Debtors as the Court may deem proper.

Dated: June 17, 2009
     New York, New York

Respectfully submitted,

  /s/ Corinne Ball               
Corinne Ball
Veerle Roovers
JONES DAY
222 East 41st Street
New York, New York  10017
Telephone:  (212) 326-3939
Facsimile:  (212) 755-7306

David G. Heiman
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212

Jeffrey B. Ellman
JONES DAY
1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia  30309
Telephone:  (404) 521-3939
Facsimile:  (404) 581-8330

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

# EXHIBIT A

| SUPPLIER NAME AND ADDRESS | SUPPLIER CODE | REJECTED PURCHASE ORDER |
|---|---|---|
| MAGNA INTERNATIONAL<br>600 WILSHIRE DRIVE<br>TROY, MI 48084<br><br>RELATED SUPPLIER: 3NNOVATECH - DOCK A (50229) | 51504 | O8747662 |
| MAGNA INTERNATIONAL<br>600 WILSHIRE DRIVE<br>TROY, MI 48084<br><br>RELATED SUPPLIER: COSMA INTERNATIONAL GROUP CANADA (51616) | 51504 | O3124165<br>O4132628 |
| MAGNA INTERNATIONAL<br>600 WILSHIRE DRIVE<br>TROY, MI 48084<br><br>RELATED SUPPLIER: EXTERION - P A B (95634) | 51504 | O8231004<br>O8231046 |
| MAGNA INTERNATIONAL<br>600 WILSHIRE DRIVE<br>TROY, MI 48084<br><br>RELATED SUPPLIER: EXTERION - PAB (49157) | 51504 | O8231120 |
| MAGNA INTERNATIONAL<br>600 WILSHIRE DRIVE<br>TROY, MI 48084<br><br>RELATED SUPPLIER: INNOVATECH (48057) | 51504 | O5571007<br>O5571009<br>O5571010<br>O5571030<br>O5571031<br>O5571032<br>O5571033<br>O5571034<br>O5571052<br>O6571006<br>O6571011<br>O7571008<br>O7571011<br>O8571188<br>O8571189<br>O8571190<br>O8571191<br>O8571193<br>O8571194 |
| MAGNA INTERNATIONAL<br>600 WILSHIRE DRIVE<br>TROY, MI 48084<br><br>RELATED SUPPLIER: INTIER AUTOMOTIVE CLOSURES (32071) | 51504 | O3206047 |
| MAGNA INTERNATIONAL<br>600 WILSHIRE DRIVE<br>TROY, MI 48084<br><br>RELATED SUPPLIER: MAGNA INTERIOR SYSTEMS INC - PAB (60108) | 51504 | O8562241 |
| MAGNA INTERNATIONAL<br>600 WILSHIRE DRIVE<br>TROY, MI 48084<br><br>RELATED SUPPLIER: MAGNA POWERTRAIN OF AMERICA IN (91323) | 51504 | O9128045 |

