JONES DAY
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Corinne Ball
Veerle Roovers

JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
David G. Heiman

JONES DAY
1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309
Telephone: (404) 521-3939
Facsimile: (404) 581-8330
Jeffrey B. Ellman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
:
In re : Chapter 11
:
Old Carco LLC : Case No. 09-50002 (AJG)
(f/k/a Chrysler LLC), *et al.*,[1] :
: (Jointly Administered)
Debtors. :
x
-------------------------------------------------------------

## NOTICE OF HEARING ON
## THIRTEENTH OMNIBUS MOTION OF DEBTORS AND
## DEBTORS IN POSSESSION, PURSUANT TO SECTION 365 OF THE
## BANKRUPTCY CODE AND BANKRUPTCY RULE 6006, FOR AN ORDER
## <u>AUTHORIZING THE REJECTION OF CERTAIN EXECUTORY CONTRACTS</u>

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

---

[1] A second amended list of the Debtors, their addresses and tax identification numbers is located on the docket for Case No. 09-50002 (AJG) (Docket No. 3945) and can also be found at www.chryslerrestructuring.com.

1. A hearing to consider the Thirteenth Omnibus Motion of Debtors and Debtors in Possession, Pursuant to Section 365 of the Bankruptcy Code and Bankruptcy Rule 6006, for an Order Authorizing the Rejection of Certain Executory Contracts (the "Motion"), filed by the above-captioned debtors and debtors in possession (the "Debtors"), shall be held before the Honorable Arthur J. Gonzalez, United States Bankruptcy Judge, in Room 523 of the United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004, on **July 16, 2009, at 10:00 a.m. (New York time).**

2. Objections, if any, to the relief sought in the Motion must be made in writing, with a hard copy to Chambers, conform to the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court for the Southern District of New York and be filed with the Bankruptcy Court and must be served in accordance with the Administrative Order, Pursuant to Bankruptcy Rule 1015(c), Establishing Case Management and Scheduling Procedures (Docket No. 661) (the "Case Management Order"), so as to be actually received by the parties on the Special Service List (as defined in the Case Management Order) and the parties to the executory contracts sought to be affected not later than **4:00 p.m. (New York time) on June 29, 2009** (the "Objection Deadline").

3. If no objections are timely filed and served with respect to the Motion, the Debtors may, on or after the Objection Deadline, submit to the Court an order substantially in the form attached to the Motion, which order shall be submitted and may be entered with no further notice or opportunity to be heard offered to any party.

4. Copies of the Motion, the Case Management Order and the Special Service List may be obtained from the Court's website at http://ecf.nysb-mega.uscourts.gov or, free of charge, at www.chryslerrestructuring.com.

| | |
|---|---|
| Dated: June 18, 2009<br>       New York, New York | Respectfully submitted,<br><br> /s/ Corinne Ball<br>Corinne Ball<br>Veerle Roovers<br>JONES DAY<br>222 East 41st Street<br>New York, New York 10017<br>Telephone: (212) 326-3939<br>Facsimile: (212) 755-7306<br><br>David G. Heiman<br>JONES DAY<br>North Point<br>901 Lakeside Avenue<br>Cleveland, Ohio 44114<br>Telephone: (216) 586-3939<br>Facsimile: (216) 579-0212<br><br>Jeffrey B. Ellman<br>JONES DAY<br>1420 Peachtree Street, N.E.<br>Suite 800<br>Atlanta, Georgia 30309<br>Telephone: (404) 521-3939<br>Facsimile: (404) 581-8330<br><br>ATTORNEYS FOR DEBTORS AND<br>DEBTORS IN POSSESSION |

**PARTIES RECEIVING THIS THIRTEENTH OMNIBUS MOTION
SHOULD LOCATE THEIR NAMES IN THE ATTACHED EXHIBIT A**

JONES DAY
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Corinne Ball
Veerle Roovers

JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
David G. Heiman

JONES DAY
1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309
Telephone: (404) 521-3939
Facsimile: (404) 581-8330
Jeffrey B. Ellman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------x
                                              :
In re                                         :   Chapter 11
                                              :
Old Carco LLC                                 :   Case No. 09-50002 (AJG)
(f/k/a Chrysler LLC), et al.,¹                :
                                              :   (Jointly Administered)
                     Debtors.                 :
                                              :
-------------------------------------------------------------x
```

---

[1] A second amended list of the Debtors, their addresses and tax identification numbers is located on the docket for Case No. 09-50002 (AJG) (Docket No. 3945) and can also be found at www.chryslerrestructuring.com.

**THIRTEENTH OMNIBUS MOTION OF DEBTORS AND
DEBTORS IN POSSESSION, PURSUANT TO SECTION 365 OF THE
BANKRUPTCY CODE AND BANKRUPTCY RULE 6006, FOR AN ORDER
AUTHORIZING THE REJECTION OF CERTAIN EXECUTORY CONTRACTS**

TO THE HONORABLE ARTHUR J. GONZALEZ,
UNITED STATES BANKRUPTCY JUDGE:

Old Carco LLC (f/k/a Chrysler LLC) ("Old Carco") and its affiliated debtors and debtors in possession (collectively with Old Carco, the "Debtors") respectfully represent as follows:

**Background**

1. On April 30, 2009 (the "Petition Date"), Old Carco and 24 of its affiliated Debtors (collectively, the "Original Debtors") commenced their reorganization cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). On May 19, 2009, Debtor Alpha Holding LP ("Alpha") commenced its reorganization case by filing a voluntary petition under chapter 11 of the Bankruptcy Code. By orders of the Court (Docket Nos. 97 and 2188), the Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being administered jointly.

2. The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. On May 5, 2009, the Office of the United States Trustee for the Southern District of New York appointed an official committee of unsecured creditors, pursuant to section 1102 of the Bankruptcy Code.

4. As of the Petition Date, the Debtors and their nondebtor direct and indirect subsidiaries (collectively, the "Old Carco Companies") comprised one of the world's largest

manufacturers and distributors of automobiles and other vehicles, together with related parts and accessories. On the Petition Date, the Old Carco Companies employed approximately 55,000 hourly and salaried employees worldwide, 70% of whom were based in the United States.

5.  For the 12 months ended December 31, 2008, the Old Carco Companies recorded revenue of more than $48.4 billion and had assets of approximately $39.3 billion and liabilities totaling $55.2 billion.

6.  In connection with the commencement of these cases, Old Carco and its Debtor subsidiaries, Fiat S.p.A. ("Fiat") and New Chrysler (as defined below) entered into a Master Transaction Agreement dated as of April 30, 2009 (as amended and collectively with other ancillary and supporting documents, the "Purchase Agreement"). The Purchase Agreement provided, among other things, that: (a) Old Carco would transfer the majority of its operating assets to New CarCo Acquisition LLC (n/k/a Chrysler Group LLC) ("New Chrysler"), a newly established Delaware limited liability company formed by Fiat; and (b) in exchange for those assets, New Chrysler would assume certain liabilities of Old Carco and pay to Old Carco $2 billion in cash (collectively with the other transactions contemplated by the Purchase Agreement, the "Fiat Transaction"). On May 3, 2009, the Original Debtors filed a motion to approve the Fiat Transaction or a similar transaction with a competing bidder (Docket No. 190).

