JONES DAY
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Corinne Ball
Nathan Lebioda

JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
David G. Heiman
Thomas A. Wilson

JONES DAY
1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309
Telephone: (404) 521-3939
Facsimile: (404) 581-8330
Jeffrey B. Ellman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

| | |
|---|---|
| In re | : Chapter 11 |
| Old Carco LLC (f/k/a Chrysler LLC), *et al.*,[1] | : Case No. 09-50002 (AJG) |
| Debtors. | : (Jointly Administered) |

------------------------------------------------------------x

# NOTICE OF FILING OF SCHEDULE OF CERTAIN
# DESIGNATED AGREEMENTS AND CURE COSTS RELATED THERETO

---

[1] A second amended list of the debtors and debtors in possession in these cases (collectively, the "Debtors"), their addresses and tax identification numbers is located on the docket for Case No. 09-50002 (AJG) (Docket No. 3945) and can also be found at www.chryslerrestructuring.com.

CHI-1709392v2

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1. On April 30, 2009 (the "<u>Petition Date</u>"), Old Carco LLC (f/k/a Chrysler LLC) and 24 of its affiliated Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") in the United States Bankruptcy Court for the Southern District of New York (the "<u>Bankruptcy Court</u>"). The remaining Debtor, Alpha Holding L.P., commenced its bankruptcy case by filing a voluntary petition with the Bankruptcy Court on May 19, 2009.

2. Old Carco LLC (f/k/a Chrysler LLC) and its Debtor subsidiaries; Fiat S.p.A ("<u>Fiat</u>"); and Chrysler Group LLC (f/k/a New CarCo Acquisition LLC) (the "<u>Purchaser</u>"), a Delaware limited liability company formed by Fiat, entered into a Master Transaction Agreement, dated as of April 30, 2009 (the "<u>Purchase Agreement</u>"), that contemplated a set of related transactions for the sale of substantially all of the Debtors' tangible, intangible and operating assets, defined as the "<u>Purchased Assets</u>" in Section 2.06 of the Purchase Agreement, subject to higher and better offers made pursuant to the Bidding Procedures (as defined below).

3. On May 3, 2009 and May 22, 2009, the Debtors filed motions with the Bankruptcy Court (Docket Nos. 190 and 1742) (collectively, the "<u>Sale Motion</u>") seeking, among other things, (a) authority to sell substantially all of the Debtors' assets free and clear of all liens, claims, interests and encumbrances to the Purchaser or another bidder (the "<u>Sale Transaction</u>"); (b) approval of certain procedures (the "<u>Bidding Procedures</u>") for the solicitation of competing bids with respect to the Sale Transaction; (c) authority to assume and assign certain executory contracts and unexpired leases in connection with the Sale Transaction; (d) approval of that certain settlement agreement between the Purchaser and the International Union, United

Automobile, Aerospace and Agricultural Implement Workers of America; and (e) scheduling of a final hearing with the Bankruptcy Court for approval of the Sale Transaction.

4. A hearing on the Sale Motion was held before the Bankruptcy Court on May 1, 4 and 5, 2009, after which the Bankruptcy Court entered an order (Docket No. 492) (the "<u>Bidding Procedures Order</u>"), among other things, approving certain procedures (the "<u>Contract Procedures</u>") establishing a process for (a) the assumption of the Designated Agreements (as defined below) by the Debtors and the assignment of these agreements to the Purchaser, (b) the determination of the amounts necessary to cure defaults under the Designated Agreements (the "<u>Cure Costs</u>") and (c) the resolution of other disputes in connection with the assumption and assignment of the Designated Agreements pursuant to section 365 of the Bankruptcy Code.

5. Subsequently, on June 1, 2009, the Bankruptcy Court entered an order (Docket No. 3232) approving the sale of the Purchased Assets to the Purchaser. On June 10, 2009 (the "<u>Closing Date</u>"), the Debtors consummated the sale of the Purchased Assets to the Purchaser.

