JONES DAY
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Corinne Ball
Veerle Roovers

JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
David G. Heiman

JONES DAY
1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309
Telephone: (404) 521-3939
Facsimile: (404) 581-8330
Jeffrey B. Ellman

Attorneys for Debtors
and Debtors in Possession

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
:
In re                              :    Chapter 11
:
Old Carco LLC              :    Case No. 09-50002 (AJG)
(f/k/a Chrysler LLC), *et al.*,[1]   :
:    (Jointly Administered)
Debtors.    :
:
x
------------------------------------------------------------

### NOTICE OF HEARING ON FIFTEENTH OMNIBUS MOTION OF DEBTORS AND DEBTORS IN POSSESSION, PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 6006, FOR AN ORDER AUTHORIZING THE <u>REJECTION OF CERTAIN LEASES OF NON-RESIDENTIAL REAL PROPERTY</u>

### PLEASE TAKE NOTICE OF THE FOLLOWING:

---

[1]     A second amended list of the Debtors, their addresses and tax identification numbers is located on the docket for Case No. 09-50002 (AJG) (Docket No. 3945) and can also be found at www.chryslerrestructuring.com.

1.  A hearing to consider the Fifteenth Omnibus Motion of Debtors and Debtors in Possession, Pursuant to Section 365 of the Bankruptcy Code and Bankruptcy Rule 6006, for an Order Authorizing the Rejection of Certain Leases of Non-Residential Real Property (the "Motion"), filed by the above-captioned debtors and debtors in possession (the "Debtors"), shall be held before the Honorable Arthur J. Gonzalez, United States Bankruptcy Judge, in Room 523 of the United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004, on **July 16, 2009, at 10:00 a.m. (New York time).**

2.  Objections, if any, to the relief sought in the Motion must be made in writing, with a hard copy to Chambers, conform to the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court for the Southern District of New York and be filed with the Bankruptcy Court and must be served in accordance with the Administrative Order, Pursuant to Bankruptcy Rule 1015(c), Establishing Case Management and Scheduling Procedures (Docket No. 661) (the "Case Management Order"), so as to be actually received by the parties on the Special Service List (as defined in the Case Management Order) and the Nondebtor Parties identified on Exhibit A to the Motion not later than **12:00 p.m. (New York time) on July 13, 2009** (the "Objection Deadline").

3.  If no objections are timely filed and served with respect to the Motion, the Debtors may, on or after the Objection Deadline, submit to the Court an order substantially in the form attached to the Motion, which order shall be submitted and may be entered with no further notice or opportunity to be heard offered to any party.

4. Copies of the Motion, the Case Management Order and the Special Service List may be obtained from the Court's website at http://ecf.nysb-mega.uscourts.gov or, free of charge, at www.chryslerrestructuring.com.

Dated: July 2, 2009
      New York, New York

Respectfully submitted,

/s/ Corinne Ball
Corinne Ball
Veerle Roovers
JONES DAY
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

David G. Heiman
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212

Jeffrey B. Ellman
JONES DAY
1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309
Telephone: (404) 521-3939
Facsimile: (404) 581-8330

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

## PARTIES RECEIVING THIS FIFTEENTH OMNIBUS REJECTION MOTION SHOULD LOCATE THEIR NAMES AND THEIR LEASES IN THE ATTACHED EXHIBIT A

JONES DAY
222 East 41st Street
New York, New York  10017
Telephone:  (212) 326-3939
Facsimile:  (212) 755-7306
Corinne Ball
Veerle Roovers

JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
David G. Heiman

JONES DAY
1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia  30309
Telephone:  (404) 521-3939
Facsimile:  (404) 581-8330
Jeffrey B. Ellman

Attorneys for Debtors
and Debtors in Possession

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

| | |
|---|---|
| In re | : Chapter 11 |
| | : |
| Old Carco LLC | : Case No. 09-50002 (AJG) |
| (f/k/a Chrysler LLC), *et al.*, | : |
| | : (Jointly Administered) |
| Debtors. | : |
| | : |

-------------------------------------------------------------x

## FIFTEENTH OMNIBUS MOTION OF DEBTORS AND DEBTORS IN POSSESSION, PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 6006, FOR AN ORDER AUTHORIZING THE <u>REJECTION OF CERTAIN LEASES OF NON-RESIDENTIAL REAL PROPERTY</u>

TO THE HONORABLE ARTHUR J. GONZALEZ,
UNITED STATES BANKRUPTCY JUDGE:

Old Carco LLC (f/k/a Chrysler LLC) ("Old Carco") and its affiliated debtors and

debtors in possession (collectively with Old Carco, the "Debtors") respectfully represent as

follows:

**Background**

1.     On April 30, 2009 (the "Petition Date"), Old Carco and 24 of its affiliated

Debtors (collectively, the "Original Debtors") commenced their reorganization cases by filing

voluntary petitions for relief under chapter 11 of title 11 of the United States Code

(the "Bankruptcy Code").  On May 19, 2009, Debtor Alpha Holding LP ("Alpha") commenced

its reorganization case by filing a voluntary petition under chapter 11 of the Bankruptcy Code.

By orders of the Court (Docket Nos. 97 and 2188), the Debtors' chapter 11 cases have been

consolidated for procedural purposes only and are being administered jointly.

2.     The Debtors are authorized to continue to operate their businesses and

manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the

Bankruptcy Code.

3.     On May 5, 2009, the Office of the United States Trustee for the Southern

District of New York appointed an official committee of unsecured creditors, pursuant to

section 1102 of the Bankruptcy Code.

4.     As of the Petition Date, the Debtors and their nondebtor direct and indirect

subsidiaries (collectively, the "Old Carco Companies") comprised one of the world's largest

manufacturers and distributors of automobiles and other vehicles, together with related parts and

accessories.  On the Petition Date, the Old Carco Companies employed approximately

55,000 hourly and salaried employees worldwide, 70% of whom were based in the United States.

5.    For the 12 months ended December 31, 2008, the Old Carco Companies recorded revenue of more than $48.4 billion and had assets of approximately $39.3 billion and liabilities totaling $55.2 billion.

