**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------- x
                                   :

In re                                    :     Chapter 11
                                     :

Old Carco LLC (f/k/a Chrysler LLC), *et al.*,[1] :     Case No. 09-50002 (AJG)
                                     :

                 Debtors.            :     (Jointly Administered)
                                     :
-------------------------------------------------- x

## NOTICE OF (I) ASSUMPTION BY DEBTORS AND ASSIGNMENT TO PURCHASER OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (II) CURE COSTS RELATED THERETO

### PLEASE TAKE NOTICE OF THE FOLLOWING:

1.       On May 3, 2009, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed a motion (the "Sale Motion")[2] with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") seeking, among other things, (a) authority to sell substantially all of the Debtors' assets free and clear of all liens, claims and encumbrances; (b) approval of certain procedures (the "Bidding Procedures") for the solicitation of bids with respect to the Sale Transaction (as defined in the Bidding Procedures); (c) authority to assume and assign certain executory contracts and unexpired leases in connection with the Sale Transaction; (d) approval of that certain settlement agreement between the Purchaser and the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America to be executed at the closing of the Sale Transaction and (e) scheduling of a final hearing with the Bankruptcy Court for approval of the Sale Transaction. On May 31, 2009, the Bankruptcy Court granted the Sale Motion. The Sale Transaction closed on June 10, 2009.

2.       Old Carco LLC, formerly Chrysler LLC, and its Debtor subsidiaries; Fiat S.p.A ("Fiat"); and Chrysler Group LLC, formerly New CarCo Acquisition LLC, a Delaware limited liability company formed by Fiat (the "Purchaser"), have entered into a Master Transaction Agreement, as amended, dated as of April 30, 2009 (the "Purchase Agreement"), which, together with certain ancillary agreements, contemplates a set of related transactions for the sale of substantially all of the Debtors' tangible, intangible and operating assets, defined as

---

[1]    A second amended list of the Debtors, their addresses and tax identification numbers is located on the docket for Case No. 09-50002 (AJG) (Docket No. 3945) and can also be found at www.chryslerrestructuring.com.

[2]    Copies of the Sale Motion and the Purchase Agreement (without certain commercially sensitive attachments) may be obtained by accessing the website established by the Debtors' claims and noticing agent, Epiq Bankruptcy Solutions, LLC at www.chryslerrestructuring.com.

"Purchased Assets" in Section 2.06 of the Purchase Agreement, including the Designated Agreements (as defined below), the assets related to the research, design, manufacturing, production, assembly and distribution of passenger cars, trucks and other vehicles (including prototypes) under brand names that include Chrysler, Jeep® and Dodge (the "CarCo Business"), certain of the facilities related thereto and all rights including intellectual property rights, trade secrets, customer lists, domain names, books and records, software and other assets used in or necessary to the operation of the CarCo Business or related thereto (collectively, as defined in the Purchase Agreement, the "Purchased Assets") to the Purchaser.

3.      By notices dated May 15, June 18, July 24 and July 29, 2009 (each, an "Assignment Notice"), the Debtors informed certain non-Debtor counterparties to Designated Agreements (as defined below) (each, a "Non-Debtor Counterparty") of their intent to assume and assign to the Purchaser certain executory contracts and/or unexpired leases.    Each Assignment Notice contained an exhibit or annex identifying certain executory contracts and/or unexpired leases that the Debtors intended to assume and assign to the Purchaser (collectively, the "Designated Agreements" and each, a "Designated Agreement"), pursuant to section 365 of title 11 of the United States Code (the "Bankruptcy Code").  The exhibit or annex attached to the Assignment Notice also listed the amounts that the Debtors believed must be paid to cure all prepetition defaults under the Designated Agreements as of April 30, 2009, in accordance with section 365(b) of the Bankruptcy Code; provided, however, that such amount that must be paid to cure all prepetition defaults has, in some instances, been agreed in a writing signed by Debtor and the Non-Debtor Counterparty to be either higher or lower than the amount indicated in the Assignment Notice (such writing, a "Cure Agreement", and such amounts, as modified by any Cure Agreement, the "Cure Costs").

