JONES DAY
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Corinne Ball
Veerle Roovers

JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
David G. Heiman

JONES DAY
1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309
Telephone: (404) 521-3939
Facsimile: (404) 581-8330
Jeffrey B. Ellman

Attorneys for Debtors
and Debtors in Possession

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------x
                                      :
In re                                 :   Chapter 11
                                      :
Old Carco LLC                         :   Case No. 09-50002 (AJG)
(f/k/a Chrysler LLC), et al.,[1]      :
                                      :   (Jointly Administered)
                        Debtors.      :
                                      :
------------------------------------------------------------x
```

## NOTICE OF HEARING ON NINETEENTH OMNIBUS MOTION OF DEBTORS AND DEBTORS IN POSSESSION, PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 6006, FOR AN ORDER AUTHORIZING THE REJECTION OF CERTAIN EXECUTORY CONTRACTS

---

[1]     A second amended list of the Debtors, their addresses and tax identification numbers is located on the docket for Case No. 09-50002 (AJG) (Docket No. 3945) and can also be found at www.chryslerrestructuring.com.

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.      A hearing to consider the Nineteenth Omnibus Motion of Debtors and Debtors in Possession, Pursuant to Section 365 of the Bankruptcy Code and Bankruptcy Rule 6006, for an Order Authorizing the Rejection of Certain Executory Contracts (the "Motion"), filed by the above-captioned debtors and debtors in possession (the "Debtors"), shall be held before the Honorable Arthur J. Gonzalez, United States Bankruptcy Judge, in Room 523 of the United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004, on **September 24, 2009, at 10:00 a.m. (New York time).**

2.      Objections, if any, to the relief sought in the Motion must be made in writing, with a hard copy to Chambers, conform to the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court for the Southern District of New York and be filed with the Bankruptcy Court and must be served in accordance with the Administrative Order, Pursuant to Bankruptcy Rule 1015(c), Establishing Case Management and Scheduling Procedures (Docket No. 661) (the "Case Management Order"), so as to be actually received by the parties on the Special Service List (as defined in the Case Management Order) and the nondebtor parties identified on Exhibit A to the Motion not later than **12:00 p.m. (New York time) on September 14, 2009** (the "Objection Deadline").

3.      If no objections are timely filed and served with respect to the Motion, the Debtors may, on or after the Objection Deadline, submit to the Court an order substantially in the form attached to the Motion, which order shall be submitted and may be entered with no further notice or opportunity to be heard offered to any party.

4.      Copies of the Motion, the Case Management Order and the Special Service List may be obtained from the Court's website at http://ecf.nysb-mega.uscourts.gov or,

free of charge, at www.chryslerrestructuring.com.

Dated: August 27, 2009
      New York, New York

Respectfully submitted,

/s/ Corinne Ball
Corinne Ball
Veerle Roovers
JONES DAY
222 East 41st Street
New York, New York  10017
Telephone:  (212) 326-3939
Facsimile:  (212) 755-7306

David G. Heiman
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212

Jeffrey B. Ellman
JONES DAY
1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia  30309
Telephone:  (404) 521-3939
Facsimile:  (404) 581-8330

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

---

**PARTIES RECEIVING THIS NINETEENTH OMNIBUS REJECTION MOTION SHOULD
LOCATE THEIR NAMES AND THEIR CONTRACTS IN THE ATTACHED EXHIBIT A**

---

JONES DAY
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Corinne Ball
Veerle Roovers

JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
David G. Heiman

JONES DAY
1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309
Telephone: (404) 521-3939
Facsimile: (404) 581-8330
Jeffrey B. Ellman

Attorneys for Debtors
and Debtors in Possession


## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

```
-----------------------------------------------------------x
