JONES DAY
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Corinne Ball
Nathan Lebioda

JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
David G. Heiman
Thomas A. Wilson

JONES DAY
1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309
Telephone: (404) 521-3939
Facsimile: (404) 581-8330
Jeffrey B. Ellman

Attorneys for Debtors
and Debtors in Possession

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
:
In re : Chapter 11
:
Old Carco LLC : Case No. 09-50002 (AJG)
(f/k/a Chrysler LLC), *et al.*,[1] :
: (Jointly Administered)
Debtors. :
:
-------------------------------------------------------------x

## NOTICE OF FILING OF SCHEDULE OF CERTAIN
## DESIGNATED AGREEMENTS AND CURE COSTS RELATED THERETO

---

[1] A second amended list of the debtors and debtors in possession in these cases (collectively, the "Debtors"), their addresses and tax identification numbers is located on the docket for Case No. 09-50002 (AJG) (Docket No. 3945) and can also be found at www.chryslerrestructuring.com.

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1. On April 30, 2009 (the "Petition Date"), Old Carco LLC (f/k/a Chrysler LLC) and 24 of its affiliated Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). The remaining Debtor, Alpha Holding L.P., commenced its bankruptcy case by filing a voluntary petition with the Bankruptcy Court on May 19, 2009.

2. Old Carco LLC (f/k/a Chrysler LLC) and its Debtor subsidiaries; Fiat S.p.A ("Fiat"); and Chrysler Group LLC (f/k/a New CarCo Acquisition LLC) (the "Purchaser"), a Delaware limited liability company formed by Fiat, entered into a Master Transaction Agreement, dated as of April 30, 2009 (the "Purchase Agreement"), that contemplated a set of related transactions for the sale of substantially all of the Debtors' tangible, intangible and operating assets, defined as the "Purchased Assets" in Section 2.06 of the Purchase Agreement, subject to higher and better offers made pursuant to the Bidding Procedures (as defined below).

3. On May 3, 2009 and May 22, 2009, the Debtors filed motions with the Bankruptcy Court (Docket Nos. 190 and 1742) (collectively, the "Sale Motion") seeking, among other things, (a) authority to sell substantially all of the Debtors' assets free and clear of all liens, claims, interests and encumbrances to the Purchaser or another bidder (the "Sale Transaction"); (b) approval of certain procedures (the "Bidding Procedures") for the solicitation of competing bids with respect to the Sale Transaction; (c) authority to assume and assign certain executory contracts and unexpired leases in connection with the Sale Transaction; (d) approval of that certain settlement agreement between the Purchaser and the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America to be executed at the

closing of the Sale Transaction; and (e) scheduling of a final hearing with the Bankruptcy Court for approval of the Sale Transaction.

4. A hearing on the Sale Motion was held before the Bankruptcy Court on May 1, 4 and 5, 2009, after which the Bankruptcy Court entered an order (Docket No. 492) (the "Bidding Procedures Order"), among other things, approving certain procedures (the "Contract Procedures") establishing a process for (a) the assumption of the Designated Agreements (as defined below) by the Debtors and the assignment of these agreements to the Purchaser, (b) the determination of the amounts necessary to cure defaults under the Designated Agreements (the "Cure Costs") and (c) the resolution of other disputes in connection with the assumption and assignment of the Designated Agreements pursuant to section 365 of the Bankruptcy Code.

5. Subsequently, on June 1, 2009, the Bankruptcy Court entered an order (Docket No. 3232) approving the sale of the Purchased Assets to the Purchaser. On June 10, 2009 (the "Closing Date"), the Debtors consummated the sale of the Purchased Assets to the Purchaser.

6. In connection with the sale, the Contract Procedures require the Debtors to file with the Bankruptcy Court and serve on each non-debtor counterparty (each, a "Non-Debtor Counterparty") to an executory contract or unexpired lease with any of the Debtors that the Debtors may assume and assign to the Purchaser (the "Designated Agreements"), a notice of assumption and assignment, the form of which is attached to hereto as **Annex A** (the "Assignment Notice").

7. Consistent with the Contract Procedures, attached hereto as **Annex B**, is a schedule identifying (a) certain agreements that the Debtors have identified as Designated

Agreements that they intend to assume and assign to the Purchaser and (b) the corresponding Cure Costs under such Designated Agreements as of April 30, 2009 (the "Assignment and Cure Schedule").  The Assignment Notice, along with the relevant portion of the Assignment and Cure Schedule, has been or will be served on each of the Non-Debtor Counterparties in accordance with the Contract Procedures.  The Assignment and Cure Schedule is subject to the terms and conditions of the Contract Procedures.

8. In accordance with Section 2.10 of the Purchase Agreement and paragraph 19(c) of the Bidding Procedures Order, the Debtors may, at the Purchaser's request or with the Purchaser's consent, designate, up to the Agreement Designation Deadline (as defined below), additional executory contracts and unexpired leases as agreements to be assumed by the Debtors and assigned to the Purchaser pursuant to the Purchase Agreement (collectively, the "Additional Designated Agreements").  As used herein the "Agreement Designation Deadline" means, as applicable, (a) 30 days after the Closing Date with respect to the standard uniform dealership agreements in the form of the Chrysler Corporation Sales and Service Agreement, as well as agreements in the form of the Chrysler Direct Dealer Agreement; (b) 60 days after the Closing Date for executory contracts and unexpired leases with the Debtors' production suppliers; and (c) 90 days after the Closing Date for all other agreements.  In accordance with the Contract Procedures, the Debtors will file additional Assignment and Cure Schedules with the Bankruptcy Court and serve additional Assumption Notices on applicable Non-Debtor Counterparties to the extent any executory contract or unexpired leases are designated to be Additional Designated Agreements.

