JONES DAY
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Corinne Ball
Veerle Roovers

JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
David G. Heiman

JONES DAY
1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309
Telephone: (404) 521-3939
Facsimile: (404) 581-8330
Jeffrey B. Ellman

Attorneys for Debtors
and Debtors in Possession

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                                               :
In re                                                          : Chapter 11
                                                               :
Old Carco LLC                                                  : Case No. 09-50002 (AJG)
(f/k/a Chrysler LLC), *et al.*,[1]                             :
                                                               : (Jointly Administered)
                        Debtors.                               :
                                                               :
---------------------------------------------------------------x

## NOTICE OF HEARING ON TWENTIETH OMNIBUS MOTION OF DEBTORS AND DEBTORS IN POSSESSION, PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 6006, FOR AN ORDER <u>AUTHORIZING THE REJECTION OF CERTAIN EXECUTORY CONTRACTS</u>

---

[1] A second amended list of the Debtors, their addresses and tax identification numbers is located on the docket for Case No. 09-50002 (AJG) (Docket No. 3945) and can also be found at www.chryslerrestructuring.com.

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1. A hearing to consider the Twentieth Omnibus Motion of Debtors and Debtors in Possession, Pursuant to Section 365 of the Bankruptcy Code and Bankruptcy Rule 6006, for an Order Authorizing the Rejection of Certain Executory Contracts (the "Motion"), filed by the above-captioned debtors and debtors in possession (the "Debtors"), shall be held before the Honorable Arthur J. Gonzalez, United States Bankruptcy Judge, in Room 523 of the United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004, on **September 24, 2009, at 10:00 a.m. (New York time).**

2. Objections, if any, to the relief sought in the Motion must be made in writing, with a hard copy to Chambers, conform to the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court for the Southern District of New York and be filed with the Bankruptcy Court and must be served in accordance with the Administrative Order, Pursuant to Bankruptcy Rule 1015(c), Establishing Case Management and Scheduling Procedures (Docket No. 661) (the "Case Management Order"), so as to be actually received by the parties on the Special Service List (as defined in the Case Management Order) and the nondebtor parties identified on Exhibit A to the Motion not later than **12:00 p.m. (New York time) on September 14, 2009** (the "Objection Deadline").

3. If no objections are timely filed and served with respect to the Motion, the Debtors may, on or after the Objection Deadline, submit to the Court an order substantially in the form attached to the Motion, which order shall be submitted and may be entered with no further notice or opportunity to be heard offered to any party.

4. Copies of the Motion, the Case Management Order and the Special Service List may be obtained from the Court's website at http://ecf.nysb-mega.uscourts.gov or,

free of charge, at www.chryslerrestructuring.com.

Dated: August 31, 2009  
       New York, New York

Respectfully submitted,

/s/ Corinne Ball
Corinne Ball
Veerle Roovers
JONES DAY
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

David G. Heiman
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212

Jeffrey B. Ellman
JONES DAY
1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309
Telephone: (404) 521-3939
Facsimile: (404) 581-8330

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

**PARTIES RECEIVING THIS TWENTIETH OMNIBUS REJECTION MOTION SHOULD LOCATE THEIR NAMES AND THEIR CONTRACTS IN THE ATTACHED EXHIBIT A**

JONES DAY
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Corinne Ball
Veerle Roovers

JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
David G. Heiman

JONES DAY
1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309
Telephone: (404) 521-3939
Facsimile: (404) 581-8330
Jeffrey B. Ellman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
: 
In re : Chapter 11
: 
Old Carco LLC : Case No. 09-50002 (AJG)
(f/k/a Chrysler LLC), *et al.*, :
: (Jointly Administered)
Debtors. :
:
---------------------------------------------------------------x

**TWENTIETH OMNIBUS MOTION OF DEBTORS AND
DEBTORS IN POSSESSION, PURSUANT TO SECTION 365 OF THE
BANKRUPTCY CODE AND BANKRUPTCY RULE 6006, FOR AN ORDER
<u>AUTHORIZING THE REJECTION OF CERTAIN EXECUTORY CONTRACTS</u>**

TO THE HONORABLE ARTHUR J. GONZALEZ,
UNITED STATES BANKRUPTCY JUDGE:

Old Carco LLC f/k/a Chrysler LLC ("Old Carco") and its affiliated debtors and debtors in possession (collectively with Old Carco, the "Debtors") respectfully represent as follows:

**Background**

1. On April 30, 2009 (the "Petition Date"), Old Carco and 24 of its affiliated Debtors (collectively, the "Original Debtors") commenced their reorganization cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). On May 19, 2009, Debtor Alpha Holding LP commenced its reorganization case by filing a voluntary petition under chapter 11 of the Bankruptcy Code. By orders of the Court (Docket Nos. 97 and 2188), the Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being administered jointly.

