JONES DAY
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Corinne Ball
Veerle Roovers

JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
David G. Heiman

JONES DAY
1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309
Telephone: (404) 581-3939
Facsimile: (404) 581-8330
Jeffrey B. Ellman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                               :
In re                                                          : Chapter 11
                                                               :
Old Carco LLC                                                  : Case No. 09-50002 (AJG)
(f/k/a Chrysler LLC), *et al.*,[1]                             :
                                                               : (Jointly Administered)
                              Debtors.                         :
                                                               :
---------------------------------------------------------------x

**NOTICE OF HEARING ON THIRD OMNIBUS MOTION OF DEBTORS
AND DEBTORS IN POSSESSION, PURSUANT TO SECTION 365 OF
THE BANKRUPTCY CODE AND BANKRUPTCY RULE 6006, FOR
AN ORDER AUTHORIZING THE ASSUMPTION, AND ASSIGNMENT
TO CHRYSLER GROUP LLC, OF CERTAIN EXECUTORY CONTRACTS**

---

[1] A second amended list of the Debtors, their addresses and tax identification numbers is located on the docket for Case No. 09-50002 (AJG) (Docket No. 3945) and can also be found at www.chryslerrestructuring.com.

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1. A hearing to consider the Third Omnibus Motion of Debtors and Debtors in Possession, Pursuant to Section 365 of the Bankruptcy Code and Bankruptcy Rule 6006, for an Order Authorizing the Assumption, and Assignment to Chrysler Group LLC, of Certain Executory Contracts (the "<u>Motion</u>"), filed by the above-captioned debtors and debtors in possession (the "<u>Debtors</u>"), shall be held before the Honorable Arthur J. Gonzalez, United States Bankruptcy Judge, in Room 523 of the United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004, on **January 21, 2010, at 10:00 a.m. (New York time).**

2. Objections, if any, to the relief sought in the Motion must (a) be made in writing, with a hard copy to Chambers, (b) conform to the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court for the Southern District of New York and (c) be filed with the Bankruptcy Court and served in accordance with the Administrative Order, Pursuant to Bankruptcy Rule 1015(c), Establishing Case Management and Scheduling Procedures (Docket No. 661) (the "<u>Case Management Order</u>"), so as to be actually received by the parties on the Special Service List and the General Service List (as such terms are defined in the Case Management Order) and the nondebtor counterparty identified on <u>Exhibit A</u> to the Motion not later than **12:00 p.m. (New York time) on January 18, 2010** (the "<u>Objection Deadline</u>").

3. If no objections are timely filed and served with respect to the Motion, the Debtors may, on or after the Objection Deadline, submit to the Court an order substantially in the form attached to the Motion, which order shall be submitted and may be entered with no further notice or opportunity to be heard offered to any party.

4. Copies of the Motion, the Case Management Order and the Special Service List may be obtained from the Court's website at http://ecf.nysb-mega.uscourts.gov or, free of charge, at www.chryslerrestructuring.com.

Dated: January 7, 2010
      New York, New York

Respectfully submitted,

/s/ Corinne Ball
Corinne Ball
Veerle Roovers
JONES DAY
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

David G. Heiman
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212

Jeffrey B. Ellman
JONES DAY
1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309
Telephone: (404) 581-3939
Facsimile: (404) 581-8330

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION

Hearing Date and Time: January 21, 2010 at 10:00 a.m., E.T.
Objection Deadline: January 18, 2010 at 12:00 p.m., E.T.

