**COLE, SCHOTZ, MEISEL,**
**FORMAN & LEONARD, P.A.**
900 Third Avenue, 16th Floor
New York, New York 10022-4728
Tel: (212) 752-8000
Fax: (212) 751-8238
John H. Drucker, Esq.

-and-

**GERMAN RUBENSTEIN LLP**
19 West 44th Street, Suite 1500
New York, New York 10036
Steven J. German, Esq.
Joel M. Rubenstein, Esq.

*Attorneys for the Spears Plaintiffs*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| OLD CARCO LLC (f/k/a Chrysler LLC), *et al.*, | Case No. 09-50002 (AJG) Jointly Administered |
| Debtors. | |

**OBJECTION OF KIMBERLY SPEARS ET AL WITH RESERVATION OF RIGHTS TO THE APPROVAL OF THE DISCLOSURE STATEMENT WITH RESPECT TO THE JOINT PLAN OF LIQUIDATION FOR THE DEBTORS AND DEBTORS IN POSSESSION DATED DECEMBER 14, 2009**

Kimberly Spears, Kirk Hubert and Angela Norman, individually and as mother and natural guardian of Tanisha Norman, a minor, on behalf of themselves, and all others similarly situated, by and through their undersigned counsel, hereby submit this objection with reservation of rights (the "Objection") to the adequacy of the Disclosure Statement with respect to the Joint Plan of Liquidation for the Debtors and Debtors in Possession which were filed with this Court

on December 14, 2009 (docket Nos. 6078 and 6079, respectively), and as may be amended (the "Disclosure Statement" and " Plan," respectively) and respectfully state the following:

## BACKGROUND

1.  On April 30, 2009 (the "Petition Date"), Old Carco LLC (then known as Chrysler LLC) (the "Debtor") and certain related entities who are each co- debtors in the above captioned jointly administered cases (collectively with the Debtor, the "Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code (the "Chapter 11 cases"). The Debtors have continued in the possession of their property and control of their businesses as debtors in possession, pursuant to 11 U.S.C. § 1107 and 1108.

2.  On December 14, 2009, the Debtors filed the proposed Plan and Disclosure Statement, and are now seeking approval of the Disclosure Statement pursuant section 1125 of the Bankruptcy Code.

3.  Kimberly Spears, Kirk Hubert and Angela Norman, individually and as mother and natural guardian of Tanisha Norman, a minor, on behalf of themselves, and all others similarly situated, are the class representative for the plaintiffs in a putative class action lawsuit (the "Spears Plaintiffs") against the Debtor and certain non- debtor third parties, defined below as the Behr Defendants [1]. To the best of the Spears Plaintiffs' knowledge, the Behr Defendants are not affiliated with any of the Debtors. The lawsuit was filed in September of 2008 in the United States District Court for the Southern District of Ohio (the "Ohio District Court"), and captioned as *Spears et al. v. Chrysler et al.,* 03:08-cv-0331, (the "Ohio Action"). The Spears Plaintiffs commenced the Ohio Action as a result of ongoing contamination originating from a

---

[1] The non-Debtor third party defendants are Behr Dayton Thermal Products, LLC ("Behr Thermal Products"), Behr Dayton Thermal Plant, LLC ("Behr Thermal Plant") and Behr America, Inc. ("Behr America" and together with Behr Thermal Products and Behr Thermal Plant, the "Behr Defendants").

former Chrysler facility in Dayton, Ohio (the "Facility" or the "Site"). The Spears Plaintiffs' claims sound in trespass, nuisance, unjust enrichment, strict liability, negligence, negligence per se, battery, intentional fraudulent concealment, constructive fraud, negligent representation and civil conspiracy. The Behr Defendants are the current owners and operators of the Facility and may be held liable for the Spears Plaintiffs' injuries.

4. As of the Petition Date, the Ohio Action was in the class phase of discovery and, with respect to Debtors, is subject to the Automatic Stay imposed by section 362 of the Bankruptcy Code (the "Automatic Stay"). The Ohio Action has been administratively stayed by the Ohio District Court as to the Behr Defendants (the "Administrative Stay"). On December 31, 2009, the Spears Plaintiffs moved to lift the Administrative Stay as to the Behr Defendants in the Ohio Action, and that motion is pending.

