Richard J. Bernard
BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

-and-

Eric R. Goodman
BAKER & HOSTETLER LLP
3200 National City Center
1900 East 9th Street
Cleveland, Ohio 44114
Telephone: (216) 621-0200
Facsimile: (216) 696-0740

Counsel to Electronic Data Systems, LLC
dba HP Enterprise Services (f/k/a Electronic
Data Systems Corporation) and EDS Canada
Corp. (f/k/a EDS Canada, Inc.)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------- x
In re:                                                  :
                                                        :  Chapter 11 Case No.
OLD CARCO LLC (f/k/a Chrysler LLC),                    :
*et al.*,                                               :  09-50002 (AJG)
                                                        :
                    Debtors.                            :  (Jointly Administered)
                                                        :
------------------------------------------------------- x

**OBJECTION OF ELECTRONIC DATA SYSTEMS,
LLC DBA HP ENTERPRISE SERVICES (F/K/A ELECTRONIC
DATA SYSTEMS CORPORATION) AND EDS CANADA CORP. (F/K/A
EDS CANADA, INC.) TO DISCLOSURE STATEMENT WITH RESPECT TO THE
JOINT PLAN OF LIQUIDATION OF DEBTORS AND DEBTORS IN POSSESSION**

Electronic Data Systems, LLC dba HP Enterprise Services (f/k/a Electronic Data Systems

Corporation) ("**EDS**") and EDS Canada Corp. (f/k/a EDS Canada, Inc.) ("**EDSC**" and, together

with EDS, "**Electronic Data Systems**") hereby object to the proposed *Disclosure Statement with*

*Respect to the Joint Plan of Liquidation of Debtors and Debtors in Possession*, dated December 14, 2009 (Docket No. 6078) (the "**Disclosure Statement**")[1] filed by the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"). In support of this objection, Electronic Data Systems represents as follows:

## INTRODUCTION

1. Electronic Data Systems objects to the proposed Disclosure Statement on the grounds that the Disclosure Statement describes a plan of liquidation that is unconfirmable under sections 1129(a)(1), 362(c)(1), 362(c)(2) and 1141(d)(3) of the Bankruptcy Code. Specifically, Electronic Data Systems objects to the confirmation of the Debtors' proposed plan of liquidation to the extent that it seeks to enjoin the post-confirmation continuation of litigation by third parties against the Debtors, their estates or the Liquidation Trustee in the event that the Liquidation Trustee seeks to resume litigation commenced prepetition against such parties. Such an injunction is overly broad and inequitable and, in substance, amounts to an impermissible attempt to continue the automatic stay or obtain the benefits of a discharge injunction.

## BACKGROUND

*General Background*

2. On April 30, 2009 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. On June 10, 2009, the Debtors consummated the Fiat Transaction with New Chrysler pursuant to which the Debtors sold substantially all of their assets to a company formed by Fiat and funded by the U.S. and Canadian governments. Since the consummation of this sale, the Debtors have been engaged in the process of winding-down their affairs.

---

[1] Capitalized terms used but not otherwise defined in this Objection shall have the meanings given to them in the Disclosure Statement.

*Litigation with Electronic Data Systems*

3. Prior to the Petition Date, on June 12, 2008, EDS commenced the state court action captioned *Electronic Data Systems Corporation v. Chrysler, LLC f/k/a DaimlerChrysler Company LLC and f/k/a DaimlerChrysler Corporation*, Case No. 380-01529-2008, by filing a petition against Chrysler, LLC f/k/a DaimlerChrysler Company LLC and f/k/a DaimlerChrysler Corporation ("**Chrysler**") in the District Court of Collin County, Texas (the "**EDS Litigation**").

4. In the EDS Litigation, EDS claims damages in the amount of approximately $33,556,662.55 (US), plus attorneys' fees and pre-judgment and post-judgment interest (the "**EDS Claim**"). EDS sued Chrysler under a certain services agreement (the "**Services Agreement**") for maintenance, repair and operational goods and services. EDS duly invoiced Chrysler under the Services Agreement for inventory produced and delivered by EDS to Chrysler at its production facilities but Chrysler failed and refused to pay the monies owed. EDS asserts various claims against Chrysler, including, but not limited to, claims for breach of contract, unjust enrichment, specific performance and declaratory judgment. All claims asserted by EDS against Chrysler are based on state law causes of action.

