UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
_____
                                              :
In re                                         :   Chapter 11
                                              :
OLD CARCO LLC, f/k/a                          :   Case No. 09 B 50002 (AJG)
CHRYSLER LLC, *et al*.,                       :
                                              :
                    Debtors.                  :   (Jointly Administered)
_____:

ORDER DENYING REJECTED DEALERS' MOTION FOR RECONSIDERATION OF THE
JUNE 9, 2009 REJECTION ORDER AND THE JUNE 19, 2009 REJECTION OPINION

On June 9, 2009, this Court issued an order (the "Rejection Order"), which authorized Old Carco LLC (f/k/a Chrysler LLC) and certain of its affiliates as debtors and debtors in possession (collectively with Old Carco LLC, the "Debtors") to reject executory contracts and unexpired leases with certain domestic dealers, and also granted related relief. On June 19, 2009, the Court issued a written Opinion (the "Opinion") in support of the relief granted in the Rejection Order. On December 25, 2009, certain of the dealers filed a motion and, thereafter, on January 15, 2010 filed an amended motion (as amended, the "Reconsideration Motion"),[1] pursuant to Federal Rules of Civil Procedure ("Rule") 60(b)(1) and 60(d)(3), seeking that the Court reconsider the Rejection Order and the Opinion. (All of the dealers who are proponents of the Reconsideration Motion are referred to collectively as the "Movants"). On January 15, 2010, the Debtors filed an objection to the Reconsideration Motion. Thereafter, on January 22, 2010, the Movants filed a response to the Debtors' objection.

For the reasons set forth in the Court's Opinion Denying Rejected Dealers' Motion for Reconsideration of the June 9, 1009 Order and the June 19, 2009 Rejection Opinion, the

---

[1]The amended motion sought the same relief as the original motion and was filed for the sole purpose of including certain additional dealers as proponents of the Reconsideration Motion. In addition, on January 20, 2010, an additional dealer filed a pleading to join in the Reconsideration Motion.

Reconsideration Motion should be denied in its entirety, therefore, it is hereby

Ordered, that the Movants' request for reconsideration, pursuant to Rule 60(b)(1), is denied as untimely; and it is further

Ordered, that, because the Movants' allegations do not rise to the level of "fraud on the court," the Movants' request for reconsideration, pursuant to Rule 60(d)(3), is denied; and it is further

Ordered, that the additional relief sought by the Movants in the Reconsideration Motion is denied.


Dated: New York, New York
February 5, 2010

**s/Arthur J. Gonzalez**
CHIEF UNITED STATES BANKRUPTCY JUDGE