| SUPPLIER NAME AND ADDRESS | SUPPLIER CODE | REJECTED PURCHASE ORDER |
|---|---|---|
| SIKA CORPORATION<br>201 POLITO AVENUE<br>LYNDHURST, NJ  070713601 | 56090 | O3291200<br>O3291201<br>O3291202<br>O3291214 |
| SKILL TOOL & DIE<br>16151 PURITAS AVENUE<br>CLEVELAND, OH  44135 | 87676 | O3124173<br>O3125054 |
| SOUNDWICH<br>881 WAYSIDE ROAD<br>CLEVELAND, OH  441102961 | 86820 | O4132673<br>O4132674 |
| SSAB<br>BIRGER JARLSGATAN<br>STOCKHOLM  58<br>SWEDEN<br><br>RELATED SUPPLIER:  SSAB HARD TECH INC (19795) | 31162 | O4123153 |
| STRATTEC SECURITY CORPORATION<br>3333 W GOOD HOPE ROAD<br>GLENDALE, WI  53209 | 18594 | O3206057<br>O6206059<br>O8226007<br>O8226012<br>O8226046<br>O8226047 |
| TENNECO INC<br>ONE INTERNATIONAL DRIVE<br>MONROE, MI  48161<br><br>RELATED SUPPLIER:  MONROE AUTO EQUIPMENT COMPANY (63816) | 73994 | O3536035 |
| TENNECO INC<br>ONE INTERNATIONAL DRIVE<br>MONROE, MI  48161<br><br>RELATED SUPPLIER:  MONROE AUTO EQUIPMENT CO-PAB CAN (40356) | 73994 | O3536034<br>O3536040<br>O3536050 |
| TOTAL BUSINESS SYSTEMS INC<br>30800 MONTPELIER<br>MADISON HEIGHTS, MI  480715108 | 36120 | O6252082 |
| TOWER AUTOMOTIVE INC<br>5211 CASCADE ROAD S E SUITE 300<br>GRAND RAPIDS, MI  49546<br><br>RELATED SUPPLIER:  TOWER AUTOMOTIVE (10167) | 35104 | O4123189 |
| TOYODA GOSEI COMPANY LTD<br>1 NAGAHATA OCHIAI HARUHI MURA<br>NISHIKASUGAI GUN AICHI PREF  452<br>JAPAN<br><br>RELATED SUPPLIER:  TG NORTH AMERICA CORPORATION-CA (12901) | 69448 | O3203026<br>O3203027 |
| TRW INC<br>12001 TECH CENTER DR<br>LIVONIA, MI  48150<br><br>RELATED SUPPLIER:  TRW AUTOMOTIVE ELECTRONICS GROUP (39754) | 90161 | O3264042<br>O4243267 |

| SUPPLIER NAME AND ADDRESS | SUPPLIER CODE | REJECTED PURCHASE ORDER |
|---|---|---|
| TRW INC<br>12001 TECH CENTER DR<br>LIVONIA, MI 48150<br><br>RELATED SUPPLIER: TRW CHASSIS SYSTEM - MPAB/WINDSOR (59664) | 90161 | O8552026<br>O8552027 |
| TRW INC<br>12001 TECH CENTER DR<br>LIVONIA, MI 48150<br><br>RELATED SUPPLIER: VARITY KELSEY-HAYES (55087) | 90161 | O7526033 |
| U S F CORPORATION<br>38000 MOUND ROAD<br>STERLING HEIGHTS, MI 48310 | 93785 | O6153054 |
| VALEO S A<br>43 RUE BAYEN<br>PARIS 75017<br>FRANCE<br><br>RELATED SUPPLIER: VALEO CLIMATE CONTROL CORPORATION (88542) | 17603 | O3704001 |
| VEYANCE TECHNOLOGIES INC<br>1144 EAST MARKET STREET<br>AKRON, OH 443160002 | 42332 | O3532014 |
| WICO METAL PRODUCTS<br>23500 SHERWOOD AVE<br>WARREN, MI 48091 | 95380 | O4132575<br>O4132576<br>O4132577<br>O4132580<br>O4132582<br>O4132588 |
| YAZAKI CORPORATION<br>SHIMADA PLANT 1 7 1 YOKOI SHIMA<br>SHIZUOKA PREFECTU 427<br>JAPAN<br><br>RELATED SUPPLIER: EWD L L C (17778) | 63221 | O3245565<br>O7245003<br>O7245005<br>O7245010<br>O7245012<br>O7245019<br>O7245021<br>O7245024<br>O7245026<br>O7245028<br>O7245029<br>O7245033<br>O7245041<br>O7245244<br>O7245267<br>O8245712<br>O8245713 |
| YAZAKI CORPORATION<br>SHIMADA PLANT 1 7 1 YOKOI SHIMA<br>SHIZUOKA PREFECTU 427<br>JAPAN<br><br>RELATED SUPPLIER: YAZAKI NORTH AMERICA (16238) | 63221 | O3245569<br>O3249001 |

| SUPPLIER NAME AND ADDRESS | SUPPLIER CODE | REJECTED PURCHASE ORDER |
|---|---|---|
| ZF FRIEDRICHSHAFEN AG<br>POSTFACH 1240<br>SCHWEINFURT 827<br>GERMANY | 35686 | O9515077 |