7.  On May 31, 2009, this Court issued: (a) an Opinion Granting the Debtors' Motion Seeking Authority to Sell, Pursuant to § 363, Substantially All of the Debtors' Assets (Docket No. 3073) (the "Sale Opinion"); and (b) an Opinion and Order Regarding Emergency Economic Stabilization Act of 2008 and Troubled Asset Relief Program (Docket Nos. 3074 and 3229) (together with the Sale Opinion, the "Opinions"). On June 1, 2009 and consistent with the Sale Opinion, this Court entered an Order authorizing the Fiat Transaction (Docket No. 3232)

(the "Sale Order"). On June 5, 2009, the United States Court of Appeals for the Second Circuit affirmed the Opinions and the Sale Order. Consistent with the Sale Order, the Fiat Transaction was consummated on June 10, 2009.

**Jurisdiction**

8. This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Relief Requested**

9. Pursuant to section 365 of the Bankruptcy Code and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Debtors hereby seek the entry of an order authorizing them to reject all of their executory contracts (collectively, the "Contracts") with the parties identified on Exhibit A (collectively, the "Non-Debtor Counterparties") effective as of the date hereof.

**Facts Relevant to This Motion**

10. The Debtors have engaged in a review of certain of their executory supplier contracts. As a result of their review, the Debtors have determined that their Contracts with the Non-Debtor Counterparties identified on Exhibit A are neither necessary nor valuable to their estates and will not be assumed and assigned as part of the Fiat Transaction.

11. Each of the Contracts is an "executory contract" within the meaning of section 365 of the Bankruptcy Code, capable of being rejected by the Debtors. To the extent that any Contract already has expired or been terminated, it is included herein out of an abundance of caution.

**Argument**

12. Section 365(a) of the Bankruptcy Code provides that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease." 11 U.S.C. § 365(a). Courts routinely approve motions to assume, assume and assign or reject executory contracts upon a showing that the debtor's decision to take such action will benefit the debtor's estate and is an exercise of sound business judgment. See Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.), 4 F.3d 1095, 1099 (2d Cir. 1993) (stating that section 365 of the Bankruptcy Code "permits the trustee or debtor-in-possession, subject to the approval of the bankruptcy court, to go through the inventory of executory contracts of the debtor and decide which ones it would be beneficial to adhere to and which ones it would be beneficial to reject."); see also NLRB v. Bildisco & Bildisco, 465 U.S. 513, 523 (1984) (stating that the traditional standard applied by courts to authorize the rejection of an executory contract is that of "business judgment"); In re Gucci, 193 B.R. 411, 415 (S.D.N.Y. 1996) ("A bankruptcy court reviewing a trustee's decision to assume or reject an executory contract should apply its 'business judgment' to determine if it would be beneficial or burdensome to the estate to assume it.").

13. Courts generally will not second-guess a debtor's business judgment concerning the assumption or rejection of an executory contract. See In re Riodizio, Inc., 204 B.R. 417, 424 (Bankr. S.D.N.Y. 1997) ("[A] court will ordinarily defer to the business judgment of the debtor's management"); accord Phar-Mor, Inc. v. Strouss Bldg. Assocs., 204 B.R. 948, 951-52 (Bankr. N.D. Ohio 1997) ("Whether an executory contract is 'favorable' or 'unfavorable' is left to the sound business judgment of the debtor . . . . Courts should generally defer to a debtor's decision whether to reject an executory contract."). The "business judgment" test is not a strict standard; it merely requires a showing that either assumption or rejection of the