6. Consistent with the Contract Procedures, attached hereto as **Exhibit A** is a schedule identifying (a) an agreement that the Debtors have identified as a Designated Agreement that they intend to assume and assign to the Purchaser and (b) the corresponding Cure Cost under such Designated Agreement as of April 30, 2009 (the "<u>Assignment and Cure Schedule</u>"). This notice (the "<u>Assignment Notice</u>"), along with the Assignment and Cure Schedule, has been or will be served on the Non-Debtor Counterparty in accordance with the Contract Procedures. The Non-Debtor Counterparty has consented to the assumption and assignment of the Designated Agreement to the Purchaser and the corresponding Cure Cost.

7.	In accordance with Section 2.10 of the Purchase Agreement and paragraph 19(c) of the Bidding Procedures Order, the Debtors may, at the Purchaser's request or with the Purchaser's consent, designate, up to the Agreement Designation Deadline (as defined below), additional executory contracts and unexpired leases as agreements to be assumed by the Debtors and assigned to the Purchaser pursuant to the Purchase Agreement (collectively, the "Additional Designated Agreements").  As used herein the "Agreement Designation Deadline" means, as applicable, (a) 30 days after the Closing Date (as defined in the Purchase Agreement) with respect to the standard uniform dealership agreements in the form of the Chrysler Corporation Sales and Service Agreement, as well as agreements in the form of the Chrysler Direct Dealer Agreement; (b) 60 days after the Closing Date for executory contracts and unexpired leases with the Debtors' production suppliers; and (c) 90 days after the Closing Date for all other agreements.  In accordance with the Contract Procedures, the Debtors will file additional Assignment and Cure Schedules with this Court and serve additional Assumption Notices on applicable Non-Debtor Counterparties to the extent any executory contract or unexpired leases are designated to be Additional Designated Agreements.

8.	This Notice is qualified in its entirety by the Contract Procedures set forth in the Bidding Procedures Order, and the Non-Debtor Counterparty is encouraged to read the Contract Procedures in their entirety.

Dated: June 22, 2009  New York, New York

Respectfully submitted,

/s/ Corinne Ball
Corinne Ball
Nathan Lebioda
JONES DAY
222 East 41st Street
New York, New York  10017
Telephone:  (212) 326-3939
Facsimile:  (212) 755-7306

David G. Heiman
Thomas A. Wilson
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212

Jeffrey B. Ellman
JONES DAY
1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia  30309
Telephone:  (404) 521-3939
Facsimile:  (404) 581-8330

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION

# **EXHIBIT A**

| SUPPLIER NAME | SUPPLIER ADDRESS | SUPPLIER CODE | ASSUMED PURCHASE ORDER | CURE AMOUNT |
|---|---|---|---|---|
| LEON PLASTICS, INC. | ATTN: CHRIS AFENDOULIS, CPA<br>VICE PRESIDENT-FINANCE<br>4901 CLAY AVENUE S.W.<br>P.O. BOX 350<br>GRAND RAPIDS, MI 49501-0350 | 58700 | TO 05640001<br>CONSOLE PROGRAM TOOLING<br>PURCHASE ORDER | $0.00 |

ADDENDUM

        The executory contract (the "<u>Designated Agreement</u>") listed on this Exhibit A is hereby designated for assumption and assignment to the Purchaser in accordance with, and pursuant to, (1) section 365 of the Bankruptcy Code and (2) the terms and conditions of the Bidding Procedures Order.[1]

        The Designated Agreement includes all related modifications, amendments, supplements, addenda and restatements thereof, related memoranda of understanding, ancillary agreements thereto and any and all similar agreements, including, without limitation, any Assumption and Assignment Agreement.

        The Designated Agreement listed on this Exhibit A will be assumed and assigned to the Purchaser only to the extent that it constitutes an executory contract within the meaning of section 365 of the Bankruptcy Code.

        The identified Cure Cost represents the Cure Cost for the Designated Agreement. Prior to payment of the Cure Cost in accordance with the terms of the Bidding Procedures Order, the Cure Cost will be reduced by the aggregate amount of any payments made by the Debtors on account of pre-Petition Date claims against the Debtors. To the extent applicable, the Cure Cost may be adjusted to account for changes in applicable currency exchange rates. Generally, the Purchaser will make payment upon Cure Cost for Designated Agreements that are the subject of a Confirmation Notice in accordance with the terms of the Bidding Procedures Order.

---

[1] Capitalized terms used but not defined in this Addendum shall have the meanings given to them in the accompanying Assignment Notice.