6.    In connection with the commencement of these cases, Old Carco and its Debtor subsidiaries, Fiat S.p.A. ("Fiat") and New Chrysler (as defined below) entered into a Master Transaction Agreement dated as of April 30, 2009 (as amended and collectively with other ancillary and supporting documents, the "Purchase Agreement").  The Purchase Agreement provided, among other things, that:  (a) Old Carco would transfer the majority of its operating assets to New CarCo Acquisition LLC (n/k/a Chrysler Group LLC) ("New Chrysler"), a newly established Delaware limited liability company formed by Fiat; and (b) in exchange for those assets, New Chrysler would assume certain liabilities of Old Carco and pay to Old Carco $2 billion in cash (collectively with the other transactions contemplated by the Purchase Agreement, the "Fiat Transaction").  On May 3, 2009, the Original Debtors filed a motion to approve the Fiat Transaction or a similar transaction with a competing bidder (Docket No. 190).

7.    On May 31, 2009, this Court issued:  (a) an Opinion Granting the Debtors' Motion Seeking Authority to Sell, Pursuant to § 363, Substantially All of the Debtors' Assets (Docket No. 3073) (the "Sale Opinion"); and (b) an Opinion and Order Regarding Emergency Economic Stabilization Act of 2008 and Troubled Asset Relief Program (Docket Nos. 3074 and 3229) (together with the Sale Opinion, the "Opinions").  On June 1, 2009 and consistent with the Sale Opinion, this Court entered an Order authorizing the Fiat Transaction (Docket No. 3232) (the "Sale Order").  On June 5, 2009, the United States Court of Appeals for the Second Circuit affirmed the Opinions and the Sale Order.  Consistent with the Sale Order, the Fiat Transaction was consummated on June 10, 2009.

## Jurisdiction

8.     This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

9.     Pursuant to section 365 of the Bankruptcy Code and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Debtors hereby seek the entry of an order authorizing them to reject the leases and subleases of non-residential real property (collectively, the "Leases")[1] identified on Exhibit A[2] attached hereto and incorporated herein by reference, effective as of the date hereof.

## Facts Relevant to This Motion

10.     The Debtors have engaged in a review of their unexpired leases.  As a result of their review, the Debtors have determined that the Leases are neither necessary nor valuable to their estates and will not be assumed and assigned in the Fiat Transaction.

11.     Each of the Leases is an "unexpired lease" within the meaning of section 365 of the Bankruptcy Code, capable of being rejected by the Debtors.  To the extent that any Lease already has expired or been terminated, it is included herein out of an abundance of caution.

---

[1]     Each Lease includes any modifications, amendments, addenda or supplements thereto or restatements thereof, and any rights, obligations or tenancies arising as a result of any hold-over, with or without consent, beyond the stated term of such Lease with respect to the property referenced therein.

[2]     For each Lease, Exhibit A includes: (a) a description of the Lease; (b) the names and addresses of the parties; (c) the current monthly rent; (d) the term of the Lease and (e) the Debtors' reference code for the applicable parcel of real property.  Copies of the Leases are not attached hereto, but are available from the Debtors' counsel upon request.  The terms of the Leases included in Exhibit A are provided for convenience only and are not intended to modify, or to represent the Debtors' interpretation of, the terms of any Lease.

# Argument

12.     Section 365(a) of the Bankruptcy Code provides that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease." 11 U.S.C. § 365(a).  Courts routinely approve motions to assume, assume and assign or reject executory contracts or unexpired leases upon a showing that the debtor's decision to take such action will benefit the debtor's estate and is an exercise of sound business judgment.  See Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.), 4 F.3d 1095, 1099 (2d Cir. 1993) (stating that section 365 of the Bankruptcy Code "permits the trustee or debtor-in-possession, subject to the approval of the bankruptcy court, to go through the inventory of executory contracts of the debtor and decide which ones it would be beneficial to adhere to and which ones it would be beneficial to reject."); see also NLRB v. Bildisco & Bildisco, 465 U.S. 513, 523 (1984) (stating that the traditional standard applied by courts to authorize the rejection of an executory contract is that of "business judgment"); In re Gucci, 193 B.R. 411, 415 (S.D.N.Y. 1996) ("A bankruptcy court reviewing a trustee's decision to assume or reject an executory contract should apply its 'business judgment' to determine if it would be beneficial or burdensome to the estate to assume it.").

13.     Courts generally will not second-guess a debtor's business judgment concerning the assumption or rejection of an executory contract or unexpired lease.  See In re Riodizio, Inc., 204 B.R. 417, 424 (Bankr. S.D.N.Y. 1997) ("[A] court will ordinarily defer to the business judgment of the debtor's management"); accord Phar-Mor, Inc. v. Strouss Bldg. Assocs., 204 B.R. 948, 951-52 (Bankr. N.D. Ohio 1997) ("Whether an executory contract is 'favorable' or 'unfavorable' is left to the sound business judgment of the debtor . . . . Courts should generally defer to a debtor's decision whether to reject an executory contract."). The "business judgment" test is not a strict standard; it merely requires a showing that either

assumption or rejection of the unexpired lease will benefit a debtor's estate. See, e.g., Bregman v. Meehan (In re Meehan), 59 B.R. 380, 385 (E.D.N.Y. 1986) ("The business judgment test is a flexible one . . . . The primary issue under the business judgment test is whether rejection of the contract would benefit general unsecured creditors."); In re Helm, 335 B.R. 528, 538 (Bankr. S.D.N.Y. 2006) ("To meet the business judgment test, the debtor in possession must establish that rejection will benefit the estate."); Westbury Real Estate Ventures, Inc. v. Bradlees, Inc. (In re Bradlees Stores, Inc.), 194 B.R. 555, 558 n.1 (Bankr. S.D.N.Y. 1996) ("In reviewing a debtor's decision to assume or reject an executory contract, the court must examine the contract and circumstances and apply its best 'business judgment' to determine if the assumption or rejection would be beneficial or burdensome to the estate.").