4.      The Assignment Notice stated that objections, if any, to the proposed assumption and assignment of the Designated Agreements, including, but not limited to, objections related to adequate assurance of future performance, or objections relating to whether applicable law excuses the Non-Debtor Counterparty from accepting performance by, or rendering performance to, Purchaser for purposes of section 365(c)(1) of the Bankruptcy Code, or objections to the proposed Cure Costs (each such objection, a "Section 365 Objection"), must be made in writing and filed with the Bankruptcy Court so as to be received no later than ten days after the date of the Assignment Notice (the "Section 365 Objection Deadline") by the Bankruptcy Court and other specifically identified parties.  The Assignment Notice also stated that unless a Section 365 Objection was filed and served before the Section 365 Objection Deadline, all parties would be deemed to have consented to such Cure Costs and the assumption and assignment of such Designated Agreements, and any non-objecting party would be forever barred from objecting to the Cure Costs or to assumption and assignment and from asserting any additional cure or other amounts against the Debtors, their estates or the Purchaser.  Furthermore, the Assignment Notice stated that if the Non-Debtor Counterparty to a Designated Agreement failed to timely assert a Section 365 Objection, such Designated Agreement would be deemed to be assumed by the Debtors and assigned to the Purchaser and the proposed Cure Cost related to such Designated Agreement would be established and approved in all respects.  Notwithstanding anything to the contrary in this notice, to the extent the Section 365 Objection Deadline has not passed for any Designated Agreement (including, but not limited to, cases where such deadline has been extended by written agreement of the Debtors and the Non-Debtor Counterparty), until the Section 365 Objection Deadline has passed, the Non-Debtor Counterparty to such Designated

Agreement is not deemed to have consented to such Cure Costs and the assumption and assignment of such Designated Agreements and the proposed Cure Cost related to such Designated Agreement will not be established and approved in all respects.  In addition, and for the avoidance of doubt, to the extent a Non-Debtor Counterparty has made a timely filed Section 365 Objection to the Cure Costs or the accuracy of the information provided in the Assignment Notice pending on the date hereof, such objection is preserved pending resolution by Cure Agreement or order of the Court.

5.    The Designated Agreements identified in Exhibits A through E hereto (as modified by the Addenda thereto) (the "Exhibits") are hereby assumed by the Debtors and assigned to the Purchaser, and the Cure Costs listed in the Exhibits related to such Designated Agreements are established and approved in all respects, subject only to the conditions set forth in paragraph 6 hereof.  The Cure Costs listed in the Exhibits may reflect Cure Costs agreed to in the Cure Agreements, as applicable.  Such Designated Agreements are hereby deemed to be Confirmed Agreements as that term is defined in the Assignment Notice.

6.    If the Cure Costs related to a Designated Agreement are established by the Court or a Cure Agreement in an amount different than the amount specified in the Exhibits, such Designated Agreement shall remain a Confirmed Agreement and each of the Non-Debtor Counterparty and, so long as the Non-Debtor Counterparty is performing under the Confirmed Agreement, the Purchaser shall be bound by the established Cure Costs.  The Cure Costs established by the Court or a Cure Agreement shall govern such Confirmed Agreement without the need to amend the Exhibits hereto.

7.    Subject to the conditions set forth herein, having been assumed and assigned as a Confirmed Agreement, a Designated Agreement is not subject to rejection under section 365 of the Bankruptcy Code.

8.    Except as may have otherwise been agreed to in a Cure Agreement, the defaults under the Designated Agreements that must be cured in accordance with section 365(b) of the Bankruptcy Code shall be cured as follows: the Purchaser shall pay the Cure Costs relating to an assumed executory contract or unexpired lease as soon as practicable (and in any event not later than ten days after the date hereof), provided, however, that Purchaser shall pay Disputed Cure Costs (as defined in the Bidding Procedures) as soon as practicable following (and in any event not later than 10 days after) the date the amount thereof is finally determined.  Such Cure Cost shall be reduced by the aggregate amount of any payments made to the Non-Debtor Counterparty by the Debtors pursuant to any order of the Bankruptcy Court authorizing the payment of prepetition claims against the Debtors.