                                        :
In re                                   :   Chapter 11
                                        :
Old Carco LLC                           :   Case No. 09-50002 (AJG)
(f/k/a Chrysler LLC), et al.,           :
                                        :   (Jointly Administered)
                      Debtors.          :
                                        :
-----------------------------------------------------------x
```

## NINETEENTH OMNIBUS MOTION OF DEBTORS AND
## DEBTORS IN POSSESSION, PURSUANT TO SECTION 365 OF THE
## BANKRUPTCY CODE AND BANKRUPTCY RULE 6006, FOR AN ORDER
## AUTHORIZING THE REJECTION OF CERTAIN EXECUTORY CONTRACTS

TO THE HONORABLE ARTHUR J. GONZALEZ,
UNITED STATES BANKRUPTCY JUDGE:

Old Carco LLC f/k/a Chrysler LLC ("Old Carco") and its affiliated debtors and

debtors in possession (collectively with Old Carco, the "Debtors") respectfully represent as

follows:

## Background

1.     On April 30, 2009 (the "Petition Date"), Old Carco and 24 of its affiliated

Debtors (collectively, the "Original Debtors") commenced their reorganization cases by filing

voluntary petitions for relief under chapter 11 of title 11 of the United States Code

(the "Bankruptcy Code").  On May 19, 2009, Debtor Alpha Holding LP commenced its

reorganization case by filing a voluntary petition under chapter 11 of the Bankruptcy Code.  By

orders of the Court (Docket Nos. 97 and 2188), the Debtors' chapter 11 cases have been

consolidated for procedural purposes only and are being administered jointly.

2.     The Debtors are authorized to continue to operate their businesses and

manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the

Bankruptcy Code.

3.     On May 5, 2009, the Office of the United States Trustee for the Southern

District of New York appointed an official committee of unsecured creditors, pursuant to

section 1102 of the Bankruptcy Code.

4.     As of the Petition Date, the Debtors and their nondebtor direct and indirect

subsidiaries (collectively, the "Old Carco Companies") comprised one of the world's largest

manufacturers and distributors of automobiles and other vehicles, together with related parts and

accessories.  On the Petition Date, the Old Carco Companies employed approximately

55,000 hourly and salaried employees worldwide, 70% of whom were based in the United States.

5.　　For the 12 months ended December 31, 2008, the Old Carco Companies recorded revenue of more than $48.4 billion and had assets of approximately $39.3 billion and liabilities totaling $55.2 billion.

6.　　In connection with the commencement of these cases, Old Carco and its Debtor subsidiaries, Fiat S.p.A. ("Fiat") and New Chrysler (as defined below) entered into a Master Transaction Agreement dated as of April 30, 2009 (as amended and collectively with other ancillary and supporting documents, the "MTA"). The MTA provided, among other things, that: (a) Old Carco would transfer the majority of its operating assets to New CarCo Acquisition LLC n/k/a Chrysler Group LLC ("New Chrysler"), a newly established Delaware limited liability company formed by Fiat; and (b) in exchange for those assets, New Chrysler would assume certain of the Debtors' liabilities and pay to Old Carco $2 billion in cash (collectively with the other transactions contemplated by the MTA, the "Fiat Transaction"). On May 3, 2009, the Original Debtors filed a motion to approve the Fiat Transaction or a similar transaction with a competing bidder (Docket No. 190).

7.　　On May 31, 2009, this Court issued: (a) an Opinion Granting the Debtors' Motion Seeking Authority to Sell, Pursuant to § 363, Substantially All of the Debtors' Assets (Docket No. 3073) (the "Sale Opinion"); and (b) an Opinion and Order Regarding Emergency Economic Stabilization Act of 2008 and Troubled Asset Relief Program (Docket Nos. 3074 and 3229) (together with the Sale Opinion, the "Opinions"). On June 1, 2009 and consistent with the Sale Opinion, this Court entered an Order authorizing the Fiat Transaction (Docket No. 3232) (the "Sale Order"). On June 5, 2009, the United States Court of Appeals for the Second Circuit affirmed the Opinions and the Sale Order. Consistent with the Sale Order, the Fiat Transaction was consummated on June 10, 2009.