9. The inclusion of any document on the list of Designated Agreements contained in the Assignment and Cure Schedules or an Assumption Notice shall not constitute or

be deemed to be a determination or admission by the Debtors or the Purchaser that such document is, in fact, an executory contract or unexpired lease within the meaning of the Bankruptcy Code, and all rights with respect thereto being expressly reserved.

10. This Notice is qualified in its entirety by the Contract Procedures set forth in the Bidding Procedures Order, and Non-Debtor Counterparties are encouraged to read the Contract Procedures in their entirety.

Dated: August 28, 2009
     New York, New York

Respectfully submitted,

/s/ Corinne Ball
Corinne Ball
Nathan Lebioda
JONES DAY
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

David G. Heiman
Thomas A. Wilson
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212

Jeffrey B. Ellman
JONES DAY
1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309
Telephone: (404) 521-3939
Facsimile: (404) 581-8330

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION

# ANNEX A

# [Form of Assignment Notice]

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                                                               :

In re                                                     :      Chapter 11

Old Carco LLC                            :      Case No. 09-50002 (AJG)
(f/k/a Chrysler LLC), *et al.*,[1]          :
                                                     :      (Jointly Administered)
                      Debtors.              :

---------------------------------------------------------------x

## NOTICE OF (I) DEBTORS' INTENT
## TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS
## AND UNEXPIRED LEASES AND (II) CURE COSTS RELATED THERETO

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

       1.       On May 3, 2009 and May 22, 2009, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed motions (collectively, the "Sale Motion")[2] with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") seeking, among other things, (a) authority to sell substantially all of the Debtors' assets free and clear of all liens, claims and encumbrances; (b) approval of certain procedures (the "Bidding Procedures") for the solicitation of bids with respect to the Sale Transaction (the "Bidding Procedures Relief"); (c) authority to assume and assign certain executory contracts and unexpired leases in connection with the Sale Transaction; (d) approval of that certain settlement agreement between the Purchaser and the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (the "UAW") to be executed at the closing of the Sale Transaction (the "UAW Retiree Settlement Agreement") and (e) scheduling of a final hearing with the Bankruptcy Court for approval of the Sale Transaction (the "Sale Hearing").

       2.       Old Carco LLC (f/k/a Chrysler LLC) and its Debtor subsidiaries; Fiat S.p.A ("Fiat"); and Chrysler Group LLC (f/k/a New CarCo Acquisition LLC) (the "Purchaser"), a Delaware limited liability company formed by Fiat, entered into a Master Transaction Agreement, dated as of April 30, 2009 (the "Purchase Agreement"), which, together with certain ancillary agreements, contemplates a set of related transactions for the sale of substantially all of

---

[1]    A second amended list of the debtors and debtors in possession in these cases, their addresses and tax identification numbers is located on the docket for Case No. 09-50002 (AJG) (Docket No. 3945) and can also be found at www.chryslerrestructuring.com.

[2]    You may obtain a copy of the Sale Motion and the Purchase Agreement (without certain commercially sensitive attachments) by accessing the website established by the Debtors' claims and noticing agent, Epiq Bankruptcy Solutions, LLC at http://www.chryslerrestructuring.com/.

the Debtors' tangible, intangible and operating assets, defined as the "Purchased Assets" in Section 2.06 of the Purchase Agreement, including the Designated Agreements (as defined below), the assets related to the research, design, manufacturing, production, assembly and distribution of passenger cars, trucks and other vehicles (including prototypes) under brand names that include Chrysler, Jeep® and Dodge (the "CarCo Business"), certain of the facilities related thereto and all rights including intellectual property rights, trade secrets, customer lists, domain names, books and records, software and other assets used in or necessary to the operation of the CarCo Business or related thereto (collectively, as defined in the Purchase Agreement, the "Purchased Assets") to the Purchaser. Subsequently, on June 1, 2009, the Bankruptcy Court entered an order (Docket No. 3232) approving the sale of the Purchased Assets to the Purchaser (the "Sale Order"). On June 10, 2009, (the "Closing Date"), the Debtors consummated the sale of the Purchased Assets to the Purchaser.

3. This Notice is provided to inform you of the Debtors' intent to assume and assign to the Purchaser certain executory contracts and/or unexpired leases. The following procedures (the "Contract Procedures") govern the assumption and assignment of these agreements in connection with the sale of the Purchased Assets to the Purchaser:[3]

(a) Contract Designations. The Purchase Agreement contemplates, and the Sale Order authorizes the assumption and assignment to the Purchaser of certain executory contract(s) and unexpired lease(s). Attached hereto as **Exhibit A** is a list of certain executory contracts and/or unexpired leases that the Debtors intend to assume and assign to the Purchaser (collectively, the "Designated Agreements" and, each, a "Designated Agreement"), pursuant to section 365 of title 11 of the United States Code (the "Bankruptcy Code").

(b) Cure Costs. The Debtors have listed on the attached **Exhibit A** the amounts that the Debtors believe must be paid to cure all prepetition defaults under the Designated Agreements as of April 30, 2009, in accordance with section 365(b) of the Bankruptcy Code (in each instance, the "Cure Costs"). Cure Costs may be listed on **Exhibit A** on an agreement-by-agreement basis or in the aggregate for multiple Designated Agreements.