2. The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. On May 5, 2009, the Office of the United States Trustee for the Southern District of New York appointed an official committee of unsecured creditors, pursuant to section 1102 of the Bankruptcy Code.

4. As of the Petition Date, the Debtors and their nondebtor direct and indirect subsidiaries (collectively, the "Old Carco Companies") comprised one of the world's largest manufacturers and distributors of automobiles and other vehicles, together with related parts and accessories. On the Petition Date, the Old Carco Companies employed approximately 55,000 hourly and salaried employees worldwide, 70% of whom were based in the United States.

5. For the 12 months ended December 31, 2008, the Old Carco Companies recorded revenue of more than $48.4 billion and had assets of approximately $39.3 billion and liabilities totaling $55.2 billion.

6. In connection with the commencement of these cases, Old Carco and its Debtor subsidiaries, Fiat S.p.A. ("Fiat") and New Chrysler (as defined below) entered into a Master Transaction Agreement dated as of April 30, 2009 (as amended and collectively with other ancillary and supporting documents, the "MTA"). The MTA provided, among other things, that: (a) Old Carco would transfer the majority of its operating assets to New CarCo Acquisition LLC n/k/a Chrysler Group LLC ("New Chrysler"), a newly established Delaware limited liability company formed by Fiat; and (b) in exchange for those assets, New Chrysler would assume certain of the Debtors' liabilities and pay to Old Carco $2 billion in cash (collectively with the other transactions contemplated by the MTA, the "Fiat Transaction"). On May 3, 2009, the Original Debtors filed a motion to approve the Fiat Transaction or a similar transaction with a competing bidder (Docket No. 190).

7. On May 31, 2009, this Court issued: (a) an Opinion Granting the Debtors' Motion Seeking Authority to Sell, Pursuant to § 363, Substantially All of the Debtors' Assets (Docket No. 3073) (the "Sale Opinion"); and (b) an Opinion and Order Regarding Emergency Economic Stabilization Act of 2008 and Troubled Asset Relief Program (Docket Nos. 3074 and 3229) (together with the Sale Opinion, the "Opinions"). On June 1, 2009 and consistent with the Sale Opinion, this Court entered an Order authorizing the Fiat Transaction (Docket No. 3232) (the "Sale Order"). On June 5, 2009, the United States Court of Appeals for the Second Circuit affirmed the Opinions and the Sale Order. Consistent with the Sale Order, the Fiat Transaction was consummated on June 10, 2009.

**Jurisdiction**

8. This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Relief Requested**

9. Pursuant to section 365 of the Bankruptcy Code and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Debtors hereby seek the entry of an order authorizing them to reject the executory contracts (collectively, the "Contracts") identified in Exhibit A[1] attached hereto and incorporated herein by reference, effective as of the date hereof.

**Facts Relevant to This Motion**

10. The Debtors have engaged in a review of their executory contracts. As a result of their review, the Debtors have determined that the Contracts identified in Exhibit A are neither necessary nor valuable to their estates and will not be assumed and assigned in connection with the Fiat Transaction.[2]

11. The Debtors submit that each of the Contracts is an "executory contract" within the meaning of section 365 of the Bankruptcy Code, eligible for rejection by the Debtors. To the extent that any of the Contracts already has expired or been terminated or otherwise is not

---

[1] For each of the Contracts, Exhibit A includes: (a) a description of the Contract; (b) the names and addresses of any nondebtor parties to the Contract; (c) the name of the Debtor party to the Contract; and (d) the Purchase Order number of the Contract, if applicable.