**PARTIES RECEIVING THIS OMNIBUS MOTION SHOULD LOCATE
THEIR NAMES AND THEIR CONTRACTS IN THE ATTACHED EXHIBIT A**

JONES DAY
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Corinne Ball
Veerle Roovers

JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
David G. Heiman

JONES DAY
1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309
Telephone: (404) 581-3939
Facsimile: (404) 581-8330
Jeffrey B. Ellman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
: 
In re : Chapter 11
:
Old Carco LLC : Case No. 09-50002 (AJG)
(f/k/a Chrysler LLC), *et al.*, :
: (Jointly Administered)
Debtors. :
:
---------------------------------------------------------------x

**THIRD OMNIBUS MOTION OF DEBTORS AND
DEBTORS IN POSSESSION, PURSUANT TO SECTION 365 OF
THE BANKRUPTCY CODE AND BANKRUPTCY RULE 6006, FOR
AN ORDER AUTHORIZING THE ASSUMPTION, AND ASSIGNMENT
TO CHRYSLER GROUP LLC, OF CERTAIN EXECUTORY CONTRACTS**

TO THE HONORABLE ARTHUR J. GONZALEZ,
UNITED STATES BANKRUPTCY JUDGE:

Old Carco LLC (f/k/a Chrysler LLC) ("Old Carco") and its affiliated debtors and debtors in possession (collectively with Old Carco, the "Debtors") respectfully represent as follows:

**Background**

1. On April 30, 2009 (the "Petition Date"), Old Carco and 24 of its affiliated Debtors commenced their bankruptcy cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). On May 19, 2009, Debtor Alpha Holding LP commenced its bankruptcy case by filing a voluntary petition under chapter 11 of the Bankruptcy Code. By orders of the Court (Docket Nos. 97 and 2188), the Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being administered jointly.

2. The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. On May 5, 2009, the Office of the United States Trustee for the Southern District of New York appointed an official committee of unsecured creditors, pursuant to section 1102 of the Bankruptcy Code.

4. As of the Petition Date, the Debtors and their nondebtor direct and indirect subsidiaries (collectively, the "Old Carco Companies") comprised one of the world's largest manufacturers and distributors of automobiles and other vehicles, together with related parts and accessories. On the Petition Date, the Old Carco Companies employed approximately

55,000 hourly and salaried employees worldwide, 70% of whom were based in the United States.

5.      For the 12 months ended December 31, 2008, the Old Carco Companies recorded revenue of more than $48.4 billion and had assets of approximately $39.3 billion and liabilities totaling $55.2 billion.

6.      In connection with the commencement of these cases, Old Carco and its Debtor subsidiaries, Fiat S.p.A. ("Fiat") and New Chrysler (as defined below) entered into a Master Transaction Agreement dated as of April 30, 2009 (as amended and collectively with other ancillary and supporting documents, the "MTA").  The MTA provided, among other things, that:  (a) Old Carco would transfer the majority of its operating assets to New CarCo Acquisition LLC (n/k/a Chrysler Group LLC) ("New Chrysler"), a newly established Delaware limited liability company formed by Fiat; and (b) in exchange for those assets, New Chrysler would assume certain of the Debtors' liabilities and pay to Old Carco $2 billion in cash (collectively with the other transactions contemplated by the MTA, the "Fiat Transaction").

7.      On May 31, 2009, this Court issued:  (a) an Opinion Granting the Debtors' Motion Seeking Authority to Sell, Pursuant to 11 U.S.C. § 363, Substantially All of the Debtors' Assets (Docket No. 3073) (the "Sale Opinion"); and (b) an Opinion and Order Regarding Emergency Economic Stabilization Act of 2008 and Troubled Asset Relief Program (Docket Nos. 3074 and 3229).  On June 1, 2009 and consistent with the Sale Opinion, this Court entered an Order authorizing the Fiat Transaction (Docket No. 3232) (the "Sale Order").  Consistent with the Sale Order, the Fiat Transaction was consummated on June 10, 2009.

8.      On December 14, 2009 and December 15, 2009, the Debtors filed: (a) the Joint Plan of Liquidation of Debtors and Debtors in Possession, dated December 14, 2009

(Docket No. 6077); (b) the Disclosure Statement with Respect to the Joint Plan of Liquidation of Debtors and Debtors in Possession, dated December 14, 2009 (Docket No. 6078) (as it may be amended or modified, the "Disclosure Statement"); and (c) the Motion of Debtors and Debtors in Possession for an Order (I) Approving Disclosure Statement, (II) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Joint Plan of Liquidation, (III) Scheduling Hearing on Confirmation of Joint Plan of Liquidation and (IV) Approving Related Notice Procedures (Docket No. 6079) (the "Solicitation Procedures Motion"). The hearing to consider the relief requested in the Solicitation Procedures Motion, including approval of the Disclosure Statement, currently is scheduled for January 21, 2010.