5. On December 30, 2009, the Spears Plaintiffs filed a motion in this court for limited relief from the Automatic Stay and for related relief for the limited purpose of: (1) requiring Debtors to produce documents previously requested in discovery in connection with the Ohio Action; (2) requiring Debtors to produce any insurance policies relevant to the claims underlying the Ohio Action; and (3) requiring Debtors to preserve any relevant documents and information to prevent loss or destruction ("Spears Plaintiffs Lift Stay Motion"). [Doc. No. 6147]. The Spears Lift Stay Motion is scheduled to be heard on January 21, 2010 at 10:00 a.m.[2]

---

[2] Certain of the issues raised in this Objection are also addressed in the Spears Plaintiffs Lift Stay Motion. The attorneys for the Spears Plaintiffs and the attorneys for the Debtors are currently negotiating the terms of a stipulation in connection with the Spears Lift Stay Motion, which if finalized prior to the hearing on approval of the Disclosure Statement may resolve one or more of the objections asserted herein.

## SUMMARY OF OBJECTION

6. The Spears Plaintiffs are classified under the Plan as the holders of Class 3A general unsecured claims. The primary areas of concern to the Spears Plaintiffs are with respect to the inadequate disclosure concerning: (a) the Plan injunctions, including the basis for certain of the injunctions and to be able to determine whether they constitute disguised impermissible third party releases; (b) the existence of, and effect of the Plan on, any available insurance; and (c) what accommodations are being made for the preservation of documents currently in the possession or control of the Debtors and their professionals as concern the claims of creditors generally, and the Spears Plaintiffs specifically.

7. The Spears Plaintiffs submit that, in certain material respects, the Disclosure Statement does not contain sufficient information to enable a reasonable person to make an "informed judgment about the Plan." 11 U.S.C. § 1125. In most cases, the Disclosure Statement only repeats verbatim the language from the Plan. Merely repeating the language of the Plan in another document and calling it a disclosure statement is not sufficient. Furthermore, certain provisions of the Disclosure Statement and the Plan are vague, broad, ambiguous and/or omit material facts that may mislead holders of claims or interests from making an informed judgment about the Plan, and accordingly, require modifications to bring the Disclosure Statement into compliance with 11 U.S.C. § 1125(a) and to make the Plan confirmable under the Bankruptcy Code.

8. To the extent any objection, in whole or in part, contained herein is deemed to be an objection to confirmation of the Plan, the Spears Plaintiffs reserve their right to assert such objection, as well as other objections, in connection with and/or at the hearing on the

47895/0001-6245331v4

4

confirmation of the Plan. The Spears Plaintiffs also reserve the right to join in or adopt objections asserted by other parties in interest in this case.

## DISCLOSURE REQUIREMENTS

9. The "principle of disclosure" is recognized by the Second Circuit Court of Appeals "as being of prime importance in the reorganization process." *In re Momentum Manufacturing Corp.*, 25 F.3d 1132, 1136 (2d Cir. 1994); accord *In re Jeppson*, 66 B.R. 269, 291 (Bankr. D.Ut. 1986) ("The premise underlying chapter 11 is disclosure.").

10. A disclosure statement may be approved as adequate only if it contains "information of a kind, and in sufficient detail, as far as is reasonably practical in light of the nature and history of the debtor and the condition of the debtor's books and records, that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan." 11 U.S.C. § 1125(a). Courts have ample discretion to determine what constitutes adequate information. *In re Ionosphere Clubs, Inc*., 179 B.R. 24, 25 (Bankr. S.D.N.Y. 1995). Although adequacy is determined on a case-by-case basis under a fact-specific flexible standard, a disclosure statement must contain "simple and clear language delineating the consequences of the proposed plan on [creditors'] claims and the possible [Bankruptcy] Code alternatives so that [creditors] can intelligently accept or reject the Plan." *In re Copy Crafters Quickprint, Inc*., 92 B.R. 973, 981 (Bankr. N.D.N.Y. 1988).