5. On July 28, 2008, Chrysler filed *Chrysler's Original Answer, Original Counterclaims and Third-Party Claims, and Request for Disclosure* with the District Court of Collin County, Texas seeking, among other things, damages against EDS for breach of contract, fraud and bad faith (the "**Chrysler Counterclaim**"). On September 15, 2008, EDS filed its answer to the Chrysler Counterclaim. Thereafter, the parties commenced discovery, which discovery was stayed on the Petition Date pursuant to the automatic stay imposed by section 362(a) of the Bankruptcy Code.

*Electronic Data Systems Proofs of Claim*

6. On or about September 25, 2009, EDS filed a proof of claim against Chrysler in the amount of $33,582,662.55 (Claim No. 8254) (the "**EDS POC**"). EDS's Statement of Account for Chrysler, which identifies the unpaid invoices issued to Chrysler by EDS under the Services Agreement (totaling $33,556,662.55) for maintenance, repair and operational goods and services, is attached to the EDS POC as Exhibit A. In addition, EDS is owed approximately $26,000.00 for invoices dated September 12, 2008 and January 12, 2009 for services provided after the commencement of the EDS Litigation. Copies of these invoices are attached to the EDS POC as Exhibit B. As set forth in the Supplement to Proof of Claim included with the EDS POC, any amounts listed as unsecured claims on the front of the EDS POC are nonetheless secured to the extent of any setoff rights that may exist.

7. On or about September 28, 2009, EDSC filed a proof of claim against Chrysler in the amount of $8,981,096.37 (Claim No. 14027) (the "**EDSC POC**"). Of the $33,556,662.55 in claims asserted against Chrysler in the EDS Litigation, approximately $8,981,096.37 are attributable to maintenance, repair and operational goods and services provided to Chrysler by EDSC. The portion of EDS's Statement of Account for Chrysler attributable to the services and goods provided by EDSC, which Statement of Account identifies the unpaid invoices issued to Chrysler for EDSC goods and services, is attached to the EDSC POC as Exhibit A. As set forth in the Supplement to Proof of Claim included with the EDSC POC, any amounts listed as unsecured claims on the front of the EDSC POC are nonetheless secured to the extent of any setoff rights that may exist.

*The Debtors' Plan and Disclosure Statement*

8. On or about December 14, 2009, the Debtors filed their *Joint Plan of Liquidation of the Debtors and Debtors in Possession* (Docket No. 6077) (the "**Plan**"). On or about December 15, 2009, the Debtors filed their Disclosure Statement.

9. The Disclosure Statement and the Plan each contain an omnibus provision that generally provides that "the Liquidation Trust shall retain and the Liquidation Trustee may enforce any claims, demands, rights, defenses and causes of action that any Debtor or any Estate may hold against any entity . . . ." Disclosure Statement at Article VI.J.1; Plan at Article III.E.1. These provisions do not name Electronic Data Systems or state the factual bases for any reserved claims that the Liquidation Trust may seek to pursue against Electronic Data Systems, including the Chrysler Counterclaim. Nevertheless, Electronic Data Systems believes that the Debtors and the Liquidation Trustee are likely to assert that these provisions effectively transfer any claims that the Debtors may hold against Electronic Data Systems to the Liquidation Trust, including the Chrysler Counterclaim, which claims could then be pursued by the Liquidation Trustee.

10. In contrast to the general reservation of the Liquidation Trustee's ability to enforce causes of action that any Debtor may hold against any entity, the Disclosure Statement and the Plan seek to enjoin third parties from continuing litigation against the Debtors, their estates and the Liquidation Trust. The Disclosure Statement and Plan each provide:

> On the Effective Date, except as otherwise provided herein or in the Confirmation Order:
>
> a. All persons who have been, are or may be holders of Claims against or Interests in a Debtor shall be enjoined from taking any of the following actions against or affecting a Debtor, its Estate, the Liquidation Trust, the Liquidation Trustee or the Litigation Manager, or the respective Assets or property of the foregoing, including the Litigation Trust Assets, with respect to such Claims or Interests (other than actions brought to enforce any rights or

> obligations under the Plan, the Winddown Orders and appeal, if any, from the Confirmation Order):
>
> i. commencing, conducting or continuing any manner, directly or indirectly, any suit, action or other proceeding of any kind against a Debtor, its Estate, the Liquidation Trust, the Liquidation Trustee, or the Litigation Manager, or the respective Assets or property of the foregoing, including the Liquidation Trust Assets.