RELATED SUPPLIER:  ZF LENKSYSTEME (56588)

**EXHIBIT B**



June 17, 2009

Dear Chrysler LLC Supplier:

As you may be aware, Chrysler LLC (n/k/a Old Carco LLC) and its affiliated debtors (the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532, on April 30, 2009.  These cases, which are being jointly administered, are referred to as In re Old Carco LLC (f/k/a Chrysler LLC), et al., Case No. 09-50002, and are pending the United States Bankruptcy Court for the Southern District of New York.

The Debtors have filed a motion with the court to reject certain contracts with your company (the "Rejected Contracts").  The Rejected Contracts will not be assumed by Chrysler Group LLC (formerly New CarCo Acquisition LLC).

In connection with operations going forward, Chrysler Group LLC is in the process of updating its payables system.  Due to an IT constraint, your company may receive purchase order activity (e.g., amendments) from Chrysler Group LLC with respect to the Rejected Contracts.  The reasons for these purchase order changes may include, but are not limited to, Chrysler name changes, price adjustments, clause modifications, and /or contract cancellation (with retroactive effective dates).  Please remember that the Rejected Contracts have not been assumed and assigned to Chrysler Group LLC and are being rejected by the Debtors.  The Rejected Contracts do not constitute valid sourcing commitments, and any communication you receive from Chrysler Group LLC relating to the Rejected Contracts will be for internal administrative purposes only.

In the event that you require further clarification in this matter, please contact your Chrysler procurement contact.