executory contract will benefit a debtor's estate.  See, e.g., Bregman v. Meehan (In re Meehan), 59 B.R. 380, 385 (E.D.N.Y. 1986) ("The business judgment test is a flexible one . . . .  The primary issue under the business judgment test is whether rejection of the contract would benefit general unsecured creditors."); In re Helm, 335 B.R. 528, 538 (Bankr. S.D.N.Y. 2006) ("To meet the business judgment test, the debtor in possession must establish that rejection will benefit the estate."); Westbury Real Estate Ventures, Inc. v. Bradlees, Inc. (In re Bradlees Stores, Inc.), 194 B.R. 555, 558 n.1 (Bankr. S.D.N.Y. 1996) ("In reviewing a debtor's decision to assume or reject an executory contract, the court must examine the contract and circumstances and apply its best 'business judgment' to determine if the assumption or rejection would be beneficial or burdensome to the estate.").

14. As noted above, New Chrysler has determined not to accept an assignment of Contracts with any of the Non-Debtor Counterparties in connection with the Fiat Transaction. In addition, following the consummation of the Fiat Transaction, the Debtors are in the process of winding down their business affairs and have no further need for the goods or services that otherwise would be provided pursuant to the Contracts.  As such, the Debtors have determined that the Contracts provide no ongoing benefits to their estates.  Moreover, the Debtors have determined that the Contracts do not have any realizable value in the marketplace.

15. Courts that have permitted retroactive rejection generally have permitted rejection of an executory contract to be effective as of the date on which the nondebtor party to the executory contract was given definitive notice of the debtor's intent to reject.  See, e.g., In re Loewen Group Int'l, Inc., No. 99 1244 (PJW) (Bankr. D. Del. Aug. 18, 2000) (authorizing rejection effective as of the date of the filing of the rejection motion).  Generally, the Non-Debtor

Counterparties received notice of the Debtors' intent to reject the Contracts upon the filing and service of this Motion.

16. Accordingly, in the sound exercise of their business judgment, the Debtors have determined that the rejection of the Contracts, pursuant to section 365 of the Bankruptcy Code, effective as of the date of this Motion, is in the best interests of their estates and stakeholders.

## Notice

17. No trustee or examiner has been appointed in these chapter 11 cases. In accordance with the Administrative Order, Pursuant to Bankruptcy Rule 1015(c), Establishing Case Management and Scheduling Procedures (Docket No. 661) (the "Case Management Order"), entered on May 12, 2009, notice of this Motion has been given to the parties identified on the General Service List and the Special Service List (as such terms are identified in the Case Management Order), and to the Non-Debtor Counterparties to the Contracts identified in Exhibit A. The Debtors submit that no other or further notice need be provided.

## No Prior Request

18. No prior request for the relief sought in this Motion has been made to this or any other Court.

WHEREFORE, the Debtors respectfully request that the Court (a) enter an order substantially in the form attached hereto as <u>Exhibit B</u>, granting the relief requested herein; and (b) grant such other and further relief to the Debtors as the Court may deem proper.

Dated: June 18, 2009
      New York, New York

Respectfully submitted,

 /s/ Corinne Ball
Corinne Ball
Veerle Roovers
JONES DAY
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

David G. Heiman
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212

Jeffrey B. Ellman
JONES DAY
1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309
Telephone: (404) 521-3939
Facsimile: (404) 581-8330

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION

# **EXHIBIT A**

| SUPPLIER NAME | SUPPLIER ADDRESS | SUPPLIER CODE |
|---|---|---|
| WEB ELITE | 24200 WOODWARD AVE<br>PLEASANT RIDGE, MI  48069 | 48464 |
| WELLINGTON INDUSTRIES INC | 39555 SOUTH I 94 SERVICE DRIVE<br>BELLEVILLE, MI  48111-2858 | 21783 |
| WELLS FARGOBANK NA | 711 KIMBERLY AVENUE   SUITE 160<br>PLACENTIA, CA  92870 | 60812 |
| WES-TECH HOLDINGS LLC | 720 DARTMOUTH DRIVE<br>BUFFALO GROVE, IL  60089 | 98706 |
| WHEELABRATOR | 1606 EXECUTIVE DRIVE<br>LA GRANGE, GA  30240 | 95318 |