14.     New Chrysler has determined not to accept an assignment of the Leases in connection with the Fiat Transaction. In addition, following the consummation of the Fiat Transaction, the Debtors are in the process of winding down their business affairs and have no further need for the premises made available under the Leases. Moreover, the Debtors have determined that the Leases do not have any realizable value in the marketplace. As such, the Leases are not necessary or valuable to the Debtors' business activities or the wind down process. The Debtors believe that maintaining the Leases under these circumstances would unnecessarily deplete the assets of the Debtors' estates to the direct detriment of their creditors.

15.     Courts commonly permit rejection of an executory contract or unexpired lease effective as of the date on which the nondebtor party to an executory contract or unexpired lease was given definitive notice of the debtor's intent to reject. See, e.g., In re Jamesway Corp., 179 B.R. 33, 38 (S.D.N.Y. 1995) ("[A] court can, where appropriate, approve rejection retroactively."); accord In re CCI Wireless LLC, 279 B.R. 590, 595 (Bankr. D. Colo. 2002)

("This Court may — and in this instance should — approve the rejection of a non-residential lease retroactive to the filing date of the motion to reject the lease."); In re Joseph C. Spiess Co., 145 B.R. 597, 606 (N.D. Ill. 1992) (rejection is effective when landlord receives notice of debtor's intent to reject).

16.     In light of the fact that (a) this Motion provides the landlords under the Leases with definitive notice of the Debtors' decision to reject and (b) the Debtors' estates are deriving no benefit from the continuation of the Leases, the Debtors believe, in the sound exercise of their business judgment, that rejection of the Leases effective as of the date of this Motion is in the best interests of their estates and stakeholders.

### Notice

17.     No trustee or examiner has been appointed in these chapter 11 cases. In accordance with the Administrative Order, Pursuant to Bankruptcy Rule 1015(c), Establishing Case Management and Scheduling Procedures (Docket No. 661) (the "Case Management Order"), entered on May 12, 2009, notice of this Motion has been given to the parties identified on the General Service List and the Special Service List (as such terms are identified in the Case Management Order), and to the nondebtor counterparties to the Leases identified in Exhibit A. The Debtors submit that no other or further notice need be provided.

### No Prior Request

18.     No prior request for the relief sought in this Motion has been made to this or any other Court.

WHEREFORE, the Debtors respectfully request that the Court (a) enter an order substantially in the form attached hereto as Exhibit B, granting the relief requested herein; and (b) grant such other and further relief to the Debtors as the Court may deem proper.

Dated: July 2, 2009
       New York, New York

Respectfully submitted,

 /s/ Corinne Ball
Corinne Ball
Veerle Roovers
JONES DAY
222 East 41st Street
New York, New York  10017
Telephone:  (212) 326-3939
Facsimile:  (212) 755-7306

David G. Heiman
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212

Jeffrey B. Ellman
JONES DAY
1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia  30309
Telephone:  (404) 521-3939
Facsimile:  (404) 581-8330

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

# EXHIBIT A

## Schedule of Rejected Leases[1]

| Description of the Lease | Nondebtor Parties | Debtor Party | Periodic Payments[2] | Expiration of Lease | Property Reference |
|---|---|---|---|---|---|
| Long Term Ground Lease Agreement for property located at the southwest corner of the Old Seward and Tudor Road intersection, Anchorage, AK, dated February 21, 1990, as amended. | Culhane Rentals, LLC c/o Rosewood Management, Inc. 6171 Rosewood Street Anchorage, AK 99518 | Old Carco Realty Company LLC (f/k/a Chrysler Realty Company LLC), as successor in interest to Chrysler Realty Corporation | $12,000.00 monthly rent | February 28, 2010 | AK4064 |
| Lease for property known as 5548 Paseo Del Norte, Carlsbad, CA, dated January 29, 1987, as amended. | Donald D. Sharp as Trustee of the Donald D. Sharp Intervivos Trust 5850 Avenida Encinas Carlsbad, CA 92008 with a copy to: John S. Einhorn, Esq. 401 West A Street, Suite 1200 San Diego, CA 92101 | Old Carco Realty Company LLC (f/k/a Chrysler Realty Company LLC), as successor in interest to Chrysler Realty Corporation and Meister Dodge, Inc. | $32,160.00 monthly rent | February 28, 2013 | CA2142 |
| Long Term Ground Lease for property known as 6701 Amador Plaza, Dublin, CA, dated November 19, 1998, as amended. | Enea Plaza 6670 Amador Plaza Road Dublin, CA 94568 | Old Carco Realty Company LLC (f/k/a Chrysler Realty Company LLC), as successor in interest to Chrysler Realty Corporation | $35,476.00 monthly rent | May 16, 2014 | CA2375 |

---

[1]  Each Lease includes any modifications, amendments, addenda or supplements thereto or restatements thereof, and any rights, obligations or tenancies arising as a result of any hold-over, with or without consent, beyond the stated term of such Lease with respect to the property referenced therein.

[2]  The amounts listed in this column constitute the current base rent owed under the applicable Lease.  To the extent that the Lease obligations include items such as common area maintenance, insurance, tax and utilities, such amounts are not specified in this column and may vary under each applicable Lease in terms of amount and frequency of payment.