9.      The assumption and assignment of any Designated Agreement is without prejudice to Purchaser's right not to confirm any other Designated Agreement in the future, whether or not related or similar to a Designated Agreement that is assumed and assigned by this notice.


Dated:  August 6, 2009                          Respectfully submitted,
        New York, New York


                                                /s/ Andrew G. Dietderich
                                                Andrew G. Dietderich
                                                Hydee R. Feldstein
                                                Sullivan & Cromwell LLP
                                                125 Broad Street
                                                New York, New York 10004
                                                Telephone:  (212) 558-4000
                                                Facsimile:  (212) 558-3588

                                                ATTORNEYS FOR
                                                CHRYSLER GROUP LLC

# Exhibit A

**[Schedule of Certain Confirmed Agreements and Cure Costs Related Thereto]**

| COUNTERPARTY NAME AND ADDRESS | ADDITIONAL NOTICE PARTY AND ADDRESS | DESCRIPTION OF AGREEMENT | CURE AMOUNT |
|---|---|---|---|
| UNION ELECTRIC COMPANY DBA AMERENUE<br>ONE AMEREN PLAZA<br>RISK MANAGEMENT (MC 1050)<br>1901 CHOUTEAU AVE., PO BOX 66149<br>ST LOUIS, MO  63166-6149 | | RECOVERED PAINT SOLIDS TO ENERGY AGREEMENT<br>CONTRACT DATE:  1/5/2009 | $0.00 |
| GLOBAL HUMAN BODY MODELS CONSORTIUM, LLC<br>BUCCIERO & ASSOCIATES<br>1050 WILSHIRE DRIVE, STE 115<br>TROY, MI  48084 | THE CORPORATION COMPANY<br>30600 TELEGRAPH ROAD<br>BINGHAM FARMS, MICHIGAN  48025 | STANDARD MEMBERSHIP AGREEMENT<br>CONTRACT DATE:  4/7/2006 | $0.00 |

See the attached Addendum for important information.

| COUNTERPARTY NAME AND ADDRESS | ADDITIONAL NOTICE PARTY AND ADDRESS | DESCRIPTION OF AGREEMENT | CURE AMOUNT |
|---|---|---|---|
| FORD MOTOR COMPANY<br>ATTN: GENERAL COUNSEL<br>ONE AMERICAN RD<br>DEARBORN, MI 48126-2798 | | GLOBAL HUMAN BODY MODELS CONSORTIUM AGREEMENT<br>CONTRACT DATE: 11/3/2005 | $0.00 |
| GENERAL MOTORS COMPANY<br>ATTN: EXEC. DIR STRUCTURE & SAFETY INTEGRATION<br>30200 MOUND RD, MAIL CODE 480-111-N65<br>WARREN, MI 48090-9055 | GENERAL MOTORS CORPORATION<br>GENERAL COUNSEL<br>300 RENAISSANCE CENTER<br>DETROIT, MICHIGAN 48265 | | |
| HONDA R&D CO., LTD<br>ATTN: GENERAL MGR/TOCHIGI R&D CENTER<br>4630 SHIMOTAKANEZAWA, HAGA-MACHI, HAGA-GUN<br>TOCHIGI, MO 321-3383<br>JAPAN | HONDA R&D AMERICAS, INC.<br>MANAGER/LEGAL DEPARTMENT<br>21001 STATE ROUTE 739<br>RAYMOND, OHIO 43067-9705 | | |
| HYUNDAI MOTOR COMPANY<br>ATTN: GENERAL MANAGER, VEHICLE CAE TEAM<br>772-1, JANGDUK-DONG, HWASEONG-SI<br>GYEONGGI-DO 445-706<br>KOREA | HYUNDAI/KIA AMERICA TECHNICAL CENTER, INC.<br>ATTN: CORPORATE COUNSEL<br>6800 GEDDES ROAD<br>SUPERIOR TOWNSHIP, MICHIGAN 48198 | | |
| NISSAN MOTOR CO., LTD.<br>ATTN: GENERAL MANAGER, NISSAN RESEARCH CENTER<br>TECHNOLOGY RESEARCH LABORATORY NO. 4<br>1 NATSUSHIMA-CHO, YOKOSUKA-SHI<br>KANAGAWA 237-8523<br>JAPAN | NISSAN MOTOR CO., LTD.<br>ATTN: GENERAL MANAGER<br>INTELLECTUAL PROPERTY DEPT<br>17-1, GINZA 6-CHOME, CHUO-KU<br>TOKYO, 104-8023, JAPAN | | |
| PEUGEOT CITROEN AUTOMOBILES<br>2 ROUTE DE GIZY<br>VELIZY-VILLACOUBLAY<br>FRANCE | PEUGEOT CITROEN AUTOMOBILES<br>132 RUE DES SUISSES<br>92000 NANTERRE, FRANCE | | |
| RENAULT S.A.S.<br>LABORATORIED/ACCIDENTOLOGIE ET DE BIOMECANIQUE (LAB)<br>132 RUE DES SUISSES<br>NANTERRE 92000<br>FRANCE | RENAULT S.A.S.<br>SERVICE 00267<br>INTELLECTUAL PROPERTY DEPARTMENT<br>API: TCR GRA 2 36<br>1 AVENUE DU GOLF<br>78288 GUYANCOURT<br>FRANCE<br><br>RENAULT S.A.S.<br>SERVICE 00263<br>CORPORATE LAW DEPARTMENT<br>API: QLG B15 6 40<br>13/15 QUAI LE GALLO<br>92100 BOULOGNE-BILLANCOURT FRANCE | | |
| TK HOLDINGS, INC.<br>ATTN: RESEARCH & DEVELOPMENT DIVISION - CAE DEPT<br>2500 TAKATA DRIVE<br>AUBURN HILLS, MI 48326 | TK HOLDINGS, INC.<br>ATTN: CORPORATE LAW DEPT<br>629 GREEN VALLEY ROAD, SUITE 300<br>GREENSBORO, NC 27408 | | |