## Jurisdiction

8.    This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

9.    Pursuant to section 365 of the Bankruptcy Code and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Debtors hereby seek the entry of an order authorizing them to reject the executory contracts (collectively, the "Contracts") identified in Exhibit A[1] attached hereto and incorporated herein by reference, effective as of September 24, 2009, which is the date of the scheduled hearing on this Motion (the "Hearing Date").

## Facts Relevant to This Motion

10.    The Debtors have engaged in a review of their executory contracts.  As a result of their review, the Debtors have determined that the Contracts identified in Exhibit A are neither necessary nor valuable to their estates and will not be assumed and assigned in connection with the Fiat Transaction.[2]

11.    The Debtors submit that each of the Contracts is an "executory contract" within the meaning of section 365 of the Bankruptcy Code, eligible for rejection by the Debtors.

---

[1]    For each of the Contracts, Exhibit A includes:  (a) a description of the Contract; (b) the names and addresses of any nondebtor parties to the Contract; (c) the name of the Debtor party to the Contract; and (d) the Purchase Order number of the Contract, if applicable.

[2]    Each of the Contracts includes any modifications, amendments, addenda or supplements thereto or restatements thereof.  Copies of the Contracts are not attached hereto, but are available from the Debtors' counsel upon request, subject to any applicable confidentiality restrictions.  The terms of the Contracts are provided for convenience only and are not intended to modify, or to represent the Debtors' interpretation of, the terms of any of the Contracts.

To the extent that any of the Contracts already has expired or been terminated or otherwise is not "executory" within the meaning of section 365 of the Bankruptcy Code, it is included herein out of an abundance of caution.[3]

## Argument

12.     Section 365(a) of the Bankruptcy Code provides that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease." 11 U.S.C. § 365(a). Courts routinely approve motions to assume, assume and assign or reject executory contracts or unexpired leases upon a showing that the debtor's decision to take such action will benefit the debtor's estate and is an exercise of sound business judgment. See Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.), 4 F.3d 1095, 1099 (2d Cir. 1993) (stating that section 365 of the Bankruptcy Code "permits the trustee or debtor-in-possession, subject to the approval of the bankruptcy court, to go through the inventory of executory contracts of the debtor and decide which ones it would be beneficial to adhere to and which ones it would be beneficial to reject"); see also NLRB v. Bildisco & Bildisco, 465 U.S. 513, 523 (1984) (stating that the traditional standard applied by courts to authorize the rejection of an executory contract is that of "business judgment"); In re Old Carco LLC (f/k/a Chrysler LLC), 406 B.R. 180, 188 (Bankr. S.D.N.Y. 2009) (Gonzalez, J.) ("The business judgment standard is employed by courts in determining whether to permit a debtor to assume or reject a contract.").

13.     Courts generally will not second-guess a debtor's business judgment concerning the assumption or rejection of an executory contract or unexpired lease. See id. at 198 (recognizing that "the business judgment standard would be rendered irrelevant if the

---

[3]     This Motion does not constitute an admission by the Debtors that any of the Contracts is enforceable under applicable nonbankruptcy law. The Debtors expressly reserve their rights with respect thereto. To the extent that any Contract is unenforceable under applicable nonbankruptcy law, it is included herein out of an abundance of caution.

Court stepped in to second guess . . . a decision" that the Debtors can show was based on rational business factors); In re Riodizio, Inc., 204 B.R. 417, 424 (Bankr. S.D.N.Y. 1997) ("[A] court will ordinarily defer to the business judgment of the debtor's management."); accord Phar-Mor, Inc. v. Strouss Bldg. Assocs., 204 B.R. 948, 951-52 (Bankr. N.D. Ohio 1997) ("Whether an executory contract is 'favorable' or 'unfavorable' is left to the sound business judgment of the debtor . . . . Courts should generally defer to a debtor's decision whether to reject an executory contract.").