(c) Agreement to Assumption and Assignment. If you agree with the Cure Costs indicated on **Exhibit A**, and otherwise do not object to the Debtors' proposed assumption and assignment of your lease or contract, you are not required take any further action.

(d) Section 365 Objections. Objections, if any, to the proposed assumption and assignment of the Designated Agreements, including, but not limited to, objections related to adequate assurance of future performance, or objections relating to whether applicable law excuses the non-debtor counterparty to such Designated Agreement (the "Non-Debtor Counterparty") from accepting performance by, or rendering performance to, Purchaser for purposes of section 365(c)(1) of the Bankruptcy Code, or to the proposed

---

[3] This Notice is subject to the full terms and conditions of the Sale Motion, the Sale Order, the Bidding Procedures Order and the Contract Procedures set forth in the Bidding Procedures Order, which shall control in the event of any conflict. The Debtors encourage parties in interest to review such documents in their entirety and consult an attorney if they have questions or want advice.

Cure Costs (a "Section 365 Objection"), must be made in writing and filed with the Bankruptcy Court so as to be **received no later than September 7, 2009** (the "Section 365 Objection Deadline") by the Bankruptcy Court and the following parties: (i) the Debtors, c/o Old Carco LLC, 1000 Chrysler Drive, CIMS# 485-14-96, Auburn Hills, Michigan 48326-2766 (Attn: Ronald E. Kolka); (ii) Jones Day, counsel to the Debtors, 222 East 41st Street, New York, New York 10017 (Attn: Corinne Ball, Esq. and Nathan Lebioda, Esq.) and 1420 Peachtree Street, N.E., Suite 800, Atlanta, Georgia 30309-3053 (Attn: Jeffrey B. Ellman, Esq.); (iii) Capstone Advisory Group, LLC, Park 80 West, Plaza 1, Plaza Level, Saddle Brook, NJ 07663 (Attn: Robert Manzo); (iv) Kramer Levin Naftalis & Frankel LLP, counsel to the Official Committee of Unsecured Creditors', 1177 Avenue of the Americas New York, New York 10036 (Attn: Thomas M. Mayer, Esq. and Kenneth H. Eckstein, Esq.); (v) Simpson Thacher & Bartlett LLP, counsel to the administrative agent for the Debtors' prepetition senior secured lenders, 425 Lexington Avenue, New York, New York 10017 (Attn: Peter Pantaleo, Esq. and David Eisenberg, Esq.); (vi) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Brian S. Masumoto, Esq.); (vii) the U.S. Department of Treasury, 1500 Pennsylvania Avenue NW, Room 2312 Washington, D.C. 20220 (Attn: Matthew Feldman, Esq.); (viii) United States Attorney's Office, Southern District of New York, Civil Division, Tax & Bankruptcy Unit, 86 Chambers Street, 3rd Floor, New York, New York 10007 and Cadwalader, Wickersham & Taft LLP, Of counsel to the Presidential Task Force on the Auto Industry, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (ix) Vedder Price, P.C., counsel to Export Development Canada, 1633 Broadway, 47th Floor New York, New York 10019 (Attn: Michael J. Edelman, Esq.); (x) the Purchaser and Fiat, c/o Fiat S.p.A, Via Nizza n. 250, 10125 Torino, Italy (Attn: Chief Executive Officer); (xi) Sullivan & Cromwell LLP, counsel to the Purchaser and Fiat, 125 Broad Street, New York, New York 10004 (Attn: Scott D. Miller, Esq. and Andrew Dietderich, Esq.) and 1888 Century Park East, 21st Floor, Los Angeles, CA 90067 (Attn: Hydee R. Feldstein, Esq.); (xii) International Union, UAW, 8000 East Jefferson Avenue, Detroit, Michigan 48214 (Attn: Daniel Sherrick, Esq.); (xiii) Cleary Gottlieb Steen & Hamilton LLP, counsel to the UAW, One Liberty Plaza, New York, New York 10006 (Attn: James L. Bromley, Esq.); (xiv) Cohen, Weiss and Simon LLP, counsel to the UAW, 330 W. 42nd St., New York, New York 10036 (Attn: Babette Ceccotti, Esq.); (xv) Togut, Segal & Segal, LLP, conflicts counsel to the Debtors, One Penn Plaza, New York, New York 10119 (Attn: Albert Togut, Esq.); and (xvi) any other statutory committees appointed in these cases.

(e) Resolution of Objections; Section 365 Hearing. Upon the filing of a Section 365 Objection (i) challenging the ability of the Debtors to assume or assign the Designated Agreement (a "Disputed Designation") or (ii) asserting a cure amount higher than the proposed Cure Costs indicated on **Exhibit A** annexed hereto (the "Disputed Cure Costs"), the Debtors, the Purchaser and the objecting Non-Debtor Counterparty shall meet and confer in good faith to attempt to resolve any such objection without Bankruptcy Court intervention. If any of the Debtors, the Non-Debtor Counterparty or the Purchaser determine that the objection cannot be resolved without judicial intervention, then the determination of the assumption and assignment of the Disputed Designation and/or the amount to be paid under section 365 of the Bankruptcy Code with respect to the Disputed