[2] Each of the Contracts includes any modifications, amendments, addenda or supplements thereto or restatements thereof. Copies of the Contracts are not attached hereto, but are available from the Debtors' counsel upon request, subject to any applicable confidentiality restrictions. The terms of the Contracts are provided for convenience only and are not intended to modify, or to represent the Debtors' interpretation of, the terms of any of the Contracts.

"executory" within the meaning of section 365 of the Bankruptcy Code, it is included herein out of an abundance of caution.[3]

## Argument

12. Section 365(a) of the Bankruptcy Code provides that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease." 11 U.S.C. § 365(a). Courts routinely approve motions to assume, assume and assign or reject executory contracts or unexpired leases upon a showing that the debtor's decision to take such action will benefit the debtor's estate and is an exercise of sound business judgment. See Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.), 4 F.3d 1095, 1099 (2d Cir. 1993) (stating that section 365 of the Bankruptcy Code "permits the trustee or debtor-in-possession, subject to the approval of the bankruptcy court, to go through the inventory of executory contracts of the debtor and decide which ones it would be beneficial to adhere to and which ones it would be beneficial to reject"); see also NLRB v. Bildisco & Bildisco, 465 U.S. 513, 523 (1984) (stating that the traditional standard applied by courts to authorize the rejection of an executory contract is that of "business judgment"); In re Old Carco LLC (f/k/a Chrysler LLC), 406 B.R. 180, 188 (Bankr. S.D.N.Y. 2009) (Gonzalez, J.) ("The business judgment standard is employed by courts in determining whether to permit a debtor to assume or reject a contract.").

13. Courts generally will not second-guess a debtor's business judgment concerning the assumption or rejection of an executory contract or unexpired lease. See id. at 198 (recognizing that "the business judgment standard would be rendered irrelevant if the Court stepped in to second guess . . . a decision" that the Debtors can show was based on rational

---

[3] This Motion does not constitute an admission by the Debtors that any of the Contracts is enforceable under applicable nonbankruptcy law. The Debtors expressly reserve their rights with respect thereto. To the extent that any Contract is unenforceable under applicable nonbankruptcy law, it is included herein out of an abundance of caution.

business factors); In re Riodizio, Inc., 204 B.R. 417, 424 (Bankr. S.D.N.Y. 1997) ("[A] court will ordinarily defer to the business judgment of the debtor's management."); accord Phar-Mor, Inc. v. Strouss Bldg. Assocs., 204 B.R. 948, 951-52 (Bankr. N.D. Ohio 1997) ("Whether an executory contract is 'favorable' or 'unfavorable' is left to the sound business judgment of the debtor . . . . Courts should generally defer to a debtor's decision whether to reject an executory contract.").

14. The "business judgment" test is not a strict standard; it merely requires a showing that either assumption or rejection of the unexpired lease will benefit a debtor's estate. See, e.g., Old Carco LLC, 406 B.R. at 193 (stating that "the scope of the Court's inquiry is limited. Under the business judgment standard, the Court must determine whether rejection will benefit the Debtors' estates"); Bregman v. Meehan (In re Meehan), 59 B.R. 380, 385 (E.D.N.Y. 1986) ("The business judgment test is a flexible one . . . . The primary issue under the business judgment test is whether rejection of the contract would benefit general unsecured creditors."); In re Helm, 335 B.R. 528, 538 (Bankr. S.D.N.Y. 2006) ("To meet the business judgment test, the debtor in possession must establish that rejection will benefit the estate."); Westbury Real Estate Ventures, Inc. v. Bradlees, Inc. (In re Bradlees Stores, Inc.), 194 B.R. 555, 558 n.1 (Bankr. S.D.N.Y. 1996) ("In reviewing a debtor's decision to assume or reject an executory contract, the court must examine the contract and circumstances and apply its best 'business judgment' to determine if the assumption or rejection would be beneficial or burdensome to the estate.").

15. New Chrysler has determined not to accept an assignment of the Contracts in connection with the Fiat Transaction. In addition, following the consummation of the Fiat Transaction, the Debtors are in the process of winding down their business affairs and have

no further need for the Contracts.  Moreover, the Debtors have determined that the Contracts do not have any realizable value in the marketplace.  As such, the Contracts are neither necessary nor valuable to the Debtors' business activities or the wind down process.  The Debtors believe that maintaining the Contracts under these circumstances would unnecessarily deplete the assets of the Debtors' estates to the direct detriment of their creditors.