## Jurisdiction

9. This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

10. The Debtors hereby seek the entry of an order, pursuant to section 365 of the Bankruptcy Code and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), approving the assumption by the Debtors, and the assignment to New Chrysler, of the executory contracts identified in Exhibit A attached hereto and incorporated herein by reference (collectively, the "Contracts").[1]

---

[1] For each of the Contracts, Exhibit A includes (a) a description of the Contract, (b) the address of the nondebtor party to the Contract, (c) the name of the Debtor party to the Contract and (d) the term of the Contract.

**The Contracts**

11. In connection with the Fiat Transaction, the Court entered an order (Docket No. 492) (the "<u>Bidding Procedures Order</u>") that, among other things, approved certain procedures (the "<u>Contract Procedures</u>") for: (a) the assumption of executory contracts and unexpired leases by the Debtors and the assignment of these agreements to New Chrysler; (b) the determination of the amounts necessary to cure defaults under such agreements; and (c) the resolution of other disputes in connection therewith.

12. Pursuant to the Contract Procedures, the Debtors filed and served notices (each, a "<u>Designation Notice</u>") that included lists of executory contracts and unexpired leases (each, a "<u>Designated Agreement</u>") that the Debtors intended to assume and assign to New Chrysler. After the Debtors filed Designation Notices, the Bidding Procedures Order provided that the assumption and assignment of a Designated Agreement did not become effective unless and until New Chrysler filed a notice confirming New Chrysler's acceptance of such agreement.

13. The Bidding Procedures Order established the following deadlines for the designation and confirmation of executory contracts pursuant to the Contract Procedures: (a) 30 days after the Closing Date with respect to the standard uniform dealership agreements in the form of the Chrysler Corporation Sales and Service Agreement or Chrysler Direct Dealer Agreement; (b) 60 days after the Closing Date for executory contracts and unexpired leases with the Debtors' production suppliers; and (c) 90 days after the Closing Date for all other agreements. The last of the deadlines passed on September 8, 2009.

14. Following the expiration of the deadlines established under the Contract Procedures, the Debtors and New Chrysler have engaged in a further review of the Debtors' remaining executory contracts. As a result of this review, New Chrysler has indicated its desire to take an assignment of the Contracts identified in the attached Exhibit A in connection with

the Fiat Transaction. The Debtors believe there are no amounts owed to cure existing defaults with respect to the Contracts (the "Cure Costs"). In any event, New Chrysler has agreed to satisfy any cure or other obligations that may arise as a result of the assumption and assignment of the Contracts.[2]

15. As more fully described on the attached Exhibit A, the Debtors seek to assume and assign two agreements. The first agreement is a Vehicle Dismantling, Sales and Scrap Agreement (the "Vehicle Dismantling Agreement") between the Debtors and LKQ Corporation ("LKQ"). This contract calls for LKQ to perform certain services related to the dismantling, sale and/or scrappage of certain used or unsaleable vehicles or components manufactured by the Debtors. The second agreement is the EDGE Tax Credit Agreement (the "EDGE Tax Credit Agreement") between the Debtors and the State of Illinois (together with LKQ, the "Counterparties"). Under the Edge Tax Agreement, the State of Illinois grants certain credits against state income taxes. The grant of the tax credits relates to the creation of jobs incident to the expansion of an assembly plant in Belvidere, Illinois.

16. The Debtors submit that each of the Contracts is an "executory contract" within the meaning of section 365 of the Bankruptcy Code and that, in connection with the assumption and assignment of the Contracts, New Chrysler has provided the Counterparties with "adequate assurance of future performance" as set forth in section 365(f)(2)(B) of the Bankruptcy Code. Finally, New Chrysler has agreed that it shall satisfy all outstanding obligations and liabilities to the Counterparties under the Contracts.