## OBJECTIONS

11. <u>Plan Injunctions.</u> The language of the Plan and Disclosure Statement seeking the imposition of certain injunctions is vague, overly broad and /or ambiguous. The Debtors fail to adequately disclose or explain the need or basis for the proposed injunction provisions set forth

in Plan Article III. E.4.a.i (page 12). Rather than providing any explanation whatsoever, the Disclosure Statement at Article VI.J.4.a.i. (page 58) merely repeats verbatim the language from the Plan[3]. At the very least, an explanation needs to be provided as to the basis and purpose of the injunction provisions, particularly with respect to those terms of the injunction that extend beyond the release provisions of the Plan.[4]

12. The specific concern of the Spears Plaintiffs is that the injunction language of Plan Article III. E.4.a.i (page 12) and Disclosure Statement Article VI.J.4.a.i. (page 58) is not clear. It may, by inadvertence or design, enjoin (or may later be asserted as a basis to enjoin) the claims of the Spears Plaintiffs against the Behr Defendants, who are non-debtor third parties. If that is not the intention of the Debtors, then language needs to be included to that effect.[5] This was apparently a similar concern of those parties who negotiated the Plan, as they too appear to have required comfort language that the Plan release, injunction and exculpation language would not be utilized against them. See by example Plan Article III E. 5. e. and f (making it clear that "notwithstanding anything to the contrary in the Plan, nothing herein (including without

---

[3] In identical language, the Plan and Disclosure Statement provide for an injunction against: "Commencing, conducting or continuing in any manner, directly <u>or indirectly</u>, any suit, action or other proceeding of any kind against a Debtor, its Estate, the Liquidation Trust, Liquidation Trustee, or the Litigation Manager or the respective Assets or property of the foregoing, including the Liquidation Trust Assets."(emphasis added)

[4] The third party release provisions contained in Article III.E.4.b of the Plan (and repeated verbatim in Article VI.J.5.b. of the Disclosure Statement) do not appear to extend to the Behr Defendants and accordingly, the Spears Plaintiffs are not raising objections herein to such provisions.

[5] The following language should be added to the Plan as a new Article III. E. 5 g. (and to be similarly reflected in the Disclosure Statement): "Notwithstanding anything in the Plan to the contrary, nothing in the Plan, any amendment to the Plan, or in any order confirming the Plan, shall release, enjoin, preclude or otherwise affect in any way the prosecution of the claims asserted, or which may be asserted, against any non-Debtor in that certain lawsuit currently pending in the United States District Court for the Southern District of Ohio", and captioned as *Spears et al. v. Chrysler et al.,* 03:08-cv-0331, or the right of the plaintiffs in such litigation to (a) pursue further litigation, including without limitation appeals, against any non-Debtor defendants, or (b) to enter into or enforce any settlement or judgment with or against any non-Debtor defendant obtained relating thereto or in connection therewith."

limitation the releases , exculpations and injunctions provided for in sections III. E. 4, III.E.5 and III.E. 6) shall affect [the Sale Order or the Daimler Litigation]"). The Spears Plaintiffs are entitled to similar protective language with respect to the Ohio Action against third parties.

13. If the Debtors are attempting to enjoin the Spears Plaintiffs from proceeding against the Behr Defendants, then the Debtors are seeking to do indirectly, that which the Court of Appeals for the Second Circuit has prohibited.  Non consensual third party releases (whether in the form of releases or disguised as injunctions) are prohibited  in the absence of  any evidence that the case is one of the " rare cases" for which the court can make a "finding that truly unusual circumstances render the release terms important to success of the plan".  *See*, *Deutsch Bank A.G. v. Metromedia Fiber Network, Inc.*, (*In re Metromedia Fiber Network, Inc.*) 416 F.3d 136, 141-143(2nd Cir. 2005) ("*Metromedia*").