Disclosure Statement at Article VI.J.4; Plan at Article III.E.4. In substance, through the injunction set forth in Article VI.J.4 of the Disclosure Statement and Article III.E.4 of the Plan (the "**Injunction**"), the Debtors seek to extend the automatic stay imposed under section 362(a) of the Bankruptcy Code to the Liquidation Trust post-confirmation or obtain the benefits of a discharge injunction.

11. In sum, if the Plan is confirmed and the Injunction is approved, Electronic Data Systems arguably could be prohibited from pursuing the EDS Claim and continuing the EDS Litigation against Chrysler or the Liquidation Trust under any circumstances, including circumstances under which the Liquidation Trustee sought to pursue the Chrysler Counterclaim against Electronic Data Systems post-confirmation. While Electronic Data Systems understands that its likelihood of recovering anything on the EDS Claim is low given the economic reality of the Debtors' bankruptcy cases, there is no legal or equitable basis to issue the Injunction and enjoin Electronic Data Systems from pursuing its claims against the Debtors or the Liquidation Trust in the event that the Liquidation Trustee seeks to continue the EDS Litigation and pursue the Chrysler Counterclaim.

## **OBJECTION**

12. Electronic Data Systems objects to the proposed Disclosure Statement on the grounds that the Disclosure Statement describes a Plan that is unconfirmable under sections 1129(a)(1), 362(c)(1), 362(c)(2) and 1141(d)(3) of the Bankruptcy Code. *See* 11 U.S.C. §

13. Electronic Data Systems recognizes that objections to a plan of reorganization normally should not be considered until the plan confirmation hearing. Courts, however, recognize that approval of a disclosure statement should be denied if the underlying plan clearly is not confirmable. *See In re 266 Washington Assocs.*, 141 B.R. 275, 288 (Bankr. E.D.N.Y.), *aff'd*, 147 B.R. 827 (E.D.N.Y. 1992) ("A disclosure statement will not be approved where, as here, it describes a plan which is fatally flawed and thus incapable of confirmation.");[2] *see also In re Original IFPC Shareholders, Inc.*, 317 B.R. 738, 748 (Bankr. N.D. Ill. 2004) (stating that a plan is "facially unconfirmable" when the plan violates section 1141(d) of the Bankruptcy Code by granting a debtor a discharge to which it is not entitled).

14. Here, the Plan's attempt to enjoin claimants from engaging in post-confirmation litigation with the Liquidation Trust and the Liquidation Trustee where the Liquidation Trustee seeks to resume litigation commenced prepetition against such parties is so fatally flawed that approval of the Disclosure Statement should be denied. To permit the Debtors to pursue the confirmation of the Plan would be a wasteful exercise, merely causing delay and the dissipation of the estates' limited resources.

---

[2] *Accord In re Felicity Assocs., Inc.*, 197 B.R. 12, 14 (Bankr. D.R.I. 1996) ("It has become standard Chapter 11 practice that 'when an objection raises substantive plan issues that are normally addressed at confirmation, it is proper to consider and rule upon such issues prior to confirmation, where the proposed plan is arguably unconfirmable on its face.") (quoting *In re Main Road Props., Inc.*, 144 B.R. 217, 219 (Bankr. D.R.I. 1992)); *In re U.S. Brass Corp.*, 194 B.R. 420, 422 (Bankr. E.D. Tex. 1996) ("Disapproval of the adequacy of a disclosure statement may sometimes be appropriate where it describes a plan of reorganization which is so fatally flawed that confirmation is impossible."); *In re O'Leary*, 183 B.R. 338, 338-39 (Bankr. D. Mass. 1995) ("Courts may refuse to approve disclosure statements that describe plans that cannot be confirmed."); *In re Cardinal Congregate I*, 121 B.R. 760, 764 (Bankr. S.D. Ohio 1990) ("The Court believes that disapproval of the adequacy of a disclosure statement may sometimes be appropriate where it describes a plan of reorganization which is so fatally flawed that confirmation is impossible.").

### A. The Automatic Stay Does Not Apply to the Liquidation Trust or the Liquidation Trustee Post-Confirmation Because the Debtors Are Not Eligible for a Discharge

15. The automatic stay does not apply to the Liquidation Trust or the Liquidation Trustee post-confirmation under sections 362(c)(1), 362(c)(2) and 1141(d)(3) of the Bankruptcy Code. Assets, claims or causes of action that are transferred from a debtor's estate into a liquidation trust are no longer property of a debtor's estate and, thus, are no longer protected by the automatic stay imposed by section 362(a) of the Bankruptcy Code. *See* 11 U.S.C. § 362(c)(1) ("Except as provided in subsections (d), (e), (f), and (h) of this section — (1) the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate").