Sincerely,
Global Sourcing Management
Chrysler Group LLC

**EXHIBIT C**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------x
                                                             :
In re                                                        :    Chapter 11
                                                             :
Old Carco LLC                                                :    Case No. 09-50002 (AJG)
(f/k/a Chrysler LLC), et al.,                                :
                                                             :    (Jointly Administered)
                            Debtors.                         :
                                                             :
-------------------------------------------------------------x
```

## EIGHTH OMNIBUS ORDER AUTHORIZING THE
## <u>REJECTION OF CERTAIN EXECUTORY CONTRACTS</u>

This matter coming before the Court on the Eighth Omnibus Motion of Debtors and

Debtors in Possession, Pursuant to Section 365 of the Bankruptcy Code and Bankruptcy Rule 6006,

for an Order Authorizing the Rejection of Certain Executory Contracts (the "<u>Motion</u>"),[1] filed by the

debtors and debtors in possession in the above-captioned cases (collectively, the "<u>Debtors</u>"); the

Court having reviewed the Motion and having considered the statements of counsel and the

evidence adduced with respect to the Motion at a hearing before the Court (the "<u>Hearing</u>"); the

Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (c) notice of the Motion and

the Hearing was sufficient under the circumstances and (d) a sound business purpose exists for the

relief granted herein; and the Court having determined that the legal and factual bases set forth in

the Motion and at the Hearing establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

---

[1]      Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

2.    The Debtors are authorized to reject the Contracts[2] identified on the attached

<u>Schedule 1</u>, which is incorporated herein by reference, and the Contracts are deemed rejected,

pursuant to section 365 of the Bankruptcy Code, effective as of June 16, 2009.

3.    The Court shall retain jurisdiction to hear and determine all matters arising

from or related to the implementation of this Order.

Dated: New York, New York
        _____, 2009

_____
UNITED STATES BANKRUPTCY JUDGE

---

# SCHEDULE 1

| SUPPLIER NAME AND ADDRESS | SUPPLIER CODE | REJECTED PURCHASE ORDER |
|---|---|---|
| MAGNA INTERNATIONAL<br>600 WILSHIRE DRIVE<br>TROY, MI 48084<br><br>RELATED SUPPLIER: 3NNOVATECH - DOCK A (50229) | 51504 | O8747662 |
| MAGNA INTERNATIONAL<br>600 WILSHIRE DRIVE<br>TROY, MI 48084<br><br>RELATED SUPPLIER: COSMA INTERNATIONAL GROUP CANADA (51616) | 51504 | O3124165<br>O4132628 |
| MAGNA INTERNATIONAL<br>600 WILSHIRE DRIVE<br>TROY, MI 48084<br><br>RELATED SUPPLIER: EXTERION - P A B (95634) | 51504 | O8231004<br>O8231046 |
| MAGNA INTERNATIONAL<br>600 WILSHIRE DRIVE<br>TROY, MI 48084<br><br>RELATED SUPPLIER: EXTERION - PAB (49157) | 51504 | O8231120 |
| MAGNA INTERNATIONAL<br>600 WILSHIRE DRIVE<br>TROY, MI 48084<br><br>RELATED SUPPLIER: INNOVATECH (48057) | 51504 | O5571007<br>O5571009<br>O5571010<br>O5571030<br>O5571031<br>O5571032<br>O5571033<br>O5571034<br>O5571052<br>O6571006<br>O6571011<br>O7571008<br>O7571011<br>O8571188<br>O8571189<br>O8571190<br>O8571191<br>O8571193<br>O8571194 |
| MAGNA INTERNATIONAL<br>600 WILSHIRE DRIVE<br>TROY, MI 48084<br><br>RELATED SUPPLIER: INTIER AUTOMOTIVE CLOSURES (32071) | 51504 | O3206047 |