| WILLING GLAZING CONTRACTORS LLC | 2254 S. SAGINAW STREET<br>FLINT, MI  48503 | 93275 |
| WINDSOR FACTORY SUPPLY-U S | 26480 NORTHLINE<br>TAYLOR, MI  48180 | 45546 |
| WINDSOR MACHINE & STAMPING LTD | 5725 OUTER DRIVE R.R. 1<br>WINDSOR, ON  N9A6J3<br>CANADA | 96405 |
| WORLD CLASS TECHNOLOGY | 30200 TELEGRAPH ROAD<br>SUITE 461<br>BINGHAM FARMS, MI  48025 | 96221 |
| WRIGHT R M COMPANY INC | 23910 FREEWAY PARK DR<br>FARMINGTON HILLS, MI  48335 | 95566 |
| WUXI DAWN | WUXI NEW DIST JIGUANGDIAN PARK<br>HONGDA ROAD   WUXI  JIANGSU  214145<br>CHINA | 61396 |
| YOKOGAWA | 2 DART ROAD SHENAN DOAH IND PARK<br>NEWNAN, GA  30265 | 18977 |
| YUKON MANUFACTURING & DISTRIBUTION | 900 ANDERSON ROAD<br>LITCHFIELD, MI  49252-9765 | 49839 |
| ZIEGLER DEAN | 22634 PLYMOUTH ROAD<br>DETROIT, MI  48239-1325 | 47736 |

# **EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                               :
In re                                                          : Chapter 11
                                                               :
Old Carco LLC                                                  : Case No. 09-50002 (AJG)
(f/k/a Chrysler LLC), *et al.*,                                :
                                                               : (Jointly Administered)
                    Debtors.                                   :
                                                               :
---------------------------------------------------------------x


# THIRTEENTH OMNIBUS ORDER AUTHORIZING THE
# REJECTION OF CERTAIN EXECUTORY CONTRACTS

This matter coming before the Court on the Thirteenth Omnibus Motion of Debtors and Debtors in Possession, Pursuant to Section 365 of the Bankruptcy Code and Bankruptcy Rule 6006, for an Order Authorizing the Rejection of Certain Executory Contracts (the "Motion"),[1] filed by the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"); the Court having reviewed the Motion and having considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"); the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (c) notice of the Motion and the Hearing was sufficient under the circumstances and (d) a sound business purpose exists for the relief granted herein; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

1. The Motion is GRANTED as set forth herein.

2. The Debtors are authorized to reject all Contracts with the Non-Debtor Counterparties identified on the attached Schedule 1, which is incorporated herein by reference, and the Contracts are deemed rejected, pursuant to section 365 of the Bankruptcy Code, effective as of June 16, 2009.

3. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: New York, New York
_____, 2009

_____
UNITED STATES BANKRUPTCY JUDGE

# SCHEDULE 1

| SUPPLIER NAME | SUPPLIER ADDRESS | SUPPLIER CODE |
|---|---|---|
| WEB ELITE | 24200 WOODWARD AVE<br>PLEASANT RIDGE, MI  48069 | 48464 |
| WELLINGTON INDUSTRIES INC | 39555 SOUTH I 94 SERVICE DRIVE<br>BELLEVILLE, MI  48111-2858 | 21783 |
| WELLS FARGOBANK NA | 711 KIMBERLY AVENUE   SUITE 160<br>PLACENTIA, CA  92870 | 60812 |
| WES-TECH HOLDINGS LLC | 720 DARTMOUTH DRIVE<br>BUFFALO GROVE, IL  60089 | 98706 |
| WHEELABRATOR | 1606 EXECUTIVE DRIVE<br>LA GRANGE, GA  30240 | 95318 |
| WILLING GLAZING CONTRACTORS LLC | 2254 S. SAGINAW STREET<br>FLINT, MI  48503 | 93275 |
| WINDSOR FACTORY SUPPLY-U S | 26480 NORTHLINE<br>TAYLOR, MI  48180 | 45546 |
| WINDSOR MACHINE & STAMPING LTD | 5725 OUTER DRIVE R.R. 1<br>WINDSOR, ON  N9A6J3<br>CANADA | 96405 |
| WORLD CLASS TECHNOLOGY | 30200 TELEGRAPH ROAD<br>SUITE 461<br>BINGHAM FARMS, MI  48025 | 96221 |
| WRIGHT R M COMPANY INC | 23910 FREEWAY PARK DR<br>FARMINGTON HILLS, MI  48335 | 95566 |
| WUXI DAWN | WUXI NEW DIST JIGUANGDIAN PARK<br>HONGDA ROAD   WUXI  JIANGSU  214145<br>CHINA | 61396 |
| YOKOGAWA | 2 DART ROAD SHENAN DOAH IND PARK<br>NEWNAN, GA  30265 | 18977 |
| YUKON MANUFACTURING & DISTRIBUTION | 900 ANDERSON ROAD<br>LITCHFIELD, MI  49252-9765 | 49839 |
| ZIEGLER DEAN | 22634 PLYMOUTH ROAD<br>DETROIT, MI  48239-1325 | 47736 |