| Description of the Lease | Nondebtor Parties | Debtor Party | Periodic Payments[2] | Expiration of Lease | Property Reference |
|---|---|---|---|---|---|
| Dealer Sublease for 6701 Amador Plaza, Dublin, CA, dated June 25, 2004, as amended. | Stoneridge Motors, Inc., dba Stoneridge Chrysler Jeep Dodge 6701 Amador Plaza Dublin, CA 94568 | Old Carco Realty Company LLC (f/k/a Chrysler Realty Company LLC), as successor in interest to Chrysler Realty Corporation | $39,024.00 monthly rent | August 14, 2009 | CA2375 |
| Lease for property known as 2800 Cherry Avenue, Signal Hill CA, dated September 11, 2000, as amended. | M.F. Salta Company, Inc. Attn: James H. Smith 4040 Paramount Blvd Lakewood, CA 90712 and: 680 Newport Center Drive Suite 270 Newport Beach, CA 92660 | Old Carco Realty Company LLC (f/k/a Chrysler Realty Company LLC), as successor in interest to Chrysler Realty Corporation | $56,611.20 monthly rent | October 31, 2010 | CA2507 |
| Prime Lease for property known as 4850 N. Blackstone Avenue, Fresno, CA, dated January 24, 2006. | The Arnold Living Trust Robert C. Arnold 11525 N. Highway 41 Madera, CA 93638 | Old Carco Realty Company LLC (f/k/a Chrysler Realty Company LLC) | $24,460.00 monthly rent | February 28, 2027 | CA7521 |
| Dealer Build Lease Agreement for property known as 1555 W. Indiantown Rd, Jupiter, FL, dated February 23, 1989, as amended. * | Wendell H. Miller 4455 Vestal Parkway Vestal, NY 13850 and: 2075 South Ocean Boulevard Delray Beach, FL 33483 | Old Carco Realty Company LLC (f/k/a Chrysler Realty Company LLC), as successor in interest to Chrysler Realty Corporation | $26,194.00 monthly rent | January 31, 2010 | FL2206 |

---

\*     There was a sublease associated with this prime lease, as to which the indicated Debtor Party was the sublessor to a dealer.  The applicable dealership agreement and all ancillary agreements thereto were rejected under the Order, Pursuant to Sections 105 and 365 of the Bankruptcy Code and Bankruptcy Rule 6006, (A) Authorizing the Rejection of Executory Contracts and Unexpired Leases With Certain Domestic Dealers and (B) Granting Certain Related Relief (Docket No. 3802) (the "Dealership Rejection Order").  The sublease was an Ancillary Agreement as defined in the Dealership Rejection Order and therefore was rejected pursuant to the Dealership Rejection Order.

NYI-4197560v2

| Description of the Lease | Nondebtor Parties | Debtor Party | Periodic Payments[2] | Expiration of Lease | Property Reference |
|---|---|---|---|---|---|
| Dealer Lease for property known as 2000 North State Rd. #7, Lauderdale Lakes, FL 33313-7098, dated June 10, 2005. | Monarch Dodge, Inc. 2000 North State Rd. #7 Lauderdale Lakes, FL 33313-7098 | Old Carco Realty Company LLC (f/k/a Chrysler Realty Company LLC) | $40,000.00 monthly rent | August 15, 2010 | FL7058 |
| Long Term Ground Lease for property known as 190 Avenue K, S.W. Winter Haven, FL, dated November 18, 1971, as amended. | A.M. Klemm & Son 950 S. Lake Adair Blvd Orlando, FL 32804 | Old Carco Realty Company LLC (f/k/a Chrysler Realty Company LLC), as successor in interest to Chrysler Realty Corporation | $11,500.00 monthly rent | April 30, 2022 | FL7195 |
| Dealer Lease for property known as 5765 Peachtree Industrial Blvd., Atlanta, GA 30341, dated June 10, 2005. | Peachtree Automotive Acquisitions, Inc. dba Atlanta Chrysler Jeep Dodge 5765 Peachtree Industrial Blvd. Atlanta, GA 30341 | Old Carco Realty Company LLC (f/k/a Chrysler Realty Company LLC), as successor in interest to Chrysler Realty Corporation | $64,756.00 monthly rent | October 31, 2008 | GA2272 |
| Lease Agreement for property known as 113 W. 162nd Street, South Holland, IL, dated July 10, 1984, as amended. * | Patrick Fitzgibbon Family Trust South Holland Dodge 3052 W. 111th Street Chicago, IL 60655 | Old Carco Realty Company LLC (f/k/a Chrysler Realty Company LLC), as successor in interest to Chrysler Realty Corporation | $12,000.00 monthly rent | July 8, 2009 | IL2021 |
| Lease Agreement for property known as 5760 W. 95th Street, Oak Lawn, IL, dated June 6, 2003.* | Oak Brook Bank Trustee of Trust No. 3209 1400 16th Street Oak Brook, IL | Old Carco Realty Company LLC (f/k/a Chrysler Realty Company LLC), as successor in interest to Chrysler Realty Corporation | $56,000.00 monthly rent | June 30, 2023 | IL2576 |

---

\*    There was a sublease associated with this prime lease, as to which the indicated Debtor Party was the sublessor to a dealer.  The applicable dealership agreement and all ancillary agreements thereto were rejected under the Order, Pursuant to Sections 105 and 365 of the Bankruptcy Code and Bankruptcy Rule 6006, (A) Authorizing the Rejection of Executory Contracts and Unexpired Leases With Certain Domestic Dealers and (B) Granting Certain Related Relief (Docket No. 3802) (the "Dealership Rejection Order").  The sublease was an Ancillary Agreement as defined in the Dealership Rejection Order and therefore was rejected pursuant to the Dealership Rejection Order.

-3-

| Description of the Lease | Nondebtor Parties | Debtor Party | Periodic Payments[2] | Expiration of Lease | Property Reference |
|---|---|---|---|---|---|
| Dealer Lease for property known as 17225 Torrence Ave., Lansing, IL, dated February 8, 2005. | River Oaks Chrysler Jeep 17225 Torrence Ave. Lansing, IL. 60438 | Old Carco Realty Company LLC (f/k/a Chrysler Realty Company LLC) | $17,482.00 monthly rent | April 30, 2010 | IL6952 |
| Dealer Lease for property known as 9401 E. 350 Hwy, Raytown, MO, dated September 16, 2002. | Crawford's Raytown Jeep Eagle Co. 9401 E. 350 Hwy Raytown, MO 64133 | Old Carco Realty Company LLC (f/k/a Chrysler Realty Company LLC), as successor in interest to Chrysler Realty Corporation | $6,767.00 | November 30, 2007 | MO4033 |
| Lease Agreement for property known as 223 E. Goodman, Southhaven, MS, dated June 30, 1997, as amended.* | Frank P. Smith 6435 Hunters Trail Cincinnati, OH 45243 | Old Carco Realty Company LLC (f/k/a Chrysler Realty Company LLC), as successor in interest to Chrysler Realty Corporation | $20,800.00 monthly rent | June 30, 2012 | MS2305 |
| Lease for property known as 604 Highway US-70 By-Pass East, Goldsboro, NC, dated June 14, 2000, as amended.* | MLC Automotive, LLC 5601 Capital Boulevard Raleigh, NC 27604 | Old Carco Realty Company LLC (f/k/a Chrysler Realty Company LLC), as successor in interest to Chrysler Realty Corporation | $16,500.00 monthly rent | June 13, 2010 | NC2479 |
| Long Term Lease for property known as 1200 Lomas Blvd., N.E., Albuquerque, NM, dated November 1, 1964, as amended. | Sandia Foundation 6211 San Mateo Blvd N.E. Suite 100 Albuquerque, NM 87109 | Old Carco Realty Company LLC (f/k/a Chrysler Realty Company LLC), as successor in interest to Chrysler Realty Corporation and Chrysler Motors Corporation | $5,328.64 monthly rent | October 31, 2009 | NM6009 |