See the attached Addendum for important information.

| COUNTERPARTY NAME AND ADDRESS | ADDITIONAL NOTICE PARTY AND ADDRESS | DESCRIPTION OF AGREEMENT | CURE AMOUNT |
|---|---|---|---|
| TOYOTA MOTOR CORPORATION<br>ATTN: GENERAL MANAGER, ADVANCED CAE DIVISION<br>1, TOYOTA-CHO<br>TOYOTA CITY<br>AICHI 471-8572<br>JAPAN | TOYOTA MOTOR CORPORATION<br>ATTN: GENERAL MANAGER, INTL LEGAL AFFAIRS DEPT<br>1, TOYOTA-CHO, TOYOTA CITY<br>AICHI, 471-8572, JAPAN | GLOBAL HUMAN BODY MODELS CONSORTIUM AGREEMENT<br>CONTRACT DATE: 11/1/2005 | $0.00 |
| TRW VEHICLE SAFETY SYSTEMS, INC.<br>ATTN: VP, ENGINEERING<br>4505 WEST 26 MILE RD<br>WASHINGTON, MI 48094 | TRW AUTOMOTIVE INC.<br>ATTN: EXECUTIVE VP & GEN. COUNSEL<br>12001 TECH CENTER DRIVE<br>LIVONIA, MICHIGAN 48150 | | |
| TESLA MOTORS, INC.<br>1050 BING STREET<br>SAN CARLOS, CA 94070 | TESLA MOTORS, INC.<br>ATTENTION: CRAIG W. HARDING<br>1050 BING STREET<br>SAN CARLOS, CALIFORNIA 94070 | ZEV CREDITS AGREEMENT<br>CONTRACT DATE: 3/26/2008 | $0.00 |
| THE DETROIT EDISON COMPANY<br>ATTN: ANDREW S. DOBRZANSKI<br>ONE BELANGER PARK DRIVE<br>RIVER ROUGE, MI 48226 | | AGREEMENT<br>CONTRACT DATE: 2/27/2009 | $0.00 |
| GEMS MOTORSPORTS, LP<br>ATTN: MR. RICHARD D. RUSSELL<br>320 AVIATION DR<br>STATESVILLE, NC 28677 | ROBINSON, BRADSHAW & HINSON, P.A.<br>ATTN: STOKELY G. CALDWELL, JR.<br>101 NORTH TRYON STREET, STE 1900<br>CHARLOTTE, NC 28246 | MOTORSPORT RACING SPONSORSHIP AGREEMENT<br>CONTRACT DATE: 1/1/2008 | $0.00 |
| PETTY ENTERPRISES LLC<br>ATTN: WILLIAM C. SCOTT<br>311 BRANSON MILL RD<br>RANDLEMAN, NC 27317 | | MOTORSPORT RACING SPONSORSHIP AGREEMENT<br>CONTRACT DATE: 1/1/2007 | $0.00 |