        14.     The "business judgment" test is not a strict standard; it merely requires a showing that either assumption or rejection of the unexpired lease will benefit a debtor's estate. See, e.g., Old Carco LLC, 406 B.R. at 193 (stating that "the scope of the Court's inquiry is limited. Under the business judgment standard, the Court must determine whether rejection will benefit the Debtors' estates"); Bregman v. Meehan (In re Meehan), 59 B.R. 380, 385 (E.D.N.Y. 1986) ("The business judgment test is a flexible one . . . . The primary issue under the business judgment test is whether rejection of the contract would benefit general unsecured creditors."); In re Helm, 335 B.R. 528, 538 (Bankr. S.D.N.Y. 2006) ("To meet the business judgment test, the debtor in possession must establish that rejection will benefit the estate."); Westbury Real Estate Ventures, Inc. v. Bradlees, Inc. (In re Bradlees Stores, Inc.), 194 B.R. 555, 558 n.1 (Bankr. S.D.N.Y. 1996) ("In reviewing a debtor's decision to assume or reject an executory contract, the court must examine the contract and circumstances and apply its best 'business judgment' to determine if the assumption or rejection would be beneficial or burdensome to the estate.").

        15.     New Chrysler has determined not to accept an assignment of the Contracts in connection with the Fiat Transaction. In addition, following the consummation of the Fiat

Transaction, the Debtors are in the process of winding down their business affairs and have no further need for the Contracts. Moreover, the Debtors have determined that the Contracts do not have any realizable value in the marketplace. As such, the Contracts are neither necessary nor valuable to the Debtors' business activities or the wind down process. The Debtors believe that maintaining the Contracts under these circumstances would unnecessarily deplete the assets of the Debtors' estates to the direct detriment of their creditors.

16. Accordingly, in the sound exercise of their business judgment, the Debtors have determined that the rejection of the Contracts, effective as of the Hearing Date, pursuant to section 365 of the Bankruptcy Code, is in the best interests of their estates and stakeholders.

## Notice

17. No trustee or examiner has been appointed in these chapter 11 cases. In accordance with the Administrative Order, Pursuant to Bankruptcy Rule 1015(c), Establishing Case Management and Scheduling Procedures (Docket No. 661) (the "Case Management Order"), entered on May 12, 2009, notice of this Motion has been given to the parties identified on the General Service List and the Special Service List (as such terms are identified in the Case Management Order), and to the nondebtor counterparties to the Contracts identified in Exhibit A. The Debtors submit that no other or further notice need be provided.

## No Prior Request

18. No prior request for the relief sought in this Motion has been made to this or any other Court.

WHEREFORE, the Debtors respectfully request that the Court (a) enter an order substantially in the form attached hereto as <u>Exhibit B</u>, granting the relief requested herein; and (b) grant such other and further relief to the Debtors as the Court may deem proper.

Dated: August 27, 2009
     New York, New York

Respectfully submitted,


  /s/ Corinne Ball            
Corinne Ball
Veerle Roovers
JONES DAY
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

David G. Heiman
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212

Jeffrey B. Ellman
JONES DAY
1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309
Telephone: (404) 521-3939
Facsimile: (404) 581-8330

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