Cure Costs will be determined by the Bankruptcy Court at an omnibus hearing established for such purpose that is on a date not less than ten days after the service of such objection or such other date as determined by the Bankruptcy Court (the "Section 365 Hearing"), unless the Debtors, the Purchaser and the Non-Debtor Counterparty to the Designated Agreement in dispute agree otherwise. Unless otherwise agreed by the parties, the Section 365 Hearing to consider objections relating to the Designated Agreement(s) identified on the attached **Exhibit A** shall be conducted on **September 24, 2009 at 10:00 a.m., Eastern Time,** at the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, Courtroom 523, One Bowling Green, New York, New York 10004, before the Honorable Arthur J. Gonzalez, United States Bankruptcy Judge. If the Bankruptcy Court determines at a Section 365 Hearing that the Designated Agreement cannot be assumed and assigned, or establishes Cure Costs that the Purchaser is not willing to pay, then such executory contract or unexpired lease shall no longer be considered a Designated Agreement.

(f) <u>Failure to Object; Consent to Assumption and Assignment</u>. Unless a Section 365 Objection is filed and served before the Section 365 Objection Deadline, all parties shall be deemed to have consented to such Cure Costs and the assumption and assignment of such Designated Agreements, and such party shall be forever barred from objecting to the Cure Costs or such assumption and assignment and from asserting any additional cure or other amounts against the Debtors, their estates or the Purchaser.

(g) <u>Resolution of Assumption/Assignment Issues</u>. If the Non-Debtor Counterparty to a Designated Agreement fails to timely assert a Section 365 Objection as described in paragraph (d) above, or upon the resolution of any timely Section 365 Objection by agreement of the parties or order of the Bankruptcy Court approving an assumption and assignment, such Designated Agreement shall be deemed to be assumed by the Debtors and assigned to the Purchaser and the proposed Cure Cost related to such Designated Agreement shall be established and approved in all respects, subject to the conditions set forth in paragraph (j) below.

(h) <u>Additional Contract Designations</u>. In accordance with Section 2.10 of the Purchase Agreement, the Debtors may, at the Purchaser's request or with the Purchaser's consent, designate, up to the Agreement Designation Deadline, additional executory contracts and unexpired leases as agreements to be assumed by the Debtors and assigned to the Purchaser pursuant to the Purchase Agreement (the "<u>Additional Designated Agreements</u>"). As used herein the "<u>Agreement Designation Deadline</u>" means, as applicable, (i) 30 days after the Closing Date with respect to certain agreements with the Debtors' U.S. dealers, (ii) 60 days after the Closing Date for executory contracts and unexpired leases with the Debtors' production suppliers and (iii) 90 days after the Closing Date for all other agreements. Upon determining that a specific executory contract or unexpired lease, or a group thereof, are Additional Designated Agreements, the Debtors, at the Purchaser's request, shall serve notice on each of the Non-Debtor Counterparties to such Additional Designated Agreements and their Counsel of Record, indicating (i) that the notice recipient is a Non-Debtor Counterparty to one or more executory contracts or unexpired leases with the Debtors that the Debtors intend to assume and assign to the Purchaser and (ii) the corresponding Cure Cost under the Additional Designated

Agreements as of April 30, 2009; <u>provided</u>, <u>that</u> such Assignment Notice shall in no way limit such Non-Debtor Counterparty's entitlement to Cure Costs accruing during the period after April 30, 2009.

(i) <u>Purchaser Confirmation Notice</u>. At any time through the Agreement Designation Deadline, the Purchaser may serve on all applicable Non-Debtor Counterparties a notice (a "<u>Confirmation Notice</u>") indicating those Designated Agreements with respect to which the Purchaser has made a final determination to take assignment of a Designated Agreement (each, a "<u>Confirmed Agreement</u>"). Until a Designated Agreement is listed as a Confirmed Agreement on a Confirmation Notice, it shall not be considered to be either assumed or assigned and shall remain subject to assumption, rejection or redesignation hereunder.

(j) <u>Conditions on Assumption and Assignment</u>. Please read **Exhibit A** carefully. In some cases, **Exhibit A** identifies additional terms or conditions of assumption and assignment with respect to a particular Designated Agreement. Subject to the satisfaction of conditions in paragraph (g) above to address any cure or assignment disputes, the Debtors shall be deemed to have assumed and assigned to the Purchaser each of the Designated Agreements as of the date of and effective only upon the Closing Date. Assumption and assignment of the Designated Agreements also is subject to the Purchaser's rights set forth in paragraphs (h) and (i) above. The Purchaser shall have no rights in and to a particular Designated Agreement until such time as the particular Designated Agreement has been identified by the Purchaser as a Confirmed Agreement and is assumed and assigned in accordance with the procedures set forth herein. Once assumed and assigned as a Confirmed Agreement under these Contract Procedures, a Designated Agreement is not subject to rejection under section 365 of the Bankruptcy Code. Absent the satisfaction of the conditions to assumption and assignment described herein (including the Purchaser's identification of an agreement as a Confirmed Agreement), each of the Designated Agreements shall neither be deemed assumed nor assigned and shall in all respects be subject to further administration under the Bankruptcy Code.