16. Courts commonly permit rejection of an executory contract or unexpired lease effective as of the date on which any nondebtor parties are given definitive notice of the debtor's intent to reject.  See, e.g., In re Jamesway Corp., 179 B.R. 33, 38 (S.D.N.Y. 1995) ("[A] court can, where appropriate, approve rejection retroactively."); accord In re CCI Wireless LLC, 279 B.R. 590, 595 (Bankr. D. Colo. 2002) ("This Court may — and in this instance should — approve the rejection of a non-residential lease retroactive to the filing date of the motion to reject the lease."); In re Joseph C. Spiess Co., 145 B.R. 597, 606 (N.D. Ill. 1992) (rejection is effective when counterparty receives notice of debtor's intent to reject).

17. In light of the fact that (a) this Motion provides the nondebtor parties to the Contracts with definitive notice of the Debtors' decision to reject and (b) the Debtors' estates are deriving no benefit from the continuation of the Contracts, the Debtors believe, in the sound exercise of their business judgment, that rejection of the Contracts effective as of the date of this Motion is in the best interests of their estates and stakeholders.

## Notice

18. No trustee or examiner has been appointed in these chapter 11 cases.  In accordance with the Administrative Order, Pursuant to Bankruptcy Rule 1015(c), Establishing Case Management and Scheduling Procedures (Docket No. 661) (the "Case Management Order"), entered on May 12, 2009, notice of this Motion has been given to the parties identified on the General Service List and the Special Service List (as such terms are identified in the Case

Management Order), and to the nondebtor counterparties to the Contracts identified in Exhibit A. The Debtors submit that no other or further notice need be provided.

**No Prior Request**

19. No prior request for the relief sought in this Motion has been made to this or any other Court.

WHEREFORE, the Debtors respectfully request that the Court (a) enter an order substantially in the form attached hereto as Exhibit B, granting the relief requested herein; and (b) grant such other and further relief to the Debtors as the Court may deem proper.

Dated: August 31, 2009
      New York, New York

Respectfully submitted,

 /s/ Corinne Ball
Corinne Ball
Veerle Roovers
JONES DAY
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

David G. Heiman
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212

Jeffrey B. Ellman
JONES DAY
1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309
Telephone: (404) 521-3939
Facsimile: (404) 581-8330

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

# EXHIBIT A

# THE CONTRACTS

## Schedule of Contracts to Be Rejected[1]

| No. | Description of Contract or Lease | Nondebtor Parties | Debtor Party | Expiration Date |
|---|---|---|---|---|
| 1. | Technical Assistance Agreement between Chrysler Corporation and Chrysler de Mexico, S.A. (f/k/a Fabricas Automex, S.A.), effective as of March 1, 1972, as modified. | Chrysler de Mexico S.A. de C.V. Attn: Legal Affairs Director Prolongacion Paseo de la Reforma 1240 Piso 13 Santa Fe, 05109 Mexico, D.F. Mexico | Old Carco LLC (f/k/a Chrysler LLC) as successor to Chrysler Corporation | N/A |
| 2. | Memorandum of Understanding (Dodge Hornet) between Chrysler LLC and Nissan Motor Co., Ltd., effective as of March 19, 2008, as amended. | Nissan Motor Co. Ltd. Attn: President or General Counsel 17-1, Ginza 6-chome Chuo-ku Tokyo 104-8023 With a copy to: Stahl Cowen Crowley Addis, LLC Attn: Scott N. Schreiber, Esq., Shelly A. DeRousse, Esq. and Erica T. Wax, Esq. 55 West Monroe Street, Suite 1200 Chicago, Illinois 60603 | Old Carco LLC (f/k/a Chrysler LLC) | November 30, 2008 |
| 3. | Vehicle Purchase and Supply Agreement (Chrysler Versa Variant) between Chrysler LLC and Nissan Mexicana, S.A. de C.V., dated June 30, 2008. | Nissan Mexicana, S.A. de C.V. Attn: President or General Counsel Av. Insurgentes Sur 1958 Col. Florida México D.F., C.P. 01030 | Old Carco LLC (f/k/a Chrysler LLC) | March 31, 2013 |