---

[2] Each of the Contracts includes any renewals, amendments, modifications, endorsements, addenda or supplements thereto or restatements thereof. Copies of the Contracts are not attached hereto, but are available from the Debtors' counsel upon request, subject to any applicable confidentiality restrictions. The descriptions of the Contracts included in this Motion are provided for convenience only and are not intended to modify, or to represent the Debtors' interpretation of, the terms of either of the Contracts.

**Argument**

17.     Section 365(a) of the Bankruptcy Code provides that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease." 11 U.S.C. § 365(a). Courts routinely approve motions to assume, assume and assign or reject executory contracts or unexpired leases upon a showing that the debtor's decision to take such action will benefit the debtor's estate and is an exercise of sound business judgment. See Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.), 4 F.3d 1095, 1099 (2d Cir. 1993) (stating that section 365 of the Bankruptcy Code "permits the trustee or debtor-in-possession, subject to the approval of the bankruptcy court, to go through the inventory of executory contracts of the debtor and decide which ones it would be beneficial to adhere to and which ones it would be beneficial to reject"); see also NLRB v. Bildisco & Bildisco, 465 U.S. 513, 523 (1984) (stating that the traditional standard applied by courts to authorize the rejection of an executory contract is that of "business judgment"); In re Old Carco LLC (f/k/a Chrysler LLC), 406 B.R. 180, 188 (Bankr. S.D.N.Y. 2009) (Gonzalez, J.) ("The business judgment standard is employed by courts in determining whether to permit a debtor to assume or reject a contract.").

18.     Courts generally will not second-guess a debtor's business judgment concerning the assumption or rejection of an executory contract or unexpired lease. See id. at 198 (recognizing that "the business judgment standard would be rendered irrelevant if the Court stepped in to second guess . . . a decision" that the Debtors can show was based on rational business factors); In re Riodizio, Inc., 204 B.R. 417, 424 (Bankr. S.D.N.Y. 1997) ("[A] court will ordinarily defer to the business judgment of the debtor's management."); accord Phar-Mor, Inc. v. Strouss Bldg. Assocs., 204 B.R. 948, 951-52 (Bankr. N.D. Ohio 1997) ("Whether an executory contract is 'favorable' or 'unfavorable' is left to the sound business

judgment of the debtor."). The "business judgment" test is not a strict standard; it merely requires a showing that assumption of the executory contract will benefit a debtor's estate. See <u>Westbury Real Estate Ventures, Inc. v. Bradlees, Inc. (In re Bradlees Stores, Inc.)</u>, 194 B.R. 555, 558 n.1 (Bankr. S.D.N.Y. 1996) ("In reviewing a debtor's decision to assume or reject an executory contract, the court must examine the contract and circumstances and apply its best 'business judgment' to determine if the assumption or rejection would be beneficial or burdensome to the estate.").

19. The assumption and assignment of the Contracts is in the best interests of the Debtors and their estates, as the Debtors derive no benefit from either of the Contracts. With respect to the Vehicle Dismantling Agreement, the Debtors no longer manufacture or sell motor vehicles and spare parts and, thus, have no need to utilize the services of LKQ to dispose of spare materials. With respect to the EDGE Tax Credit Agreement, the Debtors no longer retain the facilities that are the subject of the agreement or employ any individuals in the State of Illinois. Moreover, because (a) the Vehicle Dismantling Agreement relates to motor vehicles and components now produced by New Chrysler and (b) New Chrysler owns the facilities and employs the individuals that are the subject of the EDGE Tax Credit Agreement, the Contracts are of no economic benefit to any third party other than New Chrysler. As such, the Debtors are unable to derive any value from attempting to assume and assign the Contracts to anyone except New Chrysler.