14. The case law in this Circuit is clear that third party releases are extraordinary, disfavored, rarely proper and may only be granted under "circumstances that may be characterized as unique." *Metromedia*, at 141-142; *SEC v. The Drexel Burnham Lambert Group, Inc.* (*In re The Drexel Burnham Lambert Group, Inc.*), 960 F.2d 285, 293 (2d Cir. 1992); *cert. dismissed*, 506 U.S. 1088 (1993*); See also, Class Five Nev. Claimants v. Dow Corning Corp. (In re Dow Corning Corp.)* 280 F.3d 648, 658 (6th Cir. 2002) ("enjoining a non-consenting creditor's claim is only appropriate in 'unusual circumstances'"). There is no opt-out mechanism with respect to the plan injunctions, and it doesn't matter whether one votes for or against the Plan, or whether a creditor votes at all.  See generally *In re Oneida Ltd.*, 351 B.R. 79, 95 (Bankr. S.D.N.Y. 2006) (allowing non-debtor releases where the creditors "affirmatively indicated their willingness to grant such releases by 'checking a box' on their Plan solicitation ballots."  To the extent this is not resolved in connection with the approval of the Disclosure Statement, or the

Court determines that this is an issue to be addressed in connection with confirmation, then it is respectfully submitted that language to the effect of the following should be included in the Disclosure Statement (with appropriate defined terms to be included in the Plan and /or Disclosure Statement for such purpose):

The Spears Plaintiffs have asserted that certain of the injunctions provided for in the Plan may constitute disguised impermissible third party releases, and have advised the Debtors that they dispute the legality of any provision of the Plan that purports to release any non-Debtor defendant in the Ohio Litigation, or enjoin the ability of such Plaintiff to pursue their claims against any non-Debtor defendant in the Ohio Litigation. The Debtors have agreed that such issues shall be addressed in connection with confirmation of the Plan and the rights of all parties to raise objections to any such issues, and to any other provision relating to confirmation, shall be reserved for consideration in connection with the Confirmation Hearing, unless previously resolved.

15. <u>Inadequate Disclosure Concerning Existence of Insurance</u>. The Debtors have failed to disclose whether there may be any available insurance against which any creditors, and specifically the Spears Plaintiffs, may seek a recovery on account of their claims. The Disclosure Statement fails to make any disclosure regarding the existence of available insurance, or even whether the Debtors have investigated and made a determination regarding the existence of any insurance. The availability of insurance may not only be a source of recovery for certain creditors, but may also result in the reduction or elimination of certain claims, thereby increasing the potential recovery of those creditors who may not have recourse to insurance proceeds. Thus, additional disclosure in this regard is necessary.

16. <u>Document Preservation</u>. The Debtors, who are admittedly liquidating and intending to turn over their assets to a Liquidating Trust, fail to disclose how any documents in their possession, or the possession of any of their outside professionals, will be maintained. Creditors, and specifically the Spears Plaintiffs, may require access to those documents to prove their claims against the Debtors and third parties. Disclosure should be made of whether and how

the Debtors intend to preserve and protect the books and records and other documents currently in their possession.

### STATEMENT THAT NO MEMORANDUM OF LAW IS NECESSARY

17. As no novel issue of law is raised by the within Objection and the relevant authorities relied upon by the Spears Plaintiffs are set forth herein, the Spears Plaintiffs respectfully requests that the Court waive the requirement set forth in L.B.R. 9013-1(b) for filing a separate memorandum of law.

### CONCLUSION

18. Based on the foregoing, the Spears Plaintiffs respectfully requests that an order be entered denying approval of the Disclosure Statement until the modifications set forth above are made and granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
January 14, 2010

By: */s/ John H. Drucker*
John Drucker, Esq.
Cole Schotz Meisel Forman and Leonard, P.A.
900 Third Avenue
New York, NY 10022

*Bankruptcy counsel for the Spears Plaintiffs*

Steven J. German, Esq.
Joel M. Rubenstein, Esq.
German Rubenstein LLP
19 West 44th Street, Suite 1500
New York, New York 10036

*Attorneys for the Spears Plaintiffs*

47895/0001-6245331v4

9