16. In addition, the automatic stay imposed by the filing of a debtor's chapter 11 case terminates in its entirety upon the confirmation of any plan of liquidation under which a debtor liquidates substantially all of its assets and ceases to engage in business because such a debtor is not eligible for a discharge under section 1141(d) of the Bankruptcy Code. *See* 11 U.S.C. § 363(c)(2) ("Except as provided in subsections (d), (e), (f), and (h) of this section — . . . (2) the stay of any other act under subsection (a) of this section continues until the earliest of — . . . (C) if the case is a case under . . . chapter 9, 11, 12, or 13 of this title, the time a discharge is granted or denied"); 11 U.S.C. § 1141(d)(3) ("The confirmation of a plan does not discharge a debtor if — (A) the plan provides for the liquidation of all or substantially all of the property of the estate; (B) the debtor does not engage in business after consummation of the plan; and (C) the debtor would be denied a discharge under section 727(a) of this title if the case were a case under chapter 7 of this title"); *see also Teamsters Pension Trust Fund of Philadelphia & Vicinity v. Malone Realty Co.*, 82 B.R. 346, 349 (E.D. Pa. 1988) (holding chapter 11 debtor was denied a discharge for purposes of section 362(c)(2) of the Bankruptcy Code at the moment its liquidating

17. Here, sections 362(a) and 1141(d) of the Bankruptcy Code cannot prevent Electronic Data Systems from continuing the EDS Litigation and pursuing the EDS Claim against Chrysler or the Liquidation Trust post-confirmation. To the extent that the Debtors' remaining assets, claims or causes of action are transferred to the Liquidation Trust under the Plan, the automatic stay no longer applies because such assets, claims and causes of action would no longer be property of the Debtors' estate. *See* 11 U.S.C. § 363(c)(1). In addition, the automatic stay imposed by the filing of the Debtors' cases will terminate upon the confirmation of any plan of liquidation under which the Debtors cease to engage in business, which has already occurred given the Fiat Transaction, because the Debtors are not eligible for a discharge under section 1141(d) of the Bankruptcy Code. *See* 11 U.S.C. § 363(c)(2); 11 U.S.C. § 1141(d)(3). Accordingly, there is no statutory basis to issue the Injunction and enjoin the EDS Litigation post-confirmation. The Debtors are not entitled to a discharge under section 1141(d) of the Bankruptcy Code, and the Debtors are not entitled to the continuation of the automatic stay pursuant to section 362(c) of the Bankruptcy Code.

18. Furthermore, to the extent that the Debtors sought to pursue the Chrysler Counterclaim *prior* to Plan confirmation, Electronic Data Systems believes that it would be entitled to relief from the automatic stay under the factors set forth in *Sonnax Industries., Inc. v. Tri Component Prods. Corp. (In re Sonnax Industries., Inc.)*, 907 F.2d 1280 (2d Cir. 1990), because the interests of judicial economy and the expeditious and economical resolution of the

**B. It Would Be Inequitable to Enjoin Electronic Data
Systems from Continuing the EDS Litigation in the Event that
the Liquidation Trustee Attempts to Pursue the Chrysler Counterclaim**

19. The economic reality of the Debtors' bankruptcy case is such that Electronic Data Systems has no real economic incentive to liquidate its claims against the Debtors until such time as it becomes clear whether there will be any recovery for unsecured creditors. For this reason, the Debtors are likely to assert that there are equitable grounds such that this Court can enjoin post-confirmation actions against the Debtors, their estates and the Liquidation Trust pursuant to section 105(a) of the Bankruptcy Code, notwithstanding the requirements of section 362(c) and 1141(d) of the Bankruptcy Code. Electronic Data Systems generally does not object to this general concept given the anticipated recovery to general unsecured creditors in the Debtors' cases and the challenges presented by the Daimler Litigation.