| MAGNA INTERNATIONAL<br>600 WILSHIRE DRIVE<br>TROY, MI 48084<br><br>RELATED SUPPLIER: MAGNA INTERIOR SYSTEMS INC - PAB (60108) | 51504 | O8562241 |
| MAGNA INTERNATIONAL<br>600 WILSHIRE DRIVE<br>TROY, MI 48084<br><br>RELATED SUPPLIER: MAGNA POWERTRAIN OF AMERICA IN (91323) | 51504 | O9128045 |

| SUPPLIER NAME AND ADDRESS | SUPPLIER CODE | REJECTED PURCHASE ORDER |
|---|---|---|
| SIKA CORPORATION<br>201 POLITO AVENUE<br>LYNDHURST, NJ  070713601 | 56090 | O3291200<br>O3291201<br>O3291202<br>O3291214 |
| SKILL TOOL & DIE<br>16151 PURITAS AVENUE<br>CLEVELAND, OH  44135 | 87676 | O3124173<br>O3125054 |
| SOUNDWICH<br>881 WAYSIDE ROAD<br>CLEVELAND, OH  441102961 | 86820 | O4132673<br>O4132674 |
| SSAB<br>BIRGER JARLSGATAN<br>STOCKHOLM  58<br>SWEDEN<br><br>RELATED SUPPLIER:  SSAB HARD TECH INC (19795) | 31162 | O4123153 |
| STRATTEC SECURITY CORPORATION<br>3333 W GOOD HOPE ROAD<br>GLENDALE, WI  53209 | 18594 | O3206057<br>O6206059<br>O8226007<br>O8226012<br>O8226046<br>O8226047 |
| TENNECO INC<br>ONE INTERNATIONAL DRIVE<br>MONROE, MI  48161<br><br>RELATED SUPPLIER:  MONROE AUTO EQUIPMENT COMPANY (63816) | 73994 | O3536035 |
| TENNECO INC<br>ONE INTERNATIONAL DRIVE<br>MONROE, MI  48161<br><br>RELATED SUPPLIER:  MONROE AUTO EQUIPMENT CO-PAB CAN (40356) | 73994 | O3536034<br>O3536040<br>O3536050 |
| TOTAL BUSINESS SYSTEMS INC<br>30800 MONTPELIER<br>MADISON HEIGHTS, MI  480715108 | 36120 | O6252082 |
| TOWER AUTOMOTIVE INC<br>5211 CASCADE ROAD S E SUITE 300<br>GRAND RAPIDS, MI  49546<br><br>RELATED SUPPLIER:  TOWER AUTOMOTIVE (10167) | 35104 | O4123189 |
| TOYODA GOSEI COMPANY LTD<br>1 NAGAHATA OCHIAI HARUHI MURA<br>NISHIKASUGAI GUN AICHI PREF  452<br>JAPAN<br><br>RELATED SUPPLIER:  TG NORTH AMERICA CORPORATION-CA (12901) | 69448 | O3203026<br>O3203027 |
| TRW INC<br>12001 TECH CENTER DR<br>LIVONIA, MI  48150<br><br>RELATED SUPPLIER:  TRW AUTOMOTIVE ELECTRONICS GROUP (39754) | 90161 | O3264042<br>O4243267 |

| SUPPLIER NAME AND ADDRESS | SUPPLIER CODE | REJECTED PURCHASE ORDER |
|---|---|---|
| TRW INC<br>12001 TECH CENTER DR<br>LIVONIA, MI 48150<br><br>RELATED SUPPLIER: TRW CHASSIS SYSTEM - MPAB/WINDSOR (59664) | 90161 | O8552026<br>O8552027 |
| TRW INC<br>12001 TECH CENTER DR<br>LIVONIA, MI 48150<br><br>RELATED SUPPLIER: VARITY KELSEY-HAYES (55087) | 90161 | O7526033 |
| U S F CORPORATION<br>38000 MOUND ROAD<br>STERLING HEIGHTS, MI 48310 | 93785 | O6153054 |
| VALEO S A<br>43 RUE BAYEN<br>PARIS 75017<br>FRANCE<br><br>RELATED SUPPLIER: VALEO CLIMATE CONTROL CORPORATION (88542) | 17603 | O3704001 |
| VEYANCE TECHNOLOGIES INC<br>1144 EAST MARKET STREET<br>AKRON, OH 443160002 | 42332 | O3532014 |
| WICO METAL PRODUCTS<br>23500 SHERWOOD AVE<br>WARREN, MI 48091 | 95380 | O4132575<br>O4132576<br>O4132577<br>O4132580<br>O4132582<br>O4132588 |
| YAZAKI CORPORATION<br>SHIMADA PLANT 1 7 1 YOKOI SHIMA<br>SHIZUOKA PREFECTU 427<br>JAPAN<br><br>RELATED SUPPLIER: EWD L L C (17778) | 63221 | O3245565<br>O7245003<br>O7245005<br>O7245010<br>O7245012<br>O7245019<br>O7245021<br>O7245024<br>O7245026<br>O7245028<br>O7245029<br>O7245033<br>O7245041<br>O7245244<br>O7245267<br>O8245712<br>O8245713 |
| YAZAKI CORPORATION<br>SHIMADA PLANT 1 7 1 YOKOI SHIMA<br>SHIZUOKA PREFECTU 427<br>JAPAN<br><br>RELATED SUPPLIER: YAZAKI NORTH AMERICA (16238) | 63221 | O3245569<br>O3249001 |

| SUPPLIER NAME AND ADDRESS | SUPPLIER CODE | REJECTED PURCHASE ORDER |
|---|---|---|
| ZF FRIEDRICHSHAFEN AG<br>POSTFACH 1240<br>SCHWEINFURT 827<br>GERMANY | 35686 | O9515077 |

RELATED SUPPLIER:  ZF LENKSYSTEME (56588)