---

\*    There was a sublease associated with this prime lease, as to which the indicated Debtor Party was the sublessor to a dealer.  The applicable dealership agreement and all ancillary agreements thereto were rejected under the Order, Pursuant to Sections 105 and 365 of the Bankruptcy Code and Bankruptcy Rule 6006, (A) Authorizing the Rejection of Executory Contracts and Unexpired Leases With Certain Domestic Dealers and (B) Granting Certain Related Relief (Docket No. 3802) (the "Dealership Rejection Order"). The sublease was an Ancillary Agreement as defined in the Dealership Rejection Order and therefore was rejected pursuant to the Dealership Rejection Order.

-4-

| Description of the Lease | Nondebtor Parties | Debtor Party | Periodic Payments[2] | Expiration of Lease | Property Reference |
|---|---|---|---|---|---|
| Long Term Ground Lease for property known as 3845 Sheridan Drive, Buffalo, NY, dated February 6, 1968, as amended. | Myra Lewis, Executrix of the Estate of Edwin Gaiser<br>350 Via Esplanade<br>Punta Gorda, FL 33950 | Old Carco Realty Company LLC (f/k/a Chrysler Realty Company LLC), as successor in interest to Chrysler Realty Corporation | $400.00 monthly rent | October 31, 2012 | NY9031 |
| Lease Agreement for property known as 13439 Preston Rd., Dallas, TX, dated December 9, 1964, as amended. * | Charles Inge and Bank of America, N.A. Trustees of the H.P. Inge Trust U/W<br>c/o Don Harris, VP<br>Bank of America, N.A.<br>P.O. Box 831500<br>Dallas, TX 75283-1500<br><br>Helen B. Davis<br>5500 Preston Rd, Ste 320<br>Dallas, TX 75205<br><br>Hannah Cutshall<br>4501 Highland Drive<br>Dallas, TX 75205<br><br>Henry C. Beck, III<br>1700 Pacific Ave, Ste 3800<br>Dallas, TX 75201<br><br>Kalita Beck McCarthy<br>5510 Farquhar<br>Dallas, TX 75209<br><br>Gordon A. Lowther and James W. Robertson, Co-Trustees of Hiram Walker Royall Art C Trust, John Blaffer Royall Art IV C Trust, Wirt Davis Johnson Art IV C | Old Carco Realty Company LLC (f/k/a Chrysler Realty Company LLC), as successor in interest to Chrysler Realty Corporation and Chrysler Motors Corporation | $31,050.00 monthly rent | January 31, 2010 | TX6050 |

\* There was a sublease associated with this prime lease, as to which the indicated Debtor Party was the sublessor to a dealer. The applicable dealership agreement and all ancillary agreements thereto were rejected under the Order, Pursuant to Sections 105 and 365 of the Bankruptcy Code and Bankruptcy Rule 6006, (A) Authorizing the Rejection of Executory Contracts and Unexpired Leases With Certain Domestic Dealers and (B) Granting Certain Related Relief (Docket No. 3802) (the "Dealership Rejection Order") (the "Dealership Rejection Order"). The sublease was an Ancillary Agreement as defined in the Dealership Rejection Order and therefore was rejected pursuant to the Dealership Rejection Order.

| Description of the Lease | Nondebtor Parties | Debtor Party | Periodic Payments[2] | Expiration of Lease | Property Reference |
|---|---|---|---|---|---|
| | Trust, Seth C.B. Johnson Art IV C Trust, and Kaleta Hardin Johnson Art IV C Trust c/o Gordon A. Lowther 9301 Southwest Freeway, Ste 340 Houston, TX 77074<br><br>Gordon A. Lowther and Reeda J. Brown, Co-Trustees for Nicholas Van Campen Taylor Art. IV C Trust, Katherine Camilla Taylor Art IV C Trust, and Christie H. Van Vraanken Taylor Art. IV C Trust c/o Gordon A. Lowther 9301 Southwest Freeway, Ste 340 Houston, TX 77074<br><br>Roberta A. Hrdy, Trustee for Catherine Belknap Hrdy Art IV C Trust, Camilla Alexandra Hrdy Art IV C Trust, Nicholas Hardin Hrdy Art. IV C Trust c/o Gordon A. Lowther 9301 Southwest Freeway, Ste 340 Houston, TX 77074 | | | | |
| Dealer Lease for property known as 7309 N. I-35, Austin, TX, dated October 27, 2006, as amended. | Allen Samuels Dodge 7309 N. I-35, Austin, TX 78752 | Old Carco Realty Company LLC (f/k/a Chrysler Realty Company LLC) | $28,256.00 | October 31, 2011 | TX6744 |

---

\* There was a sublease associated with this prime lease, as to which the indicated Debtor Party was the sublessor to a dealer. The applicable dealership agreement and all ancillary agreements thereto were rejected under the Order, Pursuant to Sections 105 and 365 of the Bankruptcy Code and Bankruptcy Rule 6006, (A) Authorizing the Rejection of Executory Contracts and Unexpired Leases With Certain Domestic Dealers and (B) Granting Certain Related Relief (Docket No. 3802) (the "Dealership Rejection Order"). The sublease was an Ancillary Agreement as defined in the Dealership Rejection Order and therefore was rejected pursuant to the Dealership Rejection Order.