See the attached Addendum for important information.

## ADDENDUM

The executory contracts and unexpired leases identified in Exhibit A hereto are hereby assumed by the Debtors and assigned to the Purchaser in accordance with, and pursuant to, (1) section 365 of the Bankruptcy Code and (2) the terms and conditions of the Bidding Procedures and the accompanying notice.[3]

Subject to the terms of the accompanying notice, the Purchaser is hereby confirming the agreements identified on Exhibit A for assumption and assignment. Unless otherwise stated in Exhibit A or an applicable Cure Agreement, Designated Agreements include all related modifications, amendments, supplements, addenda and restatements thereof, related memoranda of understanding, ancillary agreements thereto and any and all similar agreements, including Cure Agreements.

The identified Cure Costs represent the Cure Costs for each particular Designated Agreement. Prior to payment of the Cure Costs in accordance with the terms of the Bidding Procedures, the Cure Costs will be reduced by the aggregate amount of any payments made by the Debtors on account of prepetition claims against the Debtors. To the extent applicable, the Cure Costs may be adjusted to account for changes in applicable currency exchange rates.

---

[3] Capitalized terms in this Addendum shall have the meanings specified in the accompanying Notice.

**Exhibit B**

**[Schedule of Certain Confirmed Supplier Agreements and Cure Costs Related Thereto]**

| SUPPLIER NAME | SUPPLIER ADDRESS | SUPPLIER CODE | CURE AMOUNT |
|---|---|---|---|
| A & S INDUSTRIAL COATING CO INC | 23800 AMBER P O BOX 1045<br>WARREN, MI 48090-1045 | 42897 | $2,500.00 |
| INDUSTRIAL LEASING | 1825 MONROE AVE NW<br>GRAND RAPIDS, MI 49505 | 60991 | $10,673.00 |
| INDUSTRIAL TOOL | 6818 WALES ROAD<br>NORTHWOOD, OH 43619 | 52695 | $3,995.33 |
| JG WELDING AND MAINTENANCE | 21803 MOUND ROAD<br>WARREN, MI 48091 | 39172 | $21,130.00 |
| KRH ENGINEERING | 170 EASTON DR<br>SOUTH LYON, MI 48178 | 58517 | $59,178.07 |
| VECTOR FORM | 3905 ROCHESTER ROAD<br>ROYAL OAK, MI 48073 | 62556 | $58,700.00 |
| WINDSOR FACTORY | 26480 NORTHLINE<br>TAYLOR, MI 48180 | 96980 | $2,184.95 |

See the attached Addendum for important information.

# ADDENDUM

The executory contracts and unexpired leases identified in Exhibit B hereto are hereby assumed by the Debtors and assigned to the Purchaser in accordance with, and pursuant to, (1) section 365 of the Bankruptcy Code and (2) the terms and conditions of the Bidding Procedures and the accompanying notice.[4]

Consistent with the Bidding Procedures, the Designated Agreements are not listed on an agreement-by-agreement basis.  Subject to the terms of the accompanying notice, the Purchaser is hereby confirming all of the agreements with the parties identified on Exhibit B relating to the supply of goods and services to the Debtors for assumption and assignment, except as otherwise expressly provided herein.  If certain agreements are identified at the end of Exhibit B as excluded from the list of Designated Agreements (the "Excluded Agreements"), those Excluded Agreements are not hereby assumed and assigned. Unless otherwise stated in Exhibit B or an applicable Cure Agreement, Designated Agreements include all contracts, purchase orders or similar agreements providing for the sale or provision of goods or services to the Debtors, and all related modifications, amendments, supplements, addenda and restatements thereof, related memoranda of understanding, ancillary agreements thereto and any and all similar agreements, including Cure Agreements.