# EXHIBIT A

## THE CONTRACTS

## Schedule of Contracts to Be Rejected[1]

| No. | Description of Contract or Lease | Nondebtor Parties | Debtor Party | Purchase Order Numbers |
|---|---|---|---|---|
| 1. | Purchase Orders numbered JSWJ800086 and JSTJ800178 between Chrysler LLC and FMC Technologies, Inc. (Supplier No. 39363), dated March 19, 2008 and April 28, 2008, respectively. | FMC Technologies, Inc. Attn: President or General Counsel 400 High Point Chalfont, PA 18914 | Old Carco LLC (f/k/a Chrysler LLC) | JSTJ800178 JSWJ800086 |
| 2. | Purchase Order number 08564102 among Chrysler LLC, Chrysler Canada, Inc. and Dakkota Integrated Systems LLC (Supplier No. 51088), dated May 18, 2007, as amended. | Dakkota Integrated Systems LLC Attn: President or General Counsel 490 Richard Ruston Drive Windsor, ON N89 OA9 Canada<br><br>Chrysler Canada Inc. (f/k/a DaimlerChrysler Canada, Inc.) Attn: Vice President or General Counsel 2450 Chrysler Center Windsor, ON N8W 3X7 Canada | Old Carco LLC (f/k/a Chrysler LLC) | O8564102 |
| 3. | Purchase Order number O7137045 among DaimlerChrysler Corporation, DaimlerChrysler Canada, Inc. and Global Automotive Systems LLC (Supplier No. 91590), dated April 10, 2006, as amended. | Global Automotive Systems LLC Attn: President or General Counsel 30665 Northwestern Highway Farmington Hills, MI 48334<br><br>Chrysler Canada Inc. (f/k/a DaimlerChrysler Canada, Inc.) Attn: Vice President or General Counsel 2450 Chrysler Center Windsor, ON N8W 3X7 Canada | Old Carco LLC (f/k/a Chrysler LLC) as successor to DaimlerChrysler Corporation | O7137045 |

---

[1] Each of the Contracts includes any modifications, amendments, addenda or supplements thereto or restatements thereof. The terms of the Contracts included herein are provided for convenience only and are not intended to modify, or to represent the Debtors' interpretation of or a Court determination regarding, the terms of any of the Contracts.

ATI-2386629v4

| No. | Description of Contract or Lease | Nondebtor Parties | Debtor Party | Purchase Order Numbers |
|---|---|---|---|---|
| 4. | Purchase Order number O4132619 among DaimlerChrysler Corporation, DaimlerChrysler Canada, Inc. and Trim Trends Canada Ltd. (Supplier No. 91590), dated January 11, 2002, as amended. | Trim Trends Canada Ltd. Trim Trends, Inc. Attn: President or General Counsel 30665 Northwestern Highway Farmington Hills, MI 48334<br><br>Chrysler Canada Inc. (f/k/a DaimlerChrysler Canada, Inc.) Attn: Vice President or General Counsel 2450 Chrysler Center Windsor, ON N8W 3X7 Canada | Old Carco LLC (f/k/a Chrysler LLC) as successor to DaimlerChrysler Corporation | O4132619 |
| 5. | Purchase Order number O9551006 between DaimlerChrysler Corporation and Arvinmeritor Exhaust LLC (Supplier No. 10832) dated April 27, 2006, as amended. | Arvinmeritor Exhaust LLC Arvinmeritor, Inc. Attn: President or General Counsel 6401 West Fort Street Detroit, MI 48209 | Old Carco LLC (f/k/a Chrysler LLC) as successor to DaimlerChrysler Corporation | O9551006 |
| 6. | Purchase Order number O7556047 among DaimlerChrysler Corporation, DaimlerChrysler Canada, Inc. and Inergy Automotive Systems USA LLC (Supplier No. 22191), dated December 24, 2004, as amended. | Inergy Automotive Systems USA LLC Inergy Automotive Sys. Holding, Inc. Attn: President or General Counsel 2710 Bellingham Road Suite 400 Troy, MI 48083<br><br>Chrysler Canada Inc. (f/k/a DaimlerChrysler Canada, Inc.) Attn: Vice President or General Counsel 2450 Chrysler Center Windsor, ON N8W 3X7 Canada | Old Carco LLC (f/k/a Chrysler LLC) as successor to DaimlerChrysler Corporation | O7556047 |

ATL-238662904

| No. | Description of Contract or Lease | Nondebtor Parties | Debtor Party | Purchase Order Numbers |
|---|---|---|---|---|