(k) <u>Post-Closing Assurances</u>. From and after the Closing Date through the applicable Agreement Designation Deadline, Non-Debtor Counterparties may serve a written request on the Debtors and the Purchaser for a final determination of the assumption or rejection of its executory contracts and unexpired leases. Absent a favorable response within ten days, the Non-Debtor Counterparty may file a motion to compel assumption or rejection of such agreement, which may be heard on ten days' notice, subject to the Court's availability; <u>provided</u>, <u>however</u>, that in the event that a Non-Debtor Counterparty believes that it requires a more expeditious decision regarding assumption or rejection of its executory contract or unexpired lease, such Non-Debtor Counterparty shall be free to seek expedited relief from the Court, without regard to the ten-day periods referenced herein but subject to the legal standards and requirements applicable to requests for expedited consideration, <u>provided</u> <u>further</u> that in such event the counterparty shall give as much advance notice as reasonably practicable under the circumstances to the Debtors and the Purchaser. For purposes of this paragraph, the Debtors and the Purchaser shall be contacted at the addresses identified in paragraph (d) above.

(l) <u>Cure Payments</u>.  Except as may otherwise be agreed to by the parties to a Designated Agreement, the defaults under the Designated Agreements that must be cured in accordance with section 365(b) of the Bankruptcy Code shall be cured as follows:  the Purchaser shall pay all Cure Costs relating to an assumed executory contract or unexpired lease within ten days after the latest of:  (i) the Closing Date or; (ii) the date on which such executory contract or unexpired lease is deemed assumed and assigned, in accordance with subparagraph (j) of these Contract Procedures; or (iii) with respect to Dispute Cure Costs, the date the amount thereof is finally determined.

(m) <u>Rights Pending Assumption or Rejection.</u>  Nothing in these Contract Procedures limits, restricts or expands the rights of parties to executory contracts and unexpired leases pending assumption or rejection, including any rights to seek further relief from the Bankruptcy Court (including motions to compel a prompt final decision on assumption or rejection), or the rights of other parties in response to such requests.

(n) <u>Filing of Final List of Confirmed Agreements</u>.  As soon as reasonably practicable after the Agreement Designation Deadline, the Debtors shall file with the Court a final schedule indicating all Confirmed Agreements and the proposed Cure Costs relating to each Confirmed Agreement scheduled therein.

4. The inclusion of any document on the list of Designated Agreements shall not constitute or be deemed to be a determination or admission by the Debtors or the Purchaser that such document is, in fact, an executory contract or unexpired lease within the meaning of the Bankruptcy Code, and all rights with respect thereto being expressly reserved.

5. Questions or inquiries relating to this Notice may be directed to the Chrysler Restructuring Hotline at +1-877-271-1568 (for U.S. and Canadian callers) and +1-503-597-7708 (for International callers outside the U.S. and Canada).

[The remainder of this page is intentionally blank.]

Dated: August 28, 2009  
      New York, New York

BY ORDER OF THE COURT

Corinne Ball  
Nathan Lebioda  
JONES DAY  
222 East 41st Street  
New York, New York 10017  
Telephone: (212) 326-3939  
Facsimile: (212) 755-7306  

David G. Heiman  
Thomas A. Wilson  
JONES DAY  
North Point  
901 Lakeside Avenue  
Cleveland, Ohio 44114  
Telephone: (216) 586-3939  
Facsimile: (216) 579-0212  

Jeffrey B. Ellman  
JONES DAY  
1420 Peachtree Street, N.E.  
Suite 800  
Atlanta, Georgia 30309  
Telephone: (404) 521-3939  
Facsimile: (404) 581-8330  