---

[1] Each of the Contracts includes any modifications, amendments, addenda or supplements thereto or restatements thereof. The terms of the Contracts included herein are provided for convenience only and are not intended to modify, or to represent the Debtors' interpretation of or a Court determination regarding, the terms of any of the Contracts.

| No. | Description of Contract or Lease | Nondebtor Parties | Debtor Party | Expiration Date |
|---|---|---|---|---|
| 4. | Spare Parts Agreement (Chrysler Versa Variant) between Chrysler Motors LLC and Nissan Mexicana, S.A. de C.V., dated June 30, 2008. | Nissan Mexicana, S.A. de C.V. Attn: President or General Counsel Av. Insurgentes Sur 1958 Col. Florida México D.F., C.P. 01030 | Old Carco Motors LLC (f/k/a Chrysler Motors LLC) | N/A |
| 5. | Agreement between Chrysler LLC and Arnell Group, effective as of November 1, 2007. | Arnell Group LLC Attn: William Visone 7 World Trade Center 36th Floor New York, NY 10007 | Old Carco LLC (f/k/a Chrysler LLC) | October 31, 2010 |

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
:
In re : Chapter 11
:
Old Carco LLC : Case No. 09-50002 (AJG)
(f/k/a Chrysler LLC), *et al*., :
: (Jointly Administered)
Debtors. :
:
-------------------------------------------------------------x

# TWENTIETH ORDER AUTHORIZING THE
# REJECTION OF CERTAIN EXECUTORY CONTRACTS

This matter coming before the Court on the Twentieth Omnibus Motion of Debtors and Debtors in Possession, Pursuant to Section 365 of the Bankruptcy Code and Bankruptcy Rule 6006, for an Order Authorizing the Rejection of Certain Executory Contracts (the "Motion"),[1] filed by the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"); the Court having reviewed the Motion and having considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"); the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (c) notice of the Motion and the Hearing was sufficient under the circumstances and (d) a sound business purpose exists for the relief granted herein; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein;

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The Debtors are authorized to reject the Contracts[2] identified in the attached Schedule 1, which is incorporated herein by reference, and the Contracts are deemed rejected, pursuant to section 365 of the Bankruptcy Code, effective as of August 31, 2009.

3. In accordance with the Order, Pursuant to Sections 105, 501 and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c)(3), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof (Docket No. 5018) (the "Bar Date Order"), any entity asserting claims arising from or relating to the rejection of any of the Contracts, in accordance with section 365 of the Bankruptcy Code, or asserting claims otherwise related to such rejected Contracts, including (a) secured claims, unsecured priority claims and unsecured nonpriority claims that arose or are deemed to have arisen prior to the Petition Date; and (b) administrative claims under section 503(b) of the Bankruptcy Code (each, a "Rejection Damages Claim"), must file a proof of claim by 5:00 p.m., Eastern Time, on the date that is 30 days after the entry of this Order (such date, the "Rejection Damages Bar Date"). All such proofs of claims shall be filed in accordance with the requirements of the Bar Date Order. A copy of the Bar Date Order, a Proof of Claim Form, instructions for submitting a claim and other materials relating to these cases are available at www.chryslerrestructuring.com. If an entity fails to timely and properly file a Rejection Damages Claim by the Rejection Damages Bar Date, such party shall be forever barred, estopped and enjoined from asserting such Rejection Damages Claim against the Debtors or their estates or property, or voting or receiving

---

[2] Each of the Contracts includes any modifications, amendments, addenda or supplements thereto or restatements thereof. The terms of the Contracts included in Schedule 1 are provided for convenience only and are not intended to modify, or to represent the Debtors' interpretation of or a Court determination regarding, the terms of any of the Contracts.

distributions under any plan of liquidation in these cases on account of such Rejection Damages Claim. See Bar Date Order ¶ 16.

        4.      This Court shall retain jurisdiction to resolve all matters relating to the implementation of this Order.

Dated: New York, New York
      _____, 2009

                          _____
                          UNITED STATES BANKRUPTCY JUDGE