20. The assumption and assignment of the Contracts to New Chrysler also will provide an economic benefit to the Debtors and their estates. Because the Debtors no longer have any need for the benefits provided under the Contracts, and the Contracts have no market value, the Debtors ultimately would reject the Contracts, resulting in potential rejection damages

claims by the Counterparties. By assuming the Contracts and assigning them to New Chrysler, the Debtors will avoid the assertion of any rejection damages claims that otherwise would increase the claims pool in these cases and further dilute any creditor recoveries. Also, while the Debtors submit that no Cure Costs are owed with respect to the Contracts, New Chrysler has agreed to satisfy any such obligations if determined to exist.

21. Thus, under the circumstances the Debtors submit that the assumption and assignment of the Contracts, as described herein, is an appropriate exercise of their business judgment and is in the best interests of their estates and creditors. As such, the Debtors respectfully request that this Court authorize the Debtors to assume the Contracts and assign them to New Chrysler and that the Order so provide.

### Notice

22. No trustee or examiner has been appointed in these chapter 11 cases. In accordance with the Administrative Order, Pursuant to Bankruptcy Rule 1015(c), Establishing Case Management and Scheduling Procedures (Docket No. 661) (the "<u>Case Management Order</u>"), entered on May 12, 2009, notice of this Motion has been given to the parties identified on the General Service List and the Special Service List (as such terms are identified in the Case Management Order) and to the Counterparties. The Debtors submit that no other or further notice need be provided.

### No Prior Request

23. No prior request for the relief sought in this Motion has been made to this or any other Court.

WHEREFORE, the Debtors respectfully request that the Court (a) enter an order, substantially in the form attached hereto as <u>Exhibit B</u>, granting the relief requested herein; and (b) grant such other and further relief to the Debtors as the Court may deem proper.

Dated: January 7, 2010
      New York, New York

Respectfully submitted,

 /s/ Corinne Ball
Corinne Ball
Veerle Roovers
JONES DAY
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

David G. Heiman
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212

Jeffrey B. Ellman
JONES DAY
1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309
Telephone: (404) 581-3939
Facsimile: (404) 581-8330

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

# EXHIBIT A

## Schedule of Contracts to Be Assumed and Assigned to New Chrysler[1]

| No. | Description of Contract or Lease | Nondebtor Parties | Debtor Party | Term |
|---|---|---|---|---|
| 1. | Vehicle Dismantling, Sales and Scrap Agreement between LKQ Corporation and DaimlerChrysler Corporation, effective as of September 1, 2006. | LKQ Corporation<br>Attn: Legal Department<br>120 N. LaSalle Street #3300<br>Chicago, IL 60602 | Old Carco LLC (f/k/a Chrysler LLC), as successor to DaimlerChrysler Corporation | Five years from effective date |
| 2. | EDGE Tax Credit Agreement between the State of Illinois, acting by and through its Department of Commerce and Economic Opportunity, and DaimlerChrysler North America Holding Corporation on behalf of DaimlerChrysler Corporation, dated as of November 15, 2004. | Illinois Department of Commerce & Economic Opportunity<br>Attn: Dennis L. Gorss, Manager, EDGE Tax Credit Program<br>620 East Adams Street<br>Springfield, IL 62701<br><br>Illinois Department of Revenue<br>Attn: Mark Varner<br>Business Taxpayer Relations<br>101 W. Jefferson Street<br>Springfield, IL 62702 | Old Carco LLC (f/k/a Chrysler LLC), as successor to DaimlerChrysler Corporation | No more than ten years from the date the Project is Placed in Service, as such terms are defined in the EDGE Tax Credit Agreement |

---

[1] Each of the Contracts includes any renewals, amendments, modifications, endorsements, addenda or supplements thereto or restatements thereof. Copies of the Contracts are not attached hereto, but are available from the Debtors' counsel upon request, subject to any applicable confidentiality restrictions. The terms of the Contracts are provided for convenience only and are not intended to modify, or to represent the Debtors' interpretation of, the terms of either of the Contracts.