20. What the Debtors seek by the Injunction, however, goes well beyond what is necessary to permit the orderly liquidation of the Debtors' assets. The Debtors fundamentally seek to confirm a Plan under which they can litigate and pursue causes of action against third parties that, on account of the Injunction, are effectively prevented from defending themselves. This is inequitable. The EDS Claim and the Chrysler Counterclaim are state law claims that should be adjudicated, if at all, together as a part of a single judicial proceeding. If the Liquidation Trustee attempts to pursue the Chrysler Counterclaim against Electronic Data

**RESERVATION OF RIGHTS**

21. Electronic Data Systems reserves the right to assert other and further objections to the Disclosure Statement in its present form and as it may be amended, supplemented or modified. Electronic Data Systems further reserves the right to raise and file, through a subsequent filing, any and all objections to the confirmation of the Plan in its present form or as it may be amended, supplemented or modified. Nothing herein shall constitute a waiver of any rights, claims or defenses that Electronic Data Systems may now hold or hereinafter acquire with respect to any claims asserted by or on behalf of the Debtors, their estates or any Liquidation Trust against Electronic Data Systems.

**CONCLUSION**

22. For all of the foregoing reasons, Electronic Data Systems respectfully requests that the Disclosure Statement be disapproved as describing a Plan that is incapable of confirmation under section 1129 of the Bankruptcy Code.

Dated: New York, New York
January 15, 2010

Respectfully submitted,

*/s/ Richard J. Bernard*
Richard J. Bernard
BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
E-mail: rbernard@bakerlaw.com

-and-

Eric R. Goodman
BAKER & HOSTETLER LLP
3200 National City Center
1900 East 9th Street
Cleveland, Ohio 44114
Telephone: (216) 621-0200
Facsimile: (216) 696-0740
Email: egoodman@bakerlaw.com

Counsel to Electronic Data Systems, LLC dba HP Enterprise Services (f/k/a Electronic Data Systems Corporation) and EDS Canada Corp. (f/k/a EDS Canada, Inc.)

# CERTIFICATE OF SERVICE

I hereby certify that on January 15, 2010, a true and correct copy of the foregoing *Objection of Electronic Data Systems, LLC dba HP Enterprise Services (f/k/a Electronic Data Systems Corporation) and EDS Canada Corp. (f/k/a EDS Canada, Inc.) to Disclosure Statement with Respect to the Joint Plan of Liquidation of Debtors and Debtors in Possession* was forwarded via regular First Class U.S. Mail to the parties listed below and was electronically mailed to the parties registered or otherwise entitled to receive electronic notice in this case pursuant to the Electronic Filing Procedure in this District:

Old Carco LLC
Attn: Ronald E. Kolka
555 Chrysler Drive, Suite T1001
Auburn Hills, MI 48326

*The Debtors*

Jones Day
Attn: Corinne Ball, Esq. and
Veerle Roovers, Esq.
222 East 41st Street
New York, NY 10017

Jones Day
Attn: David Heiman, Esq. and
Carl E. Black, Esq.
901 Lakeside Avenue
Cleveland, OH 44114

Jones Day
Attn: Jeffrey B. Ellman, Esq.
1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309

*Counsel to the Debtors*

Office of the U.S. Trustee, S.D.N.Y.
Attn: Andrew D. Velez-Rivera, Esq.
33 Whitehall Street
21st Floor
New York, NY 10004

*U.S. Trustee*

Kramer Levin Naftalis & Frankel LLP
Attn: Thomas Moers Mayer, Esq. and
Adam C. Rogoff, Esq.
1177 Avenue of the Americas
New York, NY 10036

*Counsel to the Creditors' Committee*

| | |
|---|---|
| The United States Department of the Treasury<br>Attn: Chief Counsel Office of Financial Stability<br>1500 Pennsylvania Avenue, N.W.<br>Room 2312<br>Washington, DC 20220 | Cadwalader, Wickersham & Taft LLP<br>Attn: John J. Rapisardi, Esq.<br>One World Financial Center<br>New York , NY 10281<br><br>Cadwalader, Wickersham & Taft LLP<br>Attn: Douglas Mintz, Esq.<br>700 Sixth Street, N.W.<br>Washington, D.C. 20001 |
| *U.S. Department of Treasury* | *Counsel to U.S. Department of Treasury* |
| Export Development Canada<br>Attn: Loan Services & Asset Management/Covenant Officer<br>151 O'Connor Street<br>Ottawa, Ontario, Canada K1A 1K3 | Vedder Price P.C.<br>Attn: Michael J. Edelman, Esq.<br>1633 Broadway<br>47th Floor<br>New York, NY 10019 |
| *Export Development Canada* | *Counsel to Export Development Canada* |
| Simpson Thacher & Bartlett LLP<br>Attn: Peter V. Pantaleo, Esq.<br>425 Lexington Avenue<br>New York, NY 10017 | |
| *Counsel to the First Lien Agent* | |

 

                                                    /s/ Richard J. Bernard
                                                    Richard J. Bernard