NY1-4197560v2

# **EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
--------------------------------------------------------------x
                                          :
In re                                     :    Chapter 11
                                          :
Old Carco LLC                             :    Case No. 09-50002 (AJG)
(f/k/a Chrysler LLC), et al.,             :
                                          :    (Jointly Administered)
                        Debtors.          :
                                          :
--------------------------------------------------------------x
```

## FIFTEENTH ORDER AUTHORIZING THE REJECTION
## OF CERTAIN LEASES OF NON-RESIDENTIAL REAL PROPERTY

This matter coming before the Court on the Fifteenth Omnibus Motion of Debtors

and Debtors in Possession, Pursuant to Section 365 of the Bankruptcy Code and Bankruptcy

Rule 6006, for an Order Authorizing the Rejection of Certain Leases of Non-Residential Real

Property (the "Motion"),[1] filed by the debtors and debtors in possession in the above-captioned

cases (collectively, the "Debtors"); the Court having reviewed the Motion and having considered

the statements of counsel and the evidence adduced with respect to the Motion at a hearing

before the Court (the "Hearing"); the Court having found that (a) the Court has jurisdiction over

this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to

28 U.S.C. § 157(b), (c) notice of the Motion and the Hearing was sufficient under the

circumstances and (d) a sound business purpose exists for the relief granted herein; and the Court

having determined that the legal and factual bases set forth in the Motion and at the Hearing

establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1.    The Motion is GRANTED as set forth herein.

---

[1]    Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

2.     The Debtors are authorized to reject the Leases[2] identified on the attached

Schedule 1, which is incorporated herein by reference, and the Leases are deemed rejected,

pursuant to section 365 of the Bankruptcy Code, effective as of July 2, 2009.

3.     This Court shall retain jurisdiction to resolve all matters relating to the

implementation of this Order.

Dated: New York, New York
              _____, 2009

_____
UNITED STATES BANKRUPTCY JUDGE

---

[2]     Each Lease includes any modifications, amendments, addenda or supplements thereto or restatements thereof, and any rights, obligations or tenancies arising as a result of any hold-over, with or without consent, beyond the stated term of such Lease with respect to the property referenced therein. The terms of the Leases included in Schedule 1 are provided for convenience only and are not intended to modify, or to represent the Debtors' interpretation of or a Court determination regarding, the terms of any Lease.

# SCHEDULE 1

## Schedule of Rejected Leases[1]

| Description of the Lease | Nondebtor Parties | Debtor Party | Periodic Payments[2] | Expiration of Lease | Property Reference |
|---|---|---|---|---|---|
| Long Term Ground Lease Agreement for property located at the southwest corner of the Old Seward and Tudor Road intersection, Anchorage, AK, dated February 21, 1990, as amended. | Culhane Rentals, LLC c/o Rosewood Management, Inc. 6171 Rosewood Street Anchorage, AK 99518 | Old Carco Realty Company LLC (f/k/a Chrysler Realty Company LLC), as successor in interest to Chrysler Realty Corporation | $12,000.00 monthly rent | February 28, 2010 | AK4064 |
| Lease for property known as 5548 Paseo Del Norte, Carlsbad, CA, dated January 29, 1987, as amended. | Donald D. Sharp as Trustee of the Donald D. Sharp Intervivos Trust 5850 Avenida Encinas Carlsbad, CA 92008 with a copy to: John S. Einhorn, Esq. 401 West A Street, Suite 1200 San Diego, CA 92101 | Old Carco Realty Company LLC (f/k/a Chrysler Realty Company LLC), as successor in interest to Chrysler Realty Corporation and Meister Dodge, Inc. | $32,160.00 monthly rent | February 28, 2013 | CA2142 |
| Long Term Ground Lease for property known as 6701 Amador Plaza, Dublin, CA, dated November 19, 1998, as amended. | Enea Plaza 6670 Amador Plaza Road Dublin, CA 94568 | Old Carco Realty Company LLC (f/k/a Chrysler Realty Company LLC), as successor in interest to Chrysler Realty Corporation | $35,476.00 monthly rent | May 16, 2014 | CA2375 |

---

[1]   Each Lease includes any modifications, amendments, addenda or supplements thereto or restatements thereof, and any rights, obligations or tenancies arising as a result of any hold-over, with or without consent, beyond the stated term of such Lease with respect to the property referenced therein.

[2]   The amounts listed in this column constitute the current base rent owed under the applicable Lease. To the extent that the Lease obligations include items such as common area maintenance, insurance, tax and utilities, such amounts are not specified in this column and may vary under each applicable Lease in terms of amount and frequency of payment.

NYI-4197560v2

| Description of the Lease | Nondebtor Parties | Debtor Party | Periodic Payments [2] | Expiration of Lease | Property Reference |
|---|---|---|---|---|---|
| Dealer Sublease for 6701 Amador Plaza, Dublin, CA, dated June 25, 2004, as amended. | Stoneridge Motors, Inc., dba Stoneridge Chrysler Jeep Dodge<br>6701 Amador Plaza<br>Dublin, CA 94568 | Old Carco Realty Company LLC (f/k/a Chrysler Realty Company LLC), as successor in interest to Chrysler Realty Corporation | $39,024.00 monthly rent | August 14, 2009 | CA2375 |