The identified Cure Costs represent the aggregate Cure Costs for all of the Designated Agreements with a Non-Debtor Counterparty.  Prior to payment of the Cure Costs in accordance with the terms of the Bidding Procedures, the Cure Costs will be reduced by the aggregate amount of any payments made by the Debtors on account of prepetition claims against the Debtors.  To the extent applicable, the Cure Costs may be adjusted to account for changes in applicable currency exchange rates.

---

[4]    Capitalized terms in this Addendum shall have the meanings specified in the accompanying Notice.

**Exhibit C**

**[Schedule of Certain Confirmed Supplier Agreements and Cure Costs Related Thereto]**

| SUPPLIER NAME | SUPPLIER ADDRESS | SUPPLIER CODE | CURE AMOUNT |
|---|---|---|---|
| EMC CORPORATION | 35 PARKWOOD DRIVE<br>HOPKINTON, MA  01748 | 45649 | $62,098.62 |
| SPINNEYBECK | 425 CROSSPOINT PKWY SUITE 100<br>GETZVILLE, NY  14068 | 87760 | $11,965.00 |
| STANDARD REGISTER | 3331 W BIG BEAVER ROAD SUITE 315<br>TROY, MI  48084 | 82751 | $10,943.10 |
| WESCO DISTRIBUTION INC | 224 W STATION SQUARE DR SUITE 700<br>PITTSBURGH, PA  15219-1122 | 23318 | $4,158.00 |

**ADDENDUM**

The executory contracts and unexpired leases identified in Exhibit C hereto are hereby assumed by the Debtors and assigned to the Purchaser in accordance with, and pursuant to, (1) section 365 of the Bankruptcy Code and (2) the terms and conditions of the Bidding Procedures and the accompanying notice.[5]

Consistent with the Bidding Procedures, the Designated Agreements are not listed on an agreement-by-agreement basis. Subject to the terms of the accompanying notice, the Purchaser is hereby confirming all of the agreements with the parties identified on Exhibit C relating to the supply of goods and services to the Debtors for assumption and assignment, except as otherwise expressly provided herein. If certain agreements are identified at the end of Exhibit C as excluded from the list of Designated Agreements (the "Excluded Agreements"), those Excluded Agreements are not hereby assumed and assigned. Unless otherwise stated in Exhibit C or an applicable Cure Agreement, Designated Agreements include all contracts, purchase orders or similar agreements providing for the sale or provision of goods or services to the Debtors, and all related modifications, amendments, supplements, addenda and restatements thereof, related memoranda of understanding, ancillary agreements thereto and any and all similar agreements, including Cure Agreements.

The identified Cure Costs represent the aggregate Cure Costs for all of the Designated Agreements with a Non-Debtor Counterparty. Prior to payment of the Cure Costs in accordance with the terms of the Bidding Procedures, the Cure Costs will be reduced by the aggregate amount of any payments made by the Debtors on account of prepetition claims against the Debtors. To the extent applicable, the Cure Costs may be adjusted to account for changes in applicable currency exchange rates.

---

[5]    Capitalized terms in this Addendum shall have the meanings specified in the accompanying Notice.