| 7. | Purchase Order number O3532014 between DaimlerChrysler Corporation and Goodyear Tire and Rubber Company (Supplier No. 42332), dated August 13, 2001, as amended. | Goodyear Tire and Rubber Company Attn: President or General Counsel 100 Galleria Suite 200 Box 5099 Southfield, MI 48086<br><br>Goodyear Tire & Rubber Company Attn: President or General Counsel 1144 East Market Akron, OH 44316 | Old Carco LLC (f/k/a Chrysler LLC) as successor to DaimlerChrysler Corporation | O3532014 |
| 8. | Purchase Order number O8747763 between DaimlerChrysler Corporation and Lydall Thermal Acoustical Group (Supplier No. 19386), dated September 10, 2003, as amended. | Lydall Thermal Acoustical Group Attn: President or General Counsel 6767 Huntley Road Columbus, OH 43229 | Old Carco LLC (f/k/a Chrysler LLC) as successor to DaimlerChrysler Corporation | O8747763 |
| 9. | Purchase Order number O4294007 between DaimlerChrysler Corporation and JAC Products, Inc. (Supplier No. 54196), dated March 18, 2004, as amended. | JAC Products, Inc. Attn: President or General Counsel 31651 Research Park Drive Madison Heights, MI 48071<br><br>JAC Products, Inc. Attn: President or General Counsel 225 S Industrial Drive Saline, MI 48176 | Old Carco LLC (f/k/a Chrysler LLC) as successor to DaimlerChrysler Corporation | O4294007 |
| 10. | Purchase Order number O0272011 between DaimlerChrysler Corporation and Lucas TVS Ltd. (Supplier No. 60994), dated November 16, 2007, as amended. | Lucas TVS, Ltd. Attn: President or General Counsel Mth Road Padi Dhennai, Tamilnadu 600 050 India | Old Carco LLC (f/k/a Chrysler LLC) as successor to DaimlerChrysler Corporation | O0272011 |

ATI-2386629v4

| No. | Description of Contract or Lease | Nondebtor Parties | Debtor Party | Purchase Order Numbers |
|---|---|---|---|---|
| 11. | Purchase Orders numbered O9418004 and O7556074 among DaimlerChrysler Corporation, DaimlerChrysler Canada, Inc. and Mahle Tennex North America (Supplier No. 87865), dated December 8, 2006 and April 21, 2006, respectively, as amended. | Mahle Tennex North America Attn: President or General Counsel 906 Butler Drive Murfreesboro, TN 37127<br><br>Mahle Tennex North America Attn: President or General Counsel 23030 Haggerty Road Farmington Hills, MI 48335<br><br>Chrysler Canada Inc. (f/k/a DaimlerChrysler Canada, Inc.) Attn: Vice President or General Counsel 2450 Chrysler Center Windsor, ON N8W 3X7 Canada | Old Carco LLC (f/k/a Chrysler LLC) as successor to DaimlerChrysler Corporation | O9418004<br>O7556074 |
| 12. | Purchase Orders numbered O3534766, O5534902 and O5534919 among DaimlerChrysler Corporation, DaimlerChrysler Canada, Inc. and Michelin North America, Inc. (Supplier No. 64085), dated July 10, 2001, June 6, 2002 and March 12, 2004, respectively, as amended. | Michelin North America, Inc. Attn: President or General Counsel 3290 W. Big Beaver Road SU 201 North Troy, MI 48084<br><br>Michelin North America, Inc. Attn: President or General Counsel 1 Parkway South Greenville, SC 29615<br><br>Chrysler Canada Inc. (f/k/a DaimlerChrysler Canada, Inc.) Attn: Vice President or General Counsel 2450 Chrysler Center Windsor, ON N8W 3X7 Canada | Old Carco LLC (f/k/a Chrysler LLC) as successor to DaimlerChrysler Corporation | O3534766<br>O5534902<br>O5534919 |

-4-

| No. | Description of Contract or Lease | Nondebtor Parties | Debtor Party | Purchase Order Numbers |
|---|---|---|---|---|
| 13. | Purchase Orders numbered O3587036 and O7152298 among DaimlerChrysler Corporation, DaimlerChrysler Canada, Inc. and MNP Corporation (Supplier No. 70081), dated April 2, 2001 and August 23, 2006, respectively, as amended. | MNP Corporation<br>Attn: President or General Counsel<br>4225 Utica Road<br>PO Box 189002<br>Utica, MI 48318<br><br>MNP Corporation<br>Attn: President or General Counsel<br>1524 E 14 Mile Road<br>Madison Heights, MI 48071<br><br>MNP Corporation<br>Attn: President or General Counsel<br>1111 Samuelson Rd<br>Rockford, IL 61125<br><br>Chrysler Canada Inc. (f/k/a DaimlerChrysler Canada, Inc.)<br>Attn: Vice President or General Counsel<br>2450 Chrysler Center<br>Windsor, ON N8W 3X7<br>Canada | Old Carco LLC (f/k/a Chrysler LLC) as successor to DaimlerChrysler Corporation | O3587036<br>O7152298 |