ATTORNEYS FOR DEBTORS  
AND DEBTORS IN POSSESSION

# EXHIBIT A TO ASSIGNMENT NOTICE

**[Schedule of Designated Agreements and Proposed Cure Costs]**

**[Intentionally Omitted; See Annex B]**

# ANNEX B

**[Schedule of Certain Designated Agreements and Cure Costs Related Thereto]**

| COUNTERPARTY NAME AND ADDRESS | CHRYSLER ENTITY | DESCRIPTION OF AGREEMENT | CURE AMOUNT |
|---|---|---|---|
| AIR LIFT COMPANY<br>2727 SNOW RD.<br>LANSING, MI 48917 | DAIMLERCHRYSLER CORPORATION | EXECUTION DATE: 11/14/2006 | $0.00 |
| ALLIANCE TECHNOLOGY, INC.<br>1000 JOHN R. ROAD<br>SUITE 2000<br>TROY, MI 48083 | DAIMLERCHRYSLER CORPORATION | EXECUTION DATE: 6/27/2000 | $0.00 |
| ALPNET CANADA INC.<br>1801 MCGILL COLLEGE AVE.<br>SUITE 500<br>MONTREAL, QC H3A 2N4<br>CANADA | DAIMLERCHRYSLER CORPORATION | EXECUTION DATE: 11/2/1999 | $0.00 |
| AMERICAN VANS, INC.<br>RT. 3 BOX 3009<br>DANIELSVILLE, GA 30633 | CHRYSLER CORPORATION | EXECUTION DATE: 3/17/1998 | $0.00 |
| APPLIED INNOVATION ALLIANCE<br>ATTN: PRESIDENT + CEO<br>DANA W CLARKE SR<br>6505 BLUE SPRUCE COURT SUITE 89<br>WEST BLOOMFIELD, MI 84324 | DAIMLERCHRYSLER CORPORATION | AGREEMENT<br>EXECUTION DATE: 5/6/2003 | $0.00 |
| ARTEHOUSE LLC<br>1 N. CALLE CESAR CHAVEZ<br>SUITE 100<br>SANTA BARBARA, CA 93103 | DAIMLERCHRYSLER CORPORATION | EXECUTION DATE: 10/25/2006 | $0.00 |
| AUGAT WIRING SYSTEMS & COMPONENTS<br>ATTENTION: GASPER BUFFA JR.<br>22800 HALL ROAD<br>CLINTON TOWNSHIP, MI 48036 | CHRYSLER CORPORATION | EXECUTION DATE: 7/25/1996 | $0.00 |
| AURA SYSTEMS, INC.<br>2335 ALASKA AVENUE<br>EL SEGUNDO, CA 90245 | DAIMLERCHRYSLER CORPORATION | EXECUTION DATE: 5/31/2001 | $0.00 |
| BOB LEBLANC<br>117 BOUL ST. JEAN BAPTIST<br>CHATEAUGUAY, QC J6K 3B1<br>CANADA | DAIMLERCHRYSLER CORPORATION | EXECUTION DATE: 9/29/2006 | $0.00 |
| BOCAR SERVICES PTY LTD<br>ATTENTION: S. BABBAGE, MARKETING MANAGER<br>1 SUNLIGHT DRIVE<br>BURLEIGH HEADS<br>GLD 06220<br>AUSTRALIA | DAIMLERCHRYSLER CORPORATION | EXECUTION DATE: 5/4/2006 | $0.00 |
| CHELSEA PRODUCTS DIVISION OF PARKER HANNIFIN CORPORATION<br>ATTENTION: BRIAN L. RANG, DIVISION ENGINEERING MANAGER<br>8225 HACKS CROSS ROAD<br>OLIVE BRANCH, MS 38654 | DAIMLERCHRYSLER CORPORATION | EXECUTION DATE: 8/16/2006 | $0.00 |
| COACHMEN RV<br>ATTENTION: SCOTT SCHROCK, ENGINEERING MANAGER<br>423 N. MAIN<br>MIDDLEBURY, IN 46540 | DAIMLERCHRYSLER CORPORATION | EXECUTION DATE: 11/8/2006 | $0.00 |
| CW MILL EQUIPMENT CO., INC.<br>14 COMMERCE DRIVE<br>SABETHA, KS 66534 | DAIMLERCHRYSLER CORPORATION | EXECUTION DATE: 1/25/2007 | $0.00 |
| DADS WELDING LTD<br>ATTENTION: DARCY DYCK, OWNER<br>BOX 934<br>BROOKS, ALBERTA T1R 1B8<br>CANADA | DAIMLERCHRYSLER CORPORATION | EXECUTION DATE: 6/30/2006 | $0.00 |
| DANIEL BEAUCAGE<br>4339 BOULEVARD BOURQUE<br>ROCK-FOREST, QC J1N 1S4<br>CANADA | DAIMLERCHRYSLER CORPORATION | EXECUTION DATE: 9/29/2006 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | CHRYSLER ENTITY | DESCRIPTION OF AGREEMENT | CURE AMOUNT |
|---|---|---|---|
| DICK HAMMER<br>184 FRONT STREET<br>TORONTO, ONTARIO  M5A 4N3<br>CANADA | DAIMLERCHRYSLER CORPORATION | EXECUTION DATE:  9/29/2006 | $0.00 |
| DR NEAL THORNBERRY<br>IMPACT STRATEGIES<br>9 ACORN<br>MEDFIELD, MA  02052 | DAIMLERCHRYSLER CORPORATION | AGREEMENT<br>EXECUTION DATE:  1/27/2006 | $0.00 |
| DR NEAL THORNBERRY<br>IMPACT STRATEGIES<br>9 ACORN<br>MEDFIELD, MA  02052 | DAIMLERCHRYSLER CORPORATION | AGREEMENT<br>AGREEMENT<br>EXECUTION DATE:  1/27/2006 | $0.00 |
| FMC TECHNOLOGIES<br>400 HIGHPOINT DRIVE<br>CHAUFONT, PA  18914 | DAIMLERCHRYSLER CORPORATION | EXECUTION DATE:  12/22/2006 | $0.00 |
| FROG NAVIGATION SYSTEMS<br>691 N. SQUIRREL ROAD<br>AUBURN HILLS, MI  48326 | DAIMLERCHRYSLER CORPORATION | EXECUTION DATE:  12/22/2006 | $0.00 |
| HARPER INDUSTRIES INC. DBA DEWEZE<br>ATTENTION: HEBER RAMER, V.P. ENGINEERING<br>151 E. HWY. 160<br>HARPER, KS  67058 | DAIMLERCHRYSLER CORPORATION | EXECUTION DATE:  5/12/2006 | $0.00 |
| HARRY MEWS<br>1200 BASELINE ROAD<br>OTTAWA, ONTARIO  K1Z 2H8<br>CANADA | DAIMLERCHRYSLER CORPORATION | EXECUTION DATE:  9/29/2006 | $0.00 |
| HARSCO TRUCK TECHNOLOGIES<br>ATTENTION: DOUG SCHULTZ, SR. DESIGNER<br>415 N. MAIN<br>FAIRMONT, MN  56031 | DAIMLERCHRYSLER CORPORATION | EXECUTION DATE:  8/16/2006 | $0.00 |
| HAYES BRAKE CONTROLLER COMPANY LLC<br>ATTN KAREN ARNOLD, NATIONAL ACCT MGR SALES AND MKTG<br>1030 SUNDOWN DRIVE<br>ARAB, AL  35016 | DAIMLERCHRYSLER CORPORATION | AGREEMENT<br>EXECUTION DATE:  12/13/2006 | $0.00 |
| INTEDIS<br>ATTENTION: DR. CHRISTINA HACK, MANAGER CUSTOMER PROJECTS<br>DELPSTRABE 4-8<br>WURZBURG, GERMANY  97084<br>GERMANY | CHRYSLER LLC | | $0.00 |
| JOHN J. CASEY<br>3782 COVERT RD<br>WATERFORD, MI  48328 | CHRYSLER LLC | AGREEMENT<br>EXECUTION DATE:  11/14/2007 | $0.00 |
| JOHN J. CASEY<br>3782 COVERT ROAD<br>WATERFORD, MI  48328 | CHRYSLER LLC | EXECUTION DATE:  11/13/2007 | $0.00 |
| KPIT CUMMINS INFORSYSTEMS, LTD<br>33 WOOD AVENUE SOUTH<br>ISELIN, NJ  08830 | DAIMLERCHRYSLER CORPORATION | EXECUTION DATE:  11/28/2006 | $0.00 |