**EXHIBIT B**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
:
In re : Chapter 11
:
Old Carco LLC : Case No. 09-50002 (AJG)
(f/k/a Chrysler LLC), *et al.*, :
: (Jointly Administered)
Debtors. :
:
---------------------------------------------------------------x

# THIRD ORDER, PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 6006, AUTHORIZING THE ASSUMPTION, AND ASSIGNMENT TO CHRYSLER GROUP LLC, OF CERTAIN EXECUTORY CONTRACTS

This matter coming before the Court on the Third Omnibus Motion of Debtors and Debtors in Possession, Pursuant to Section 365 of the Bankruptcy Code and Bankruptcy Rule 6006, for an Order Authorizing the Assumption, and Assignment to Chrysler Group LLC, of Certain Executory Contracts (the "Motion"),[1] filed by the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"); the Court having reviewed the Motion and having considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"); the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (c) notice of the Motion and the Hearing was sufficient under the circumstances, (d) each of the Contracts is an executory contract subject to assumption and assignment under section 365 of the Bankruptcy Code, (e) the assumption and assignment of the Contracts approved herein constitutes an appropriate exercise of the Debtors'

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

business judgment and is in the best interests of their estates and creditors and (f) New Chrysler has provided "adequate assurance of future performance" of the Contracts as required by section 365(f)(2)(B) of the Bankruptcy Code; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The Debtors are authorized to assume the Contracts, and assign the Contracts to New Chrysler, pursuant to sections 365(b) and 365(f) of the Bankruptcy Code, and the Contracts are hereby deemed assumed and assigned in accordance with the terms of this Order, effective as of the entry of this Order. The Contracts are identified in the attached Schedule 1, which is incorporated herein by reference.[2]

3. The Cure Costs owed under section 365(b) of the Bankruptcy Code are $0.00. New Chrysler shall satisfy all future obligations arising under the Contracts in accordance with the terms of the Contracts.

4. This Court shall retain jurisdiction to resolve all matters relating to the implementation, interpretation or enforcement of this Order.

Dated: New York, New York
      _____, 2010

      _____
      UNITED STATES BANKRUPTCY JUDGE

---

[2] Each of the Contracts includes any renewals, amendments, modifications, endorsements, addenda or supplements thereto or restatements thereof. The terms of the Contracts included in Schedule 1 are provided for convenience only and are not intended to modify, or to represent the Debtors' interpretation of or a Court determination regarding, the terms of either of the Contracts.

# **SCHEDULE 1**

## Schedule of Contracts to Be Assumed and Assigned to New Chrysler[1]

| No. | Description of Contract or Lease | Nondebtor Parties | Debtor Party | Term |
|---|---|---|---|---|
| 1. | Vehicle Dismantling, Sales and Scrap Agreement between LKQ Corporation and DaimlerChrysler Corporation, effective as of September 1, 2006. | LKQ Corporation<br>Attn: Legal Department<br>120 N. LaSalle Street #3300<br>Chicago, IL 60602 | Old Carco LLC (f/k/a Chrysler LLC), as successor to DaimlerChrysler Corporation | Five years from effective date |
| 2. | EDGE Tax Credit Agreement between the State of Illinois, acting by and through its Department of Commerce and Economic Opportunity, and DaimlerChrysler North America Holding Corporation on behalf of DaimlerChrysler Corporation, dated as of November 15, 2004. | Illinois Department of Commerce & Economic Opportunity<br>Attn: Dennis L. Gorss, Manager, EDGE Tax Credit Program<br>620 East Adams Street<br>Springfield, IL 62701<br><br>Illinois Department of Revenue<br>Attn: Mark Varner<br>Business Taxpayer Relations<br>101 W. Jefferson Street<br>Springfield, IL 62702 | Old Carco LLC (f/k/a Chrysler LLC), as successor to DaimlerChrysler Corporation | No more than ten years from the date the Project is Placed in Service, as such terms are defined in the EDGE Tax Credit Agreement |

---

[1] Each of the Contracts includes any renewals, amendments, modifications, endorsements, addenda or supplements thereto or restatements thereof. Copies of the Contracts are not attached hereto, but are available from the Debtors' counsel upon request, subject to any applicable confidentiality restrictions. The terms of the Contracts are provided for convenience only and are not intended to modify, or to represent the Debtors' interpretation of, the terms of either of the Contracts.