| Lease for property known as 2800 Cherry Avenue, Signal Hill CA, dated September 11, 2000, as amended. | M.F. Salta Company, Inc.<br>Attn: James H. Smith<br>4040 Paramount Blvd<br>Lakewood, CA 90712<br>and:<br>680 Newport Center Drive<br>Suite 270<br>Newport Beach, CA 92660 | Old Carco Realty Company LLC (f/k/a Chrysler Realty Company LLC), as successor in interest to Chrysler Realty Corporation | $56,611.20 monthly rent | October 31, 2010 | CA2507 |
| Prime Lease for property known as 4850 N. Blackstone Avenue, Fresno, CA, dated January 24, 2006. | The Arnold Living Trust<br>Robert C. Arnold<br>11525 N. Highway 41<br>Madera, CA 93638 | Old Carco Realty Company LLC (f/k/a Chrysler Realty Company LLC) | $24,460.00 monthly rent | February 28, 2027 | CA7521 |
| Dealer Build Lease Agreement for property known as 1555 W. Indiantown Rd, Jupiter, FL, dated February 23, 1989, as amended. * | Wendell H. Miller<br>4455 Vestal Parkway<br>Vestal, NY 13850<br>and:<br>2075 South Ocean Boulevard<br>Delray Beach, FL 33483 | Old Carco Realty Company LLC (f/k/a Chrysler Realty Company LLC), as successor in interest to Chrysler Realty Corporation | $26,194.00 monthly rent | January 31, 2010 | FL2206 |

---

\*     There was a sublease associated with this prime lease, as to which the indicated Debtor Party was the sublessor to a dealer. The applicable dealership agreement and all ancillary agreements thereto were rejected under the Order, Pursuant to Sections 105 and 365 of the Bankruptcy Code and Bankruptcy Rule 6006, (A) Authorizing the Rejection of Executory Contracts and Unexpired Leases With Certain Domestic Dealers and (B) Granting Certain Related Relief (Docket No. 3802) (the "Dealership Rejection Order"). The sublease was an Ancillary Agreement as defined in the Dealership Rejection Order and therefore was rejected pursuant to the Dealership Rejection Order.

| Description of the Lease | Nondebtor Parties | Debtor Party | Periodic Payments[2] | Expiration of Lease | Property Reference |
|---|---|---|---|---|---|
| Dealer Lease for property known as 2000 North State Rd. #7, Lauderdale Lakes, FL 33313-7098, dated June 10, 2005. | Monarch Dodge, Inc. 2000 North State Rd. #7 Lauderdale Lakes, FL 33313-7098 | Old Carco Realty Company LLC (f/k/a Chrysler Realty Company LLC) | $40,000.00 monthly rent | August 15, 2010 | FL7058 |
| Long Term Ground Lease for property known as 190 Avenue K, S.W. Winter Haven, FL, dated November 18, 1971, as amended. | A.M. Klemm & Son 950 S. Lake Adair Blvd Orlando, FL 32804 | Old Carco Realty Company LLC (f/k/a Chrysler Realty Company LLC), as successor in interest to Chrysler Realty Corporation | $11,500.00 monthly rent | April 30, 2022 | FL7195 |
| Dealer Lease for property known as 5765 Peachtree Industrial Blvd., Atlanta, GA 30341, dated June 10, 2005. | Peachtree Automotive Acquisitions, Inc. dba Atlanta Chrysler Jeep Dodge 5765 Peachtree Industrial Blvd. Atlanta, GA 30341 | Old Carco Realty Company LLC (f/k/a Chrysler Realty Company LLC), as successor in interest to Chrysler Realty Corporation | $64,756.00 monthly rent | October 31, 2008 | GA2272 |
| Lease Agreement for property known as 113 W. 162nd Street, South Holland, IL, dated July 10, 1984, as amended.* | Patrick Fitzgibbon Family Trust South Holland Dodge 3052 W. 111th Street Chicago, IL 60655 | Old Carco Realty Company LLC (f/k/a Chrysler Realty Company LLC), as successor in interest to Chrysler Realty Corporation | $12,000.00 monthly rent | July 8, 2009 | IL2021 |
| Lease Agreement for property known as 5760 W. 95th Street, Oak Lawn, IL, dated June 6, 2003.* | Oak Brook Bank Trustee of Trust No. 3209 1400 16th Street Oak Brook, IL | Old Carco Realty Company LLC (f/k/a Chrysler Realty Company LLC), as successor in interest to Chrysler Realty Corporation | $56,000.00 monthly rent | June 30, 2023 | IL2576 |

---

\* There was a sublease associated with this prime lease, as to which the indicated Debtor Party was the sublessor to a dealer. The applicable dealership agreement and all ancillary agreements thereto were rejected under the Order, Pursuant to Sections 105 and 365 of the Bankruptcy Code and Bankruptcy Rule 6006, (A) Authorizing the Rejection of Executory Contracts and Unexpired Leases With Certain Domestic Dealers and (B) Granting Certain Related Relief (Docket No. 3802) (the "Dealership Rejection Order"). The sublease was an Ancillary Agreement as defined in the Dealership Rejection Order and therefore was rejected pursuant to the Dealership Rejection Order.

NY1-4197560v2

| Description of the Lease | Nondebtor Parties | Debtor Party | Periodic Payments[2] | Expiration of Lease | Property Reference |
|---|---|---|---|---|---|
| Dealer Lease for property known as 17225 Torrence Ave., Lansing, IL, dated February 8, 2005. | River Oaks Chrysler Jeep 17225 Torrence Ave. Lansing, IL 60438 | Old Carco Realty Company LLC (f/k/a Chrysler Realty Company LLC) | $17,482.00 monthly rent | April 30, 2010 | IL6952 |
| Dealer Lease for property known as 9401 E. 350 Hwy, Raytown, MO, dated September 16, 2002. | Crawford's Raytown Jeep Eagle Co. 9401 E. 350 Hwy Raytown, MO 64133 | Old Carco Realty Company LLC (f/k/a Chrysler Realty Company LLC), as successor in interest to Chrysler Realty Corporation | $6,767.00 | November 30, 2007 | MO4033 |