**Exhibit D**

**[Schedule of Certain Confirmed Supplier Agreements and Cure Costs Related Thereto]**

| SUPPLIER NAME | SUPPLIER ADDRESS | SUPPLIER CODE | CURE AMOUNT |
|---|---|---|---|
| ANCHOR LAMINA | 2590 OUELLETTE AVENUE<br>WINDSOR, ON  N8X1L7<br>CANADA | 15024 | $313,709.77 |
| BTE | 7455L NEW RIDGE ROAD<br>HANOVER, MD  21076 | 55212 | $2,577.00 |
| DATA 2 LOGISITCS | 405 WALL STREET<br>PRINCETON, NJ  08540 | 48678 | $245,646.82 |
| DATAMATICS | 31557 SCHOOLCRAFT ROAD SUITE 100<br>LIVONIA, MI  48150 | 32974 | $75,262.42 |
| DESIGN METAL | 10841 CAPITAL<br>OAK PARK, MI  48237-3103 | 69063 | $35,438.00 |
| ELMHIRST | 7630  19 MILE RD<br>STERLING HGTS, MI  48314 | 50976 | $90,643.00 |
| ENVIRONMENTAL TESTING CORPORATION | 2022 HELENA STREET<br>AURORA, CO  80011-4616 | 27253 | $363,077.07 |
| EXPERI-METAL | 6345 WALL STREET<br>STERLING HEIGHTS<br>MI  48312 | 35627 | $75,325.00 |
| GST AUTO | 215 LEXINGTON AVENUE<br>NEW YORK, NY  10016-6023 | 52057 | $2,400.00 |
| HUMANCENTRIC TECHNOLOGOIES | 200 MACKENAN DR<br>CARY, NC  27511 | 61831 | $42,877.43 |
| INNERGONENGINEERING CORP | 360 E MAPLE RD   SUITE R<br>TROY, MI  48083 | 58419 | $27,625.00 |
| MHS INC | 1602 STAR BATT DRIVE<br>ROCHESTER HILLS, MI  48309 | 48014 | $70,146.85 |
| MHSI INTERNATIONAL INC | 1602 STAR BATT DR<br>ROCHESTER HILLS, MI  48309 | 58721 | $20,247.50 |
| MSX INTERNATIONAL | 1950 CONCEPT DR<br>WARREN, MI  48091 | 23867 | $0.00 |
| MSX INTL - INTEGRATED SOLUTIONS | MSX INTERNATIONAL<br>1950 CONCEPT DR<br>WARREN, MI  48091 | 51339 | $0.00 |
| PR NEWSWIRE | 150 E  58TH STREET  31ST FLOOR<br>NEW YORK, NY  10155-0035 | 91101 | $48,563.05 |
| RITE-HITE CORPORATION-US | 8900 NORTH ARBON DRIVE<br>MILWAUKEE, WI  53273-0043 | 80263 | $949.00 |
| ROBINSON SERVICES | 3120 SOVEREIGN DR<br>LANSING, MI  48911 | 57131 | $122,562.73 |
| SAVIER | IWKA A G<br>GARTENSTRASSE 71<br>76125 KARLSRUHE<br>GERMANY | 82102 | $93,256.90 |
| SDL INTERNATIONAL | 1801 MC GILL COLLEGE AVE STE 1450<br>MONTREAL, QC  H3A2N4<br>CANADA | 79019 | $19,259.32 |
| TARUS PRODUCTS INC | 38100 COMMERCE DRIVE<br>STERLING HEIGHTS, MI  48312-1006 | 31036 | $0.00 |
| TD INDUSTRIAL COVERINGS | 6220 18 1/2 MILE ROAD<br>STERLING HEIGHTS, MI  48314 | 24301 | $119,593.00 |
| THYSSENKRUPP ELEVATOR | THYSSEN KRUPP AG<br>2573 S ROCHESTER ROAD BOX 1600<br>ROCHESTER, MI  48308-1600 | 46115 | $967.00 |

See the attached Addendum for important information.

| SUPPLIER NAME | SUPPLIER ADDRESS | SUPPLIER CODE | CURE AMOUNT |
|---|---|---|---|
| THYSSENKRUPP ELEVATOR | THYSSEN KRUPP AG<br>2573 S ROCHESTER ROAD BOX 1600<br>ROCHESTER, MI  48308-1600 | 31607 | $600.00 |
| THYSSENKRUPP SYS ENGINEERING INC | THYSSEN KRUPP AG<br>2573 S ROCHESTER ROAD BOX 1600<br>ROCHESTER, MI  48308-1600 | 42253 | $576,818.90 |
| THYSSENKRUPP SYS ENGINEERING INC | THYSSEN KRUPP AG<br>2573 S ROCHESTER ROAD BOX 1600<br>ROCHESTER, MI  48308-1600 | 74900 | $21,152.00 |

# ADDENDUM

The executory contracts and unexpired leases identified in Exhibit D hereto are hereby assumed by the Debtors and assigned to the Purchaser in accordance with, and pursuant to, (1) section 365 of the Bankruptcy Code and (2) the terms and conditions of the Bidding Procedures and the accompanying notice.[6]

Consistent with the Bidding Procedures, the Designated Agreements are not listed on an agreement-by-agreement basis. Subject to the terms of the accompanying notice, the Purchaser is hereby confirming all of the agreements with the parties identified on Exhibit D relating to the supply of goods and services to the Debtors for assumption and assignment, except as otherwise expressly provided herein. If certain agreements are identified at the end of Exhibit D as excluded from the list of Designated Agreements (the "Excluded Agreements"), those Excluded Agreements are not hereby assumed and assigned. Unless otherwise stated in Exhibit D or an applicable Cure Agreement, Designated Agreements include all contracts, purchase orders or similar agreements providing for the sale or provision of goods or services to the Debtors, and all related modifications, amendments, supplements, addenda and restatements thereof, related memoranda of understanding, ancillary agreements thereto and any and all similar agreements, including Cure Agreements.

The identified Cure Costs represent the aggregate Cure Costs for all of the Designated Agreements with a Non-Debtor Counterparty. Prior to payment of the Cure Costs in accordance with the terms of the Bidding Procedures, the Cure Costs will be reduced by the aggregate amount of any payments made by the Debtors on account of prepetition claims against the Debtors. To the extent applicable, the Cure Costs may be adjusted to account for changes in applicable currency exchange rates.

---

[6] Capitalized terms in this Addendum shall have the meanings specified in the accompanying Notice.

**Exhibit E**

**[Schedule of Certain Confirmed Supplier Agreements and Cure Costs Related Thereto]**

| SUPPLIER NAME | SUPPLIER ADDRESS | SUPPLIER CODE | CURE AMOUNT |
|---|---|---|---|
| HITACHI AUTOMOTIVE PRODUCTS (USA), INC. | 17225 FEDERAL DRIVE, SUITE 100 ALLEN PARK, MI  48101 | 84914/55553 . | $2,995,368.88 |

# ADDENDUM

The Purchaser filed a schedule of certain confirmed supplier agreements and cure costs related thereto, as Exhibit A to Docket Number 4033, with respect to the Confirmed Agreements listed on Exhibit E hereto. The Non-Debtor Counterparty and Purchaser have subsequently agreed to amend and restate the Confirmation Schedule with respect to the Confirmed Agreements listed on this Exhibit E to reflect an agreement between the parties.

The executory contracts and unexpired leases identified in Exhibit E hereto are hereby assumed by the Debtors and assigned to the Purchaser in accordance with, and pursuant to, (1) section 365 of the Bankruptcy Code and (2) the terms and conditions of the Bidding Procedures and the accompanying notice.[7]

Consistent with the Bidding Procedures, the Designated Agreements are not listed on an agreement-by-agreement basis. Subject to the terms of the accompanying notice, the Purchaser is hereby confirming all of the agreements with the parties identified on Exhibit E relating to the supply of goods and services to the Debtors for assumption and assignment, except as otherwise expressly provided herein. If certain agreements are identified at the end of Exhibit E as excluded from the list of Designated Agreements (the "Excluded Agreements"), those Excluded Agreements are not hereby assumed and assigned. Unless otherwise stated in Exhibit E or an applicable Cure Agreement, Designated Agreements include all contracts, purchase orders or similar agreements providing for the sale or provision of goods or services to the Debtors, and all related modifications, amendments, supplements, addenda and restatements thereof, related memoranda of understanding, ancillary agreements thereto and any and all similar agreements, including Cure Agreements.

The identified Cure Costs represent the aggregate Cure Costs for all of the Designated Agreements with a Non-Debtor Counterparty. Prior to payment of the Cure Costs in accordance with the terms of the Bidding Procedures, the Cure Costs will be reduced by the aggregate amount of any payments made by the Debtors on account of prepetition claims against the Debtors. To the extent applicable, the Cure Costs may be adjusted to account for changes in applicable currency exchange rates.

---

[7] Capitalized terms in this Addendum shall have the meanings specified in the accompanying Notice.