| 14. | Purchase Order number O6137006 among DaimlerChrysler Corporation, DaimlerChrysler Canada, Inc. and Prince Metal Products Ltd. (Supplier No. 23003), dated December 16, 2005, as amended. | Prince Metal Products Ltd.<br>The Narmco Group<br>Attn: President or General Counsel<br>945 Prince Road<br>Windsor, ON N9C 2Z4<br>Canada<br><br>Chrysler Canada Inc. (f/k/a DaimlerChrysler Canada, Inc.)<br>Attn: Vice President or General Counsel<br>2450 Chrysler Center<br>Windsor, ON N8W 3X7<br>Canada | Old Carco LLC (f/k/a Chrysler LLC) as successor to DaimlerChrysler Corporation | O6137006 |

ATI-2386629v4

| No. | Description of Contract or Lease | Nondebtor Parties | Debtor Party | Purchase Order Numbers |
|---|---|---|---|---|
| 15. | Purchase Orders numbered A079602036 and A06638539392 between Chrysler LLC and Smith Roy Company (Supplier No. 82482), dated April 25, 2008 and September 15, 2008, respectively, as amended. | Smith Roy Company<br>Attn: President or General Counsel<br>14650 Dequindre<br>Detroit, MI 48212-1597 | Old Carco LLC (f/k/a Chrysler LLC) | A079602036<br>A06638539392 |
| 16. | Purchase Order number O4123189 among DaimlerChrysler Corporation, DaimlerChrysler Canada, Inc. and Tower Automotive, Inc. (Supplier No. 10167), dated March 26, 2004, as amended. | Tower Automotive, Inc.<br>Attn: President or General Counsel<br>1350 West Hamlin Road<br>Rochester Hills, MI 48309-5011<br><br>Tower Automotive<br>Attn: President or General Counsel<br>5211 Cascade Road SE Suite 300<br>Grand Rapids, MI 49546<br><br>Tower Automotive<br>Attn: President or General Counsel<br>27175 Haggerty Road<br>Novi, MI 48377<br><br>Tower Automotive<br>Attn: President or General Counsel<br>44850 Groesbeck Hwy<br>Clinton Township, MI 48036<br><br>Tower Automotive<br>Attn: President or General Counsel<br>81 Drettman Drive<br>Elkton, MI 48731<br><br>Chrysler Canada Inc. (f/k/a DaimlerChrysler Canada, Inc.)<br>Attn: Vice President or General Counsel<br>2450 Chrysler Center<br>Windsor, ON N8W 3X7<br>Canada | Old Carco LLC (f/k/a Chrysler LLC) as successor to DaimlerChrysler Corporation | O4123189 |

-6-

| No. | Description of Contract or Lease | Nondebtor Parties | Debtor Party | Purchase Order Numbers |
|---|---|---|---|---|
| 17. | Purchase Orders numbered O3587090 and O6586015 among DaimlerChrysler Corporation, DaimlerChrysler Canada, Inc. and Textron Fastening Systems Automotive (Supplier No. 38303), dated July 10, 2001 and March 3, 2004, respectively, as amended. | Textron Fastening Systems Automotive Textron Fastening Systems Attn: President or General Counsel 6333 Lynch Road Detroit, MI 48234 Chrysler Canada Inc. (f/k/a DaimlerChrysler Canada, Inc.) Attn: Vice President or General Counsel 2450 Chrysler Center Windsor, ON N8W 3X7 Canada | Old Carco LLC (f/k/a Chrysler LLC) as successor to DaimlerChrysler Corporation | O3587090 O6586015 |

ATI-2386629v4

**EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
In re                                                       :    Chapter 11
                                                            :
Old Carco LLC                                               :    Case No. 09-50002 (AJG)
(f/k/a Chrysler LLC), *et al.*,                             :
                                                            :    (Jointly Administered)
                                 Debtors.                   :
                                                            :
------------------------------------------------------------x

### NINETEENTH ORDER AUTHORIZING THE
### REJECTION OF CERTAIN EXECUTORY CONTRACTS

This matter coming before the Court on the Nineteenth Omnibus Motion of

Debtors and Debtors in Possession, Pursuant to Section 365 of the Bankruptcy Code and

Bankruptcy Rule 6006, for an Order Authorizing the Rejection of Certain Executory Contracts

(the "Motion"),[1] filed by the debtors and debtors in possession in the above-captioned cases

(collectively, the "Debtors"); the Court having reviewed the Motion and having considered the

statements of counsel and the evidence adduced with respect to the Motion at a hearing before

the Court (the "Hearing"); the Court having found that (a) the Court has jurisdiction over this

matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C.

§ 157(b), (c) notice of the Motion and the Hearing was sufficient under the circumstances and

(d) a sound business purpose exists for the relief granted herein; and the Court having

determined that the legal and factual bases set forth in the Motion and at the Hearing establish

just cause for the relief granted herein;

---

[1]        Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

IT IS HEREBY ORDERED THAT:

1.       The Motion is GRANTED as set forth herein.

2.       The Debtors are authorized to reject the Contracts[2] identified in the attached <u>Schedule 1</u>, which is incorporated herein by reference, and the Contracts are deemed rejected, pursuant to section 365 of the Bankruptcy Code, effective as of September 24, 2009.

3.       In accordance with the Order, Pursuant to Sections 105, 501 and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c)(3), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof (Docket No. 5018) (the "<u>Bar Date Order</u>"), any entity asserting claims arising from or relating to the rejection of any of the Contracts, in accordance with section 365 of the Bankruptcy Code, or asserting claims otherwise related to such rejected Contracts, including (a) secured claims, unsecured priority claims and unsecured nonpriority claims that arose or are deemed to have arisen prior to the Petition Date; and (b) administrative claims under section 503(b) of the Bankruptcy Code (each, a "<u>Rejection Damages Claim</u>"), must file a proof of claim by 5:00 p.m., Eastern Time, on the date that is 30 days after the entry of this Order (such date, the "<u>Rejection Damages Bar Date</u>"). All such proofs of claims shall be filed in accordance with the requirements of the Bar Date Order. A copy of the Bar Date Order, a Proof of Claim Form, instructions for submitting a claim and other materials relating to these cases are available at <u>www.chryslerrestructuring.com</u>. If an entity fails to timely and properly file a Rejection Damages Claim by the Rejection Damages Bar Date, such party shall be forever barred, estopped and enjoined from asserting such Rejection Damages Claim against the Debtors or their estates or property, or voting or receiving

---

[2]       Each of the Contracts includes any modifications, amendments, addenda or supplements thereto or restatements thereof. The terms of the Contracts included in Schedule 1 are provided for convenience only and are not intended to modify, or to represent the Debtors' interpretation of or a Court determination regarding, the terms of any of the Contracts.

distributions under any plan of liquidation in these cases on account of such Rejection Damages Claim. See Bar Date Order ¶ 16.

      4.     This Court shall retain jurisdiction to resolve all matters relating to the implementation of this Order.

Dated: New York, New York
             _____, 2009

                                  _____
                                  UNITED STATES BANKRUPTCY JUDGE