| LOUIS GRENIER<br>1245 MONTEE MASSON<br>LACHENAIE, QC  J6W 6A6<br>CANADA | DAIMLERCHRYSLER CORPORATION | EXECUTION DATE:  9/29/2006 | $0.00 |
| METROLOGIC GROUP SA<br>ATTENTION: CEO<br>24148 RESEARCH DRIVE<br>FARMINGTON HILLS, MI  48335 | DAIMLERCHRYSLER CORPORATION | EXECUTION DATE:  3/16/2007 | $0.00 |
| METROLOGIC GROUP SERVICES, INC.<br>ATTENTION: CEO<br>24148 RESEARCH DRIVE<br>FARMINGTON HILLS, MI  48335 | DAIMLERCHRYSLER CORPORATION | EXECUTION DATE:  3/16/2007 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | CHRYSLER ENTITY | DESCRIPTION OF AGREEMENT | CURE AMOUNT |
|---|---|---|---|
| MID MICHIGAN RESEARCH LLC<br>ATTENTION: DR. HAROLD SCHOCK<br>2170 LONG LEAF TRAIL<br>OKERROS, MI 48864 | CHRYSLER LLC | LICENSE AGREEMENT<br>EXECUTION DATE: 12/17/2008 | $0.00 |
| MID MICHIGAN RESEARCH LLC<br>ATTN HARALD J. SCHACH, MEMBER/OWNER<br>2170 LONG LEAF TRAIL<br>OKEMOS, MI 48864 | CHRYSLER LLC | TESTING AGREEMENT<br>EXECUTION DATE: 11/26/2008 | $0.00 |
| MIKE PRIESTNER<br>4404 66TH STREET<br>EDMONTON, ALBERTA T6K 4E7<br>CANADA | DAIMLERCHRYSLER CORPORATION | EXECUTION DATE: 9/29/2006 | $0.00 |
| MIKE STOLLERY<br>455 KING STREET NORTH<br>WATERLOO, ONTARIO N2J 2Z5<br>CANADA | DAIMLERCHRYSLER CORPORATION | EXECUTION DATE: 9/29/2006 | $0.00 |
| MIKE VIDA<br>14750 ST. ALBERT TRAIL<br>EDMONTON, ALBERTA T6V 1H5<br>CANADA | DAIMLERCHRYSLER CORPORATION | EXECUTION DATE: 9/29/2006 | $0.00 |
| NATIONAL FLEET SERVICES LLC<br>ATTN SCOTT T BAULDRY CHIEF OPERATING OFFICER<br>10100 GRINNELL ST<br>DETROIT, MI 48213-1142 | CHRYSLER LLC | AGREEMENT<br>LICENSE AGREEMENT<br>EXECUTION DATE: 10/2/2008 | $0.00 |
| OMAHA STANDARD<br>ATTENTION: MATTHEW JONES, DIRECTOR DESIGN ENGINEERING<br>3501 S. 11TH STREET<br>COUNCIL BLUFFS, IA 51501 | DAIMLERCHRYSLER CORPORATION | EXECUTION DATE: 8/15/2006 | $0.00 |
| PAUL DAIGLE<br>15070 BOULEVARD DU JARDI<br>QUEBEC, QC G1G 3Z4<br>CANADA | DAIMLERCHRYSLER CORPORATION | EXECUTION DATE: 9/29/2006 | $0.00 |
| PHOENIX USA, INC.<br>ATTENTION: TIM BATES, DIRECTOR OF TECHNICAL SERVICES<br>51 BORDEN STREET<br>COOKEVILLE, TN 38501 | DAIMLERCHRYSLER CORPORATION | EXECUTION DATE: 9/28/2006 | $0.00 |
| READING TRUCK BODY LLC<br>ATTENTION: JAMES M. DETEMPLE, V.P. ENG.<br>PO BOX 650<br>SKILLINGTON, PA 19607 | DAIMLERCHRYSLER CORPORATION | EXECUTION DATE: 5/12/2006 | $0.00 |
| RKI INC.<br>2301 CENTRAL PARKWAY<br>HOUSTON, TX 77092 | DAIMLERCHRYSLER CORPORATION | EXECUTION DATE: 11/29/2006 | $0.00 |
| SACHS AUTOMOTIVE OF AMERICA<br>ATTN: ROBERT T. CHRYSLER, PRESIDENT<br>2002 STEPHENSON HIGHWAY<br>TROY, MI 48083 | CHRYSLER CORPORATION | AGREEMENT<br>EXECUTION DATE: 7/6/1994 | $0.00 |
| SPARKS EXHIBITS & ENVIRONMENTS CORP<br>ATTN ALAN GOLDBERG GENERAL COUNSEL<br>600 EAST 11 MILE ROAD<br>ROYAL OAK, MI 48067 | CHRYSLER LLC | AGREEMENT<br>LICENSE AGREEMENT<br>EXECUTION DATE: 5/19/2008 | $0.00 |
| STATE OF CALIFORNIA, DEPT. OF TRANSPORTATION<br>ATTENTION: ANGELA WHEELER, SR. EQUIPMENT ENGINEER<br>34TH ST. & STOCKTON BLVD.<br>SACREMENTO, CA 95816 | DAIMLERCHRYSLER CORPORATION | EXECUTION DATE: 6/23/2006 | $0.00 |
| STO-AWAY POWER CRANES, INC.<br>9306 GRAND BLVD<br>CROWN POINT, IN 46307 | DAIMLERCHRYSLER CORPORATION | EXECUTION DATE: 10/5/2006 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | CHRYSLER ENTITY | DESCRIPTION OF AGREEMENT | CURE AMOUNT |
|---|---|---|---|
| TONY RAYBOULD<br>625 FRANCES AVENUE<br>VICTORIA, BC  V8Z 1A2<br>CANADA | DAIMLERCHRYSLER CORPORATION | EXECUTION DATE:  9/29/2006 | $0.00 |
| TRANSFER FLOW INC.<br>ATTENTION: WILLIAM S. GAINES, PRESIDENT<br>1444 FORTRESS ST.<br>CHICO, CA  95973 | DAIMLERCHRYSLER CORPORATION | EXECUTION DATE:  11/14/2006 | $0.00 |
| TUTHILL TRANSPORT TECHNOLOGIES<br>9098 WEST 800 SOUTH<br>BROCKSTON, IN  47923 | DAIMLERCHRYSLER CORPORATION | EXECUTION DATE:  11/28/2006 | $0.00 |
| TYCO ELECTRONICS CORPORATION<br>ATTN: STEPHEN E. CREAGER, SECRETARY<br>307 CONSTITUTION DRIVE<br>MENLO PARK, CA  94025 | DAIMLERCHRYSLER CORPORATION | TENT OWNERSHIP AGREEMENT<br>EXECUTION DATE:  6/29/2001 | $0.00 |
| UNITED STATE AUTOMOTIVE MATERIALS PARTNERSHIP<br>1000 TOWN CENTER DRIVE<br>SUITE 300<br>SOUTHFIELD, MI  48075 | DAIMLERCHRYSLER CORPORATION | | $0.00 |
| VALEO CLIMATE CONTROL CORPORATION<br>4100 NORTH ALTANTIC BLVD.<br>AUBURN HILLS, MI  48326 | DAIMLERCHRYSLER CORPORATION | EXECUTION DATE:  5/13/2003 | $0.00 |
| VMAC (VEHICLE MOUNTED AIR COMPRESSORS)<br>ATTENTION: BRIAN P. COLLINGS, SVP ENGINEER, UNDERHOOD DESIGN<br>1233 KIPP ROAD<br>NANAIMO, BC<br>CANADA | DAIMLERCHRYSLER CORPORATION | EXECUTION DATE:  8/15/2006 | $0.00 |
| WESTERN TRUCK BODY MFG.<br>ATTENTION: ROB PANGRASS, PRESIDENT<br>6115-30 STREET<br>EDMONTON, ALBERTA  T6P 1J8<br>CANADA | DAIMLERCHRYSLER CORPORATION | EXECUTION DATE:  5/5/2006 | $0.00 |
| WILCOX ASSOCIATES<br>ATTENTION: CEO<br>200 FRENCHTOWN ROAD<br>NORTH KINGSTOWN, RI  02852 | DAIMLERCHRYSLER CORPORATION | EXECUTION DATE:  5/3/2007 | $0.00 |

ADDENDUM

The executory contracts and unexpired leases listed on this Annex B are hereby designated for assumption and assignment to the Purchaser in accordance with, and pursuant to, (1) section 365 of the Bankruptcy Code and (2) the terms and conditions of the Bidding Procedures Order.[1]

The Debtors are hereby designating all of the agreements identified on Annex B for assumption and assignment (any such agreement designated for assumption and assignment, a "Designated Agreement").  Unless otherwise stated on this Annex B, Designated Agreements include all related modifications, amendments, supplements, addenda and restatements thereof, related memoranda of understanding, ancillary agreements thereto and any and all similar agreements.

Each contract or lease listed on this Annex B will be assumed and assigned to the Purchaser only to the extent that any such contract or lease constitutes an executory contract or unexpired lease within the meaning of section 365 of the Bankruptcy Code.

The identified Cure Costs represent the Cure Costs for each particular Designated Agreement.  Prior to payment of the Cure Costs in accordance with the terms of the Bidding Procedures Order, the Cure Costs will be reduced by the aggregate amount of any payments made by the Debtors on account of pre-Petition Date claims against the Debtors.  To the extent applicable, the Cure Costs may be adjusted to account for changes in applicable currency exchange rates.  Generally, the Purchaser will make payment upon Cure Costs for Designated Agreements that are the subject of a Confirmation Notice in accordance with the terms of the Bidding Procedures Order.

---

[1] Capitalized terms used but not defined in this Addendum shall have the meanings given to them in the accompanying Assignment Notice.