| Lease Agreement for property known as 223 E. Goodman, Southhaven, MS, dated June 30, 1997, as amended.* | Frank P. Smith 6435 Hunters Trail Cincinnati, OH 45243 | Old Carco Realty Company LLC (f/k/a Chrysler Realty Company LLC), as successor in interest to Chrysler Realty Corporation | $20,800.00 monthly rent | June 30, 2012 | MS2305 |
| Lease for property known as 604 Highway US-70 By-Pass East, Goldsboro, NC, dated June 14, 2000, as amended.* | MLC Automotive, LLC 5601 Capital Boulevard Raleigh, NC 27604 | Old Carco Realty Company LLC (f/k/a Chrysler Realty Company LLC), as successor in interest to Chrysler Realty Corporation | $16,500.00 monthly rent | June 13, 2010 | NC2479 |
| Long Term Lease for property known as 1200 Lomas Blvd., N.E., Albuquerque, NM, dated November 1, 1964, as amended. | Sandia Foundation 6211 San Mateo Blvd N.E. Suite 100 Albuquerque, NM 87109 | Old Carco Realty Company LLC (f/k/a Chrysler Realty Company LLC), as successor in interest to Chrysler Realty Corporation and Chrysler Motors Corporation | $5,328.64 monthly rent | October 31, 2009 | NM6009 |

---

\*     There was a sublease associated with this prime lease, as to which the indicated Debtor Party was the sublessor to a dealer. The applicable dealership agreement and all ancillary agreements thereto were rejected under the Order, Pursuant to Sections 105 and 365 of the Bankruptcy Code and Bankruptcy Rule 6006, (A) Authorizing the Rejection of Executory Contracts and Unexpired Leases With Certain Domestic Dealers and (B) Granting Certain Related Relief (Docket No. 3802) (the "Dealership Rejection Order"). The sublease was an Ancillary Agreement as defined in the Dealership Rejection Order and therefore was rejected pursuant to the Dealership Rejection Order.

NYI-4197560v2

| Description of the Lease | Nondebtor Parties | Debtor Party | Periodic Payments[2] | Expiration of Lease | Property Reference |
|---|---|---|---|---|---|
| Long Term Ground Lease for property known as 3845 Sheridan Drive, Buffalo, NY, dated February 6, 1968, as amended. | Myra Lewis, Executrix of the Estate of Edwin Gaiser 350 Via Esplanade Punta Gorda, FL 33950 | Old Carco Realty Company LLC (f/k/a Chrysler Realty Company LLC), as successor in interest to Chrysler Realty Corporation | $400.00 monthly rent | October 31, 2012 | NY9031 |
| Lease Agreement for property known as 13439 Preston Rd., Dallas, TX, dated December 9, 1964, as amended. * | Charles Inge and Bank of America, N.A. Trustees of the H.P. Inge Trust U/W c/o Don Harris, VP Bank of America, N.A. P.O. Box 831500 Dallas, TX 75283-1500<br><br>Helen B. Davis 5500 Preston Rd., Ste 320 Dallas, TX 75205<br><br>Hannah Cutshall 4501 Highland Drive Dallas, TX 75205<br><br>Henry C. Beck, III 1700 Pacific Ave., Ste 3800 Dallas, TX 75201<br><br>Kalita Beck McCarthy 5510 Farquhar Dallas, TX 75209<br><br>Gordon A. Lowther and James W. Robertson, Co-Trustees of Hiram Walker Royall Art C Trust, John Blaffer Royall Art IV C Trust, Wirt Davis Johnson Art IV C Trust, Seth C.B. Johnson Art IV C Trust, and Kaleta Hardin | Old Carco Realty Company LLC (f/k/a Chrysler Realty Company LLC), as successor in interest to Chrysler Realty Corporation and Chrysler Motors Corporation | $31,050.00 monthly rent | January 31, 2010 | TX6050 |

\*   There was a sublease associated with this prime lease, as to which the indicated Debtor Party was the sublessor to a dealer. The applicable dealership agreement and all ancillary agreements thereto were rejected under the Order, Pursuant to Sections 105 and 365 of the Bankruptcy Code and Bankruptcy Rule 6006, (A) Authorizing the Rejection of Executory Contracts and Unexpired Leases With Certain Domestic Dealers and (B) Granting Certain Related Relief (Docket No. 3802) (the "Dealership Rejection Order"). The sublease was an Ancillary Agreement as defined in the Dealership Rejection Order and therefore was rejected pursuant to the Dealership Rejection Order.

-5-

| Description of the Lease | Nondebtor Parties | Debtor Party | Periodic Payments[2] | Expiration of Lease | Property Reference |
|---|---|---|---|---|---|
| | Johnson Art IV C Trust c/o Gordon A. Lowther 9301 Southwest Freeway, Ste 340 Houston, TX 77074 Gordon A. Lowther and Reeda J. Brown, Co-Trustees for Nicholas Van Campen Taylor Art, IV C Trust, Katherine Camilla Taylor Art IV C Trust, and Christie H. Van Vraanken Taylor Art, IV C Trust c/o Gordon A. Lowther 9301 Southwest Freeway, Ste 340 Houston, TX 77074 Roberta A. Hrdy, Trustee for Catherine Belknap Hrdy Art IV C Trust, Camilla Alexandra Hrdy Art IV C Trust, Nicholas Hardin Hrdy Art. IV C Trust c/o Gordon A. Lowther 9301 Southwest Freeway, Ste 340 Houston, TX 77074 | | | | |
| Dealer Lease for property known as 7309 N. I-35, Austin, TX, dated October 27, 2006, as amended. | Allen Samuels Dodge 7309 N. I-35 Austin, TX 78752 | Old Carco Realty Company LLC (f/k/a Chrysler Realty Company LLC) | $28,256.00 | October 31, 2011 | TX6744 |

---

* There was a sublease associated with this prime lease, as to which the indicated Debtor Party was the sublessor to a dealer. The applicable dealership agreement and all ancillary agreements thereto were rejected under the Order, Pursuant to Sections 105 and 365 of the Bankruptcy Code and Bankruptcy Rule 6006, (A) Authorizing the Rejection of Executory Contracts and Unexpired Leases With Certain Domestic Dealers and (B) Granting Certain Related Relief (Docket No. 3802) (the "Dealership Rejection Order"). The sublease was an Ancillary Agreement as defined in the Dealership Rejection Order and therefore was rejected pursuant to the Dealership Rejection Order.

-6